BRIAN W. BOSCHEE, ESQ.
Nevada Bar No. 07612
bboschee@nevadafirm.com
JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
jboyle@nevadafirm.com
HOLLEY DRIGGS WALCH
FINE WRAY PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:  (702) 791-0308
Facsimile:  (702) 791-1912

Michael J. Rye*
mrye@cantorcolburn.com
Thomas J. Mango*
tmango@cantorcolburn.com
Nicholas A. Geiger*
ngeiger@cantorcolburn.com
Tasia E. Hansen*
thansen@cantorcolburn.com
CANTOR COLBURN LLP
20 Church Street, 22nd Floor
Hartford, CT 06103
860-286-2929 (phone)
860-286-0115 (fax)

*Pro Hac Vice Applications Forthcoming

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC AND ON DEMAND DIRECT RESPONSE III, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SHANA LEE MCCART-POLLAK D/B/A LOL BUDDIES ENTERPRISES, <br><br> Defendant. | Case No. <br><br><br><br><br><br> **COMPLAINT** <br><br> **(JURY DEMAND)** |

-1-

1   For its Complaint, Plaintiffs, On Demand Direct Response, LLC and On Demand Direct

2   Response III, LLC (collectively, "On Demand"), hereby allege as follows:

3   **INTRODUCTION**

4   On Demand is a leading direct response marketing company which has developed creative

5   and marketing relationships that enhance the opportunity for mass-market retail exploitation.  The

6   company has a carefully planned suite of market-ready products, including the product known as

7   "Cloud Pets" formerly known as the Telegram Teddy and then the Toy-Fi Teddy ("CloudPets

8   Product").  The CloudPets Product line consists of stuffed animals capable of sending and

9   receiving messages with distant users.  On Demand owns U.S. Trademark Registration No.

10  4749266 for the mark CLOUDPETS (the "CloudPets Mark").

11  On August 3, 2015, Defendant Shana Lee McCart-Pollak d/b/a LOL Buddies Enterprises

12  ("Defendant" or "Ms. McCart-Pollak") began a coordinated web and social media-based assault

13  on the CloudPets Mark, the CloudPets Product, and the reputation and goodwill accumulated by

14  On Demand.  Defendant's smear campaign includes false advertisements and false commercial

15  statements alleging that Defendant has intellectual property rights in her "Lots of Love Buddies"

16  idea and that On Demand had somehow colluded with a third party named Kevin Harrington

17  ("Mr. Harrington"), who Ms. McCart-Pollak claims she told about her Lots of Love Buddies

18  product idea at the Toy & Game Conference in Chicago on November 15-17, 2012, and had

19  "stolen" her Lots of Love Buddies product idea to make use and profit from her idea.

20  The public statements that Ms. McCart-Pollak has been spreading across the Internet are

21  literally false and/or misleading.  The CloudPets Product was developed and introduced to the

22  public prior to November 2012 by On Demand's licensor, Spiral Toys Inc. ("Spiral Toys").

23  Development began in 2011, and by early 2012, Spiral Toys had a fully working pre-production

24  unit.  On January 12, 2015, On Demand sublicensed its rights in the CloudPets Product to Jay

25  Franco & Sons, Inc. d/b/a Jay At Play ("Jay At Play").

26  Ms. McCart-Pollak's allegations and actions stating or suggesting that Mr. Harrington,

27  Spiral Toys, On Demand, and/or Jay At Play wrongfully took her ideas and/or products are

28  damaging the goodwill and reputation of On Demand, the CloudPets Mark, and the CloudPets

1  Product.  Accordingly, On Demand now seeks declaratory and injunctive relief and damages for

2  acts of false advertising, defamation, commercial disparagement, intentional interference with

3  existing and prospective business relationships, and violations of N.R.S. § 598.0915 by the

4  Defendants in violation of the laws of the United States and the State of Nevada.

5  <center>**THE PARTIES**</center>

6      1.      Plaintiff On Demand Direct Response LLC is a limited liability company organized

7  and existing under the laws of the Delaware, having a principal place of business at 14958 Ventura

8  Boulevard, Suite 104, Sherman Oaks, California 91403.

9      2.      Plaintiff On Demand Direct Response III, LLC, is a limited liability company

10 organized and existing under the laws of the Delaware, having a principal place of business at

11 14958 Ventura Boulevard, Suite 104, Sherman Oaks, California 91403.

12     3.      On information and belief, Defendant Shana Lee McCart-Pollak d/b/a LOL

13 Buddies Enterprisesis an individual residing at 224 Via Mezza Luna Court, Henderson, Nevada

14 89011.

15 <center>**JURISDICTION AND VENUE**</center>

16     4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

17 1331 because the action arises under the Lanham Act, 15 U.S.C. § 1501, *et seq.*, pursuant to 28

18 U.S.C. § 1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs,

19 and is between citizens of different states, and pursuant to 28 U.S.C. §§ 2201 and 2202 for

20 declaratory relief.

21     5.      This Court has jurisdiction over the state law and common law claims under the

22 doctrine of pendant jurisdiction.  The state and common law claims arise from or are substantially

23 related to the same acts giving rise to the federal claims.

24     6.      This Court has personal jurisdiction over Ms. McCart-Pollak, because, upon

25 information and belief, Ms. McCart-Pollak resides in and/or does business in this judicial district

26 and/or has committed acts within this judicial district giving rise to this action.

27     7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

28

<center>-3-</center>

1

# FACTUAL BACKGROUND

2 **On Demand and the CloudPets Product**

3      8.      On Demand is a direct response marketing company with multi-channel

4 capabilities (i.e., retail, home shopping, web, social media, catalogue, and global distribution),

5 with a focus on licensing existing products for infomercial production and television launch

6 internationally.

7      9.      On Demand has a selected series of unique products that cater to the mass-market

8 consumer including the CloudPets Product.

9      10.     On Demand's line of CloudPets products consists of web-enabled stuffed animals

10 developed by Mark D. Meyers, the CEO of On Demand's licensor, Spiral Toys Inc. ("Spiral

11 Toys") in September of 2011.

12      11.     Spiral Toys first introduced what was then known as the Telegram Teddy (a

13 predecessor to the current CloudPets line) at the New York Toy Fair in February 13th, 2012.

14      12.     On the basis of that showing, Spiral Toys won an award from Parenting Magazine

15 for the Telegram Teddy for one of the best new toys in February 2012. A true and correct copy of

16 the Parenting Magazine feature of the Telegram Teddy is attached hereto as Exhibit A.

17      13.     After the successful showing at the New York Toy Fair, Spiral spent March

18 through September 2012 negotiating with four toy companies—Cloud-B, Build-a-Bear Workshop,

19 Dragon-I Toys and Toys R Us—to find a partner to help bring its toy to market.

20      14.     Spiral Toys signed an agreement with Dragon-I Toys Ltd. ("Dragon-I Toys") and

21 renamed the product Toy-Fi Teddy.

22      15.     The Toy-Fi Teddy was shown at a number of trade shows over the years, including

23 the Dallas Toy Fair in October 2012.

24      16.     The Toy-Fi Teddy started shipping in April of 2014 and was in stores across the

25 United Kingdom and Australia in May 2014, and was launched in Canada and Japan by Toys-R-

26 Us in September 2014.

27      17.     In February of 2014, Dragon-I Toys introduced Spiral to On Demand as a potential

28 partner for the North American launch of the Toy-Fi Teddy product.

18.     Prior to launching in the United States, the product was rebranded as "CloudPets."

19.     On May 12, 2014, On Demand licensed all rights to the product known as the CloudPets Product formerly known as the Telegram Teddy and then the Toy-Fi Teddy from Spiral Toys and Dragon-I Toys (collectively, "Licensor").

20.     On Demand owns U.S. Trademark Registration No. 4749266 for the mark CLOUDPETS, filed on March 24, 2014, and registered on June 2, 2015, covering "Stuffed and plush dolls and toys; stuffed and plush toy animals; Electronic novelty toys, namely, toys that electronically record, play back, and distort or manipulate voices and sounds; electronic stuffed and plush dolls, animals and toys" in Class 28.  A true and correct copy of the printout from the United States Patent and Trademark Office's ("USPTO") Trademark Status & Document Retrieval ("TSDR") database for U.S. Trademark Registration No. 4749266 is attached hereto as Exhibit B.

21.     In June 2014, On Demand ran its first direct response campaign on television in the United States.

22.     On January 12, 2015, On Demand sublicensed its rights in the CloudPets Product to Jay At Play.

23.     On Demand, Spiral Toys, and Jay At Play have been and are currently in the process of initiating a multi-million unit retail launch of the CloudPets Product at retailers including, but not limited to, Wal-Mart, and are in the process of and intend to place the CloudPets Product onto store shelves in time for the 2015 holiday shopping season.

**Defendant's False and Disparaging Statements Concerning On Demand, the CloudPets Mark, and the CloudPets Product**

24.     On December 4, 2014, Ms. McCart-Pollak sent On Demand a letter claiming that On Demand is making use and profiting from her intellectual property known as "Lots of Love Buddies" ("Demand Letter").  A true and correct copy of the Demand Letter dated December 4, 2014 is attached hereto as Exhibit C.

25.     While Ms. McCart-Pollak alleged violations of her intellectual property rights in her letter, she did not provide any valid trademark registration numbers, patent numbers, and/or any documents to support her alleged rights.

26.     Instead, Ms. McCart-Pollak alleged that On Demand colluded with "As Seen on TV" after she allegedly communicated with Mr. Harrington about her Lots of Love Buddies idea at the Toy & Game Conference in Chicago on November 15-17, 2012.

27.     The Demand Letter further stated that On Demand's "collusion with As Seen on TV and its affiliates in producing, using, marketing, and/or selling the [CloudPets Product] unlicensed product is unlawful and actionable."

28.     Specifically, Ms. McCart-Pollak alleged On Demand would be liable under the Nevada state law claims of civil conspiracy, concert of action, fraud, misappropriation of trade secrets, and unjust enrichment.

29.     On January 12, 2015, the undersigned counsel responded to Ms. McCart-Pollak's Demand Letter stating that her allegations were false, wholly without merit and unsubstantiated. A true and correct copy of the January 12, 2015 letter is attached hereto as Exhibit D.

30.     In its response, On Demand stated the following:

    a.   On Demand is not affiliated with As Seen On TV, Inc.;

    b.   No employee or anyone affiliated with On Demand attended the Toy & Game Conference in Chicago on November 15-17, 2012;

    c.   No employee of or anyone affiliated with On Demand has ever met or communicated with Ms. McCart-Pollak;

    d.   Kevin Harrington is not employed by or affiliated with On Demand; and

    e.   No employee of or anyone affiliated with On Demand ever communicated with Mr. Harrington regarding Ms. McCart-Pollak's Lots of Love Buddies.

31.     Since that time, neither Ms. McCart-Pollak nor her counsel provided a response, valid patent numbers, and/or documents to substantiate Ms. McCart-Pollak's claims.

32.     On August 3, 2015, approximately seven months after the undersigned counsel sent the January 12, 2015 response, Ms. McCart-Pollak began a web and social media based smear campaign falsely accusing On Demand of essentially stealing her Lots of Love Buddies idea.

33.     For example, on her website http://www.lotsoflovebuddies.com, Defendant purports to own intellectual property rights in her Lots of Love Buddies idea, posting misleading statements alleging she has "Full U.S. and International Patent pending. (Please note this is not a provisional patent…this is a full patent)."

34.     This statement is false and/or misleading and implies that Defendant has patent rights in her Lots of Love Buddies idea and that On Demand is somehow infringing those rights.

35.     Defendant has not provided any patent numbers to support these statements and On Demand has conducted a search which has revealed no patent applications or issued patents in Ms. McCart-Pollak's name and/or having the title "Lots of Love Buddies."

36.     Further, according to the USPTO database, Ms. McCart-Pollak's U.S. Trademark Application Serial Nos. 85546140 for LOTS OF LOVE BUDDIES and 85546155 for LOL BUDDIES were both abandoned by the USPTO on December 11, 2012 because Ms. McCart-Pollak failed to respond to Office Actions.  A true and correct copy of the printouts from the USPTO's TSDR database for U.S. Trademark Application Serial Nos. 85546140 and 85546155 are attached hereto as Exhibit E and Exhibit F, respectively.

37.     Additionally, as part of her smear campaign, Ms. McCart-Pollak revamped her website, http://www.lotsoflovebuddies.com, to include countless repetitions of the claims made in her Demand Letter that Mr. Harrington stole her Lots of Love Buddies product idea after receiving her promotional materials on or about November 15-17, 2012.

38.     From there, the Defendant attempts to connect Mr. Harrington with the CloudPets product, asserting that Mr. Harrington stole Defendant's idea and provided it to Spiral Toys, who in turn used Defendant's materials to create the CloudPets Product.

39.     In furtherance of her smear campaign against On Demand, the CloudPets Mark, and the CloudPets Product, Defendant also began a targeted assault on social media, blanketing Facebook, Twitter, and Instagram with posts claiming that the idea was "stolen," that she has

twelve hundred pages of evidence, along with providing a link to the alleged evidence at Defendant's website, and a link to help fund a law suit on Gofundme.com (www.gofundme.com/a2g8qym8c).

      40.    Representative samples of Defendant's posts include:



**Figure 1; August 3 Facebook Post by Defendant**

-8-



Shana McCart Pollak
August 6 at 8:44am · Edited ·

PLEASE SHARE THIS ONE!!!
And BECAUSE of TECHNOLOGY ...
My Warriors who are on Operation to Save the American Dream are BLOWING UP social media!!! I Love technology!!! BUT ♥ I Love my WARRIORS ♥ even more! Forever grateful!!! Let's do this!!!

**Figure 2; August 6 Facebook Post by Defendant**

**Shana McCart Pollak**
August 6 at 10:57am · 

Please keep Sharing... The wildfire is spreading!!! People are listening!!!! No one deserves to have Their American Dream STOLEN by an original Shark on Shark Tank who was already worth hundreds and hundreds and hundreds and hundreds (okay you get my point) millions of dollars (his net worth in 2012 according to Forbes was 450 million dollars. When I pitched to him) BELIEVE ME THIS IS SPREADING... People are BECOMING AWARE!!! Please keep turning up the HEAT!!!! 🖤🖤🖤



**Figure 3; August 6 Facebook Post by Defendant**

**Shana McCart Pollak**
August 7 at 6:17am · 

I 🖤 This... This was what I woke up to in my Facebook feed this morning! WARRIORS let's give the WORLD something to talk about today! Let's make Kevin Harrington and CLOUDPETS regret that they stole The American Dream from a Mom of 3!!! www.lotsoflovebuddies.com THE TRUTH always WINS... Let's have the TRUTH echo the walls of Social Media today! So PLEASE continue to Like but more importantly hit that SHARE button!!! I 🖤 You WARRIORS!!!!


**Paula White**
Make it a point to make sure the enemy regrets ever messing with you! WIN FOR GOD! #Win

**Figure 4; August 7 Facebook Post by Defendant**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Lolbuddies** @ShanaLee1972 · Aug 6
.@gauravvarma #kevinharrington stole lotsoflovebuddies.com and sent it to #cloudpets maybe Gauri should contact Lotsoflovebuddies@yahoo.com

💬  🔁 1  ⭐ 1

**Lolbuddies** @ShanaLee1972 · Aug 6
.@TaraRRichter @TheAnthonyAmos @harringtonkevin u should probably come clean to your friends that u stole lotsoflovebuddies.com #Cloudpets

💬  🔁 1  ⭐ 1                                   View conversation

**Lolbuddies** @ShanaLee1972 · Aug 6
#STOY investors do your due diligence you are going to LOSE everything go to lotsoflovebuddies.com 100 pgs of evidence!

💬  🔁 1  ⭐ 2

**Lolbuddies** @ShanaLee1972 · Aug 6
#STOY are criminals... they stole #Cloudpets from lotsoflovebuddies.com 100 pages of evidence and her story!!!

💬  🔁 1  ⭐ 2

**Lolbuddies** @ShanaLee1972 · Aug 6
@michelle__ann talking about liars #Cloudpets stole this from lotsoflovebuddies.com 100 pgs of evidence and her story PLEASE RT and SHARE

💬  🔁 1  ⭐ 1                                   View conversation

**Lolbuddies** @ShanaLee1972 · Aug 6
.@bsaevitzon1 ignoring the situation is only going to make everyone louder! #Cloudpets stole lotsoflovebuddies.com go to website evidence

💬  🔁 1  ⭐ 1                                   View conversation

**Figure 5; Selected Twitter Posts by Defendant**

-11-



**Figure 6; Selected Twitter Posts by Defendant's Niece**

41.    Despite attempts to remove the false, misleading, and disparaging statements from the CloudPets Product Facebook page and other social media site, Defendant smear campaign continued to escalate to the point of harassment, including posts not only to CloudPets Facebook page and its "community" of Facebook followers, but also with posts made directly to third party bloggers that were blogging about CloudPets.

42.    The majority of these false, misleading and disparaging statements were directly made by Defendant and eight other individuals—who Defendant refers to as "warriors, each of whom appear to be related or otherwise associated with Defendant—that are also participating in Defendant's smear campaign across social media to disparage On Demand, the CloudPets Mark, and the CloudPets Product.

43.    The false, misleading and disparaging statements made by Defendant and her "warriors," all contain some variation of Defendant's claim that the CloudPets Product was based off of and stolen from her Lots of Love Buddies idea, and supported by hundreds of pages of alleged "proof" that can be found at the LOL Buddies website.

44.     In addition to these false, misleading and disparaging statements, Defendant also inundated the pages of the forty or so bloggers that had posted product reviews of the CloudPets Product, accusing the reviewers of promoting a "stolen" toy idea supported by hundreds of pages of alleged "proof."

**Harm Caused by Defendant's False Advertising Campaign**

45.     As a leading direct response marketing company, On Demand has developed a substantial reputation and goodwill for itself generally as well as for the CloudPets Mark and CloudPets Product specifically.  Defendant's false and/or misleading advertising campaign damages On Demand and CloudPets reputation and goodwill and/or will cause and/or has caused the loss of sales and sales opportunities.

46.     Through a significant investment of time, money, and resources, On Demand and its partners have developed a highly successful line of toys in the CloudPets Product.

47.     The damage caused by the Defendant's false and/or misleading advertising campaign to the reputation and goodwill of On Demand, the CloudPets Mark, and the CloudPets Product is likely to be substantial and irreparable, and will continue to grow unless the Defendant is permanently enjoined from continuing her false and misleading campaign.

48.     The Defendant's false advertising campaign intentionally misleads, confuses, and deceives consumers, through words and visual images, into believing that Defendant has intellectual property rights in her Lots of Love Buddies idea and that On Demand has colluded with Mr. Harrington to make use and profit from her idea.  These false and/or misleading statements will cause irreparable harm to On Demand if the Defendant is not permanently enjoined.

49.     If the Defendant is permitted to continue to publish such false, misleading and disparaging statements regarding the CloudPets Mark and CloudPets Product, the reputational and monetary damages to On Demand and its CloudPets Product will be substantial.  The Defendant's false advertising campaign has and will continue to irreparably tarnish the goodwill and reputation that On Demand has worked so hard to earn.

///

50.     Defendant's false, misleading and disparaging campaign against On Demand, the CloudPets Mark, and the CloudPets Product have interfered or will interfere with On Demand's business relationships with customers and distributors, including its plan to launch into large traditional retail channels such as Wal-Mart placing millions of the units of the CloudPets Product onto store shelves in time for the 2015 holiday shopping season.

51.     As a direct and proximate result of Defendant's false, misleading and disparaging campaign, On Demand will suffer irreparable harm, including serious financial loss, loss of business opportunities, damage to customer relationships, and damage to On Demand's reputation.

52.     As a direct and proximate result of Defendant's false, misleading and disparaging campaign, On Demand is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

53.     Upon information and belief, the foregoing actions of Defendant were undertaken willfully and wantonly, and with a conscious disregard for On Demand's rights.

54.     The foregoing acts have occurred in, or in a manner that has affected, interstate commerce.

<div align="center">

**COUNT I**
**FALSE AND MISLEADING ADVERTISING UNDER THE LANHAM ACT**

</div>

55.     On Demand incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein.

56.     Ms. McCart-Pollak's statements, and the inferences logically drawn from them, are false and misleading and misrepresent the origin of On Demand's CloudPets Product, falsely claiming that On Demand stole Ms. McCart-Pollak's Lots of Love Buddies idea.

57.     The false and misleading statements have deceived, and will continue to deceive, a substantial segment of On Demand's intended customers.

58.     The deception caused by Ms. McCart-Pollak's statements is material, and has influenced, and will continue to influence, the purchasing decisions of potential customers of On Demand's CloudPets Product.

///

59. Ms. McCart-Pollak has put her deceptive statements into interstate commerce.

60. Ms. McCart-Pollak's deceptive statements have injured, and will continue to injure, On Demand.

61. Ms. McCart-Pollak's deceptive statements have caused and will continue to cause On Demand to lose sales of its CloudPets Product, and to suffer additional damage.

62. Ms. McCart-Pollak's deceptive statements violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which prohibits Ms. McCart-Pollak from using false, misleading, or disparaging representations of fact that misrepresent the nature and origin of On Demand's CloudPets Mark and CloudPets Product.

## COUNT II
### FALSE AND MISLEADING ADVERTISING UNDER THE LANHAM ACT
#### (False and Misleading Allegations of Patent Infringement)

63. On Demand incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein.

64. Ms. McCart-Pollak's statements concerning her alleged intellectual property rights, and the inferences logically drawn from them, are false and misleading, and constitute false allegations of patent infringement against On Demand.

65. The false and misleading statements have deceived, and will continue to deceive, a substantial segment of On Demand's intended customers.

66. The deception caused by Ms. McCart-Pollak's statements is material, and has influenced, and will continue to influence, the purchasing decisions of potential customers of On Demand's CloudPets Product.

67. Ms. McCart-Pollak has put her deceptive statements into interstate commerce.

68. Ms. McCart-Pollak's deceptive statements have injured, and will continue to injure, On Demand.

69. Ms. McCart-Pollak's deceptive statements have caused and will continue to cause On Demand to lose sales of the CloudPets Product, and to suffer additional damage.

70.     Ms. McCart-Pollak's deceptive statements violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which prohibits Ms. McCart-Pollak from using false, misleading, or disparaging representations of fact that misrepresent the nature, characteristics, or qualities of On Demand's products.

## COUNT III
## COMMERCIAL DISPARAGEMENT

71.     On Demand incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein.

72.     Defendants' statements, and the inferences logically drawn from them, are false and misleading, and disparage On Demand, the CloudPets Mark, and the CloudPets Product.

73.     Upon information and belief, Ms. McCart-Pollak published the disparaging statements and inferences knowing that they were false or with reckless disregard as to their falsity, and distributed the false statements to one or more people.

74.     By publishing the disparaging statements, Ms. McCart-Pollak has caused and will continue to cause On Demand to lose sales of its CloudPets Product and other products.

75.     Ms. McCart-Pollak's disparaging statements and inferences have injured the reputation of On Demand, the CloudPets Mark, and the CloudPets Product and threaten irreparable injury to the reputation of On Demand, the CloudPets Mark, and the CloudPets Product.

## COUNT IV
## INTENTIONAL INTERFERENCE WITH EXISTING AND
## PROSPECTIVE BUSINESS RELATIONSHIPS

76.     On Demand incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein.

77.     On Demand has established business relationships with distributors and consumers of its unique products, including, for example, with retail outlets, home shopping networks, social media platforms, catalogues, and global distributors.   On Demand anticipates establishing additional such business relationships.

78.    On information and belief, Ms. McCart-Pollak was aware of On Demand's existing and prospective business relationships as described above.

79.    On information and belief, Ms. McCart-Pollak has published the false, misleading and/or disparaging statements with the intent to cause distributors and/or consumers of On Demand's products to stop buying On Demand's products and/or terminate their business relationships with On Demand.

80.    By publishing the false, misleading and/or disparaging statements, Ms. McCart-Pollak has interfered with On Demand's existing and prospective business relationships with distributors and/or consumers of On Demand's unique products, including the CloudPets Product.

81.    Ms. McCart-Pollak's interference with On Demand's existing and prospective business relationships was improper in motive and means.

82.    By reason of the foregoing, Ms. McCart-Pollak's improper actions have harmed and threaten future harm to On Demand.

## COUNT V
## DEFAMATION

83.    On Demand incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein.

84.    Ms. McCart-Pollak's statements, and the inferences logically drawn from them, are false and misleading, and defame On Demand.

85.    Upon information and belief, Ms. McCart-Pollak published the defamatory statements and inferences knowing that they were false or with reckless disregard as to their falsity, and distributed the false statements to one or more people.

86.    By publishing the defamatory statements, Ms. McCart-Pollak is causing On Demand to suffer damages, including but not limited to lost sales of On Demand's CloudPets Product.

87.    Ms. McCart-Pollak's defamatory statements and inferences have injured the reputation of On Demand and threaten irreparable injury to the reputation of On Demand.

///

## COUNT VI
### DECEPTIVE TRADE PRACTICES UNDER N.R.S. § 598.0915, *ET SEQ.*

88.     On Demand incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein.

89.     Ms. McCart-Pollak's acts as described above, constitute unfair and deceptive trade practices in violation of N.R.S. § 598.0915.

90.     As a result of the unfair and deceptive conduct of Ms. McCart-Pollak, On Demand sustained damages including but not limited to damage to its reputation, damage to its relationships with existing and prospective customers, and lost business opportunities.

91.     Ms. McCart-Pollak's wrongful conduct has been willful and intentional and will continue unless enjoined by the Court.

92.     Because of Ms. McCart-Pollak's wrongful conduct, On Demand is suffering and will continue to suffer immediate and irreparable harm for which there is no adequate remedy at law unless Ms. McCart-Pollak is enjoined.

## COUNT VII
### DECLARATORY JUDGMENT
### (No Civil Conspiracy)

93.     On Demand incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein.

94.     An actual controversy exists between Ms. McCart-Pollak and On Demand concerning Ms. McCart-Pollak's allegations that On Demand has colluded with Mr. Harrington and/or As Seen on TV, Inc. to make, use, and/or offer for sale Ms. McCart-Pollak's alleged intellectual property.

95.     Upon information and belief, Ms. McCart-Pollak does not possess any intellectual property rights in her Lots of Love Buddies idea.

96.     Upon information and belief, Ms. McCart-Pollak claims to have disclosed her Lots of Love Buddies idea to Mr. Harrington in or around November 2012 at a public trade show.

97.     Prior to August 2015, On Demand, its employees and/or agents, have never met or communicated in any way with Mr. Harrington.

98.     On Demand and its employees and/or agents, are in no way associated with or affiliated with the company As Seen on TV, Inc.

99.     Mr. Harrington never disclosed Ms. McCart-Pollak's Lots of Love Buddies idea to On Demand or to any person or entity with whom On Demand has done business concerning its CloudPets Product.

100.     On Demand developed and introduced its CloudPets Product to the public prior to Ms. McCart-Pollak's alleged communication with Mr. Harrington in or around November 2012.

101.     Thus, On Demand did not assist, encourage, or plan with Mr. Harrington and/or As Seen on TV, Inc. to make, use, and/or offer for sale Ms. McCart-Pollak's alleged intellectual property.

102.     On Demand has been injured by Ms. McCart-Pollak's allegations of civil conspiracy, including, but not limited to, financial loss, and loss of goodwill and reputation.

103.     Unless the relief requested by On Demand is granted, Ms. McCart-Pollak will continue to assert these unsubstantiated allegations and disparage On Demand, the CloudPets Mark, and the CloudPets Product.

**COUNT VIII**
**DECLARATORY JUDGMENT**
**(No Concert of Action)**

104.     On Demand incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein.

105.     An actual controversy exists between Ms. McCart-Pollak and On Demand concerning Ms. McCart-Pollak's allegations that On Demand has acted in concert with Mr. Harrington and As Seen on TV, Inc. to make, use, and/or offer for sale Ms. McCart-Pollak's alleged intellectual property.

106.     Upon information and belief, Ms. McCart-Pollak does not possess any intellectual property rights in her Lots of Love Buddies idea.

107.     Upon information and belief, Ms. McCart-Pollak claims to have disclosed her Lots of Love Buddies idea to Mr. Harrington in or around November 2012 at a public trade show.

1    108.   Prior to August 2015, On Demand, its employees and/or agents, have never met or
2 communicated in any way with Mr. Harrington.

3    109.   On Demand and its employees and/or agents, are in no way associated with or
4 affiliated with the company As Seen on TV, Inc.

5    110.   Mr. Harrington never disclosed Ms. McCart-Pollak's Lots of Love Buddies idea to
6 On Demand or to any person or entity with whom On Demand has done business concerning the
7 CloudPets Product.

8    111.   As stated above, On Demand developed and introduced its CloudPets Product to
9 the public prior to Ms. McCart-Pollak's alleged communication with Mr. Harrington in or around
10 November 2012.

11    112.   Thus, On Demand did not assist, encourage, or plan with Mr. Harrington and/or As
12 Seen on TV, Inc. to make, use, and/or offer for sale Ms. McCart-Pollak's alleged intellectual
13 property.

14    113.   On Demand has been injured by Ms. McCart-Pollak's allegations of civil
15 conspiracy, including, but not limited to financial loss, and loss of goodwill and reputation.

16    114.   Unless the relief requested by On Demand is granted, Ms. McCart-Pollak will
17 continue to assert these unsubstantiated allegations and disparage On Demand, the CloudPets
18 Mark, and the CloudPets Product.

19
20
<div align="center">

**COUNT IX**
**DECLARATORY JUDGMENT**
**(On Demand has not Committed Fraud)**
</div>

21    115.   On Demand incorporates by reference the allegations in each of the foregoing
22 paragraphs as if fully set forth herein.

23    116.   An actual controversy exists between Ms. McCart-Pollak and On Demand
24 concerning Ms. McCart-Pollak's allegations that On Demand committed fraud with Mr.
25 Harrington and As Seen on TV, Inc. to make, use, and/or offer for sale Ms. McCart-Pollak's
26 alleged intellectual property.

27
28

117.    Upon information and belief, Ms. McCart-Pollak does not possess any intellectual property rights in her Lots of Love Buddies idea.

118.    Upon information and belief, Ms. McCart-Pollak claims to have disclosed her Lots of Love Buddies idea to Mr. Harrington in or around November 2012 at a public trade show.

119.    Prior to August 2015, On Demand, its employees and/or agents, have never met or communicated in any way with Mr. Harrington.

120.    On Demand and its employees and/or agents, are in no way associated with or affiliated with the company As Seen on TV, Inc.

121.    Mr. Harrington never disclosed Ms. McCart-Pollak's Lots of Love Buddies idea to On Demand or to any person or entity with whom On Demand has done business concerning the CloudPets Product.

122.    As stated above, On Demand developed and introduced the CloudPets Product to the public prior to Ms. McCart-Pollak's alleged communication with Mr. Harrington in or around November 2012.

123.    Thus, On Demand did not assist, encourage, or plan with Mr. Harrington and/or As Seen on TV, Inc. to make, use, and/or offer for sale Ms. McCart-Pollak's alleged intellectual property.

124.    On Demand has been injured by Ms. McCart-Pollak's allegations of fraud, including, but not limited to financial loss, and loss of goodwill and reputation.

125.    Unless the relief requested by On Demand is granted, Ms. McCart-Pollak will continue to assert these unsubstantiated allegations and disparage On Demand, the CloudPets Mark, and the CloudPets Product.

## COUNT X
### DECLARATORY JUDGMENT
### (No Misappropriation of Trade Secrets)

126.    On Demand incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein.

127.  An actual controversy exists between Ms. McCart-Pollak and On Demand concerning Ms. McCart-Pollak's allegations that On Demand misappropriated her alleged trade secrets involving her Lots of Love Buddies idea.

128.  Upon information and belief, Ms. McCart-Pollak does not possess a valuable trade secret or any intellectual property rights in her Lots of Love Buddies idea.

129.  Upon information and belief, Ms. McCart-Pollak claims to have disclosed her Lots of Love Buddies idea to Mr. Harrington in or around November 2012 at a public trade show.

130.  Prior to August 2015, On Demand, its employees and/or agents, have never met or communicated in any way with Mr. Harrington.

131.  On Demand and its employees and/or agents, are in no way associated with or affiliated with the company As Seen on TV, Inc.

132.  Mr. Harrington never disclosed Ms. McCart-Pollak's Lots of Love Buddies idea to On Demand or to any person or entity with whom On Demand has done business concerning its CloudPets Product.

133.  As stated above, On Demand developed and introduced the CloudPets Product to the public prior to Ms. McCart-Pollak's alleged communication with Mr. Harrington in or around November 2012.

134.  Thus, On Demand did not misappropriate Ms. Pollack's alleged trade secret to make, use, and/or offer for sale Ms. McCart-Pollak's alleged intellectual property.

135.  On Demand has been injured by Ms. McCart-Pollak's allegations of trade secret misappropriation, including, but not limited to financial loss, and loss of goodwill and reputation.

136.  Unless the relief requested by On Demand is granted, Ms. McCart-Pollak will continue to assert these unsubstantiated allegations and disparage On Demand, the CloudPets Mark, and the CloudPets Product.

///

///

///

///

**COUNT XI**
**DECLARATORY JUDGMENT**
**(On Demand has not been Unjustly Enriched)**

137.   On Demand incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein.

138.   An actual controversy exists between Ms. McCart-Pollak and On Demand concerning Ms. McCart-Pollak's allegation that On Demand has benefited off the sales of the CloudPets Product to Ms. McCart-Pollak's detriment.

139.   Upon information and belief, Ms. McCart-Pollak does not possess any intellectual property rights in her Lots of Love Buddies idea.

140.   Upon information and belief, Ms. McCart-Pollak claims to have disclosed her Lots of Love Buddies idea to Mr. Harrington in or around November 2012 at a public trade show.

141.   Prior to August 2015,, On Demand, its employees and/or agents, have never met or communicated in any way with Mr. Harrington.

142.   On Demand and its employees and/or agents, are in no way associated with or affiliated with the company As Seen on TV, Inc.

143.   Mr. Harrington never disclosed Ms. McCart-Pollak's Lots of Love Buddies idea to On Demand or to any person or entity with whom On Demand has done business concerning the CloudPets Product.

144.   As stated above, On Demand developed and introduced the CloudPets Product to the public prior to Ms. McCart-Pollak's alleged communication with Mr. Harrington in or around November 2012.

145.   Thus, On Demand did not assist, encourage, or plan with Mr. Harrington and/or As Seen on TV, Inc. to make, use, and/or offer for sale Ms. McCart-Pollak's alleged intellectual property.

146.   On Demand has been injured by Ms. McCart-Pollak's allegations of unjust enrichment, including, but not limited to financial loss, and loss of goodwill and reputation.

**REQUEST FOR RELIEF**

WHEREFORE, On Demand respectfully requests that this Court:

-23-

A.   Enter judgment against the Ms. McCart-Pollak on all counts of the Complaint;

B.   Grant preliminary and permanent injunctive relief:

    i.   Enjoining Ms. McCart-Pollak and those acting in concert with her or under her direction or control from publishing further false, misleading, disparaging, and/or defamatory statements about On Demand, the CloudPets Mark, the CloudPets Product or that Spiral Toys, On Demand, Jay Franco & Sons, Inc. d/b/a Jay At Play, and/or Kevin Harrington stole Defendant's Lots of Love Buddies idea or product.

    ii.   Requiring Ms. McCart-Pollak to retract, recall and destroy all electronic and paper copies of the false, disparaging, and/or defamatory statements.

    iii.   Requiring Ms. McCart-Pollak to issue an explicit retraction, correction and apology for the false, misleading, disparaging, and/or defamatory statements and to ensure that the retraction, correction and apology are distributed to the same extent as the false, misleading, disparaging, and/or defamatory statements.

    iv.   Requiring Ms. McCart-Pollak to report to the Court and to On Demand the steps they have taken to comply with such injunction within fourteen (14) days of the issuance thereof.

C.   Declare that On Demand did not commit civil conspiracy or act in concert with Mr. Harrington and/or As Seen on TV, Inc. to make, use, and/or offer for sale Ms. McCart-Pollak's alleged intellectual property;

D.   Declare that On Demand did not commit fraud;

E.   Declare that Ms. McCart-Pollak does not have a valid trade secret in her Lots of Love Buddies idea;

F.   Declare that On Demand has not been unjustly enriched;

G.   Award On Demand damages in an amount to be determined at trial;

H.   Award On Demand enhanced damages as permitted by law;

I.   Award On Demand its reasonable attorneys' fees and the costs of this action; and

J.   Grant such other relief as the Court deems just and proper.

## JURY DEMAND

On Demand demands a jury trial on all issues triable by jury.

DATED this 17th day of August, 2015.

**HOLLEY DRIGGS WALCH
FINE WRAY PUZEY & THOMPSON**

*/s/ James D. Boyle*
Brian W. Boschee, Esq. (Bar No. 07612)
James D. Boyle, Esq. (Bar No. 08384)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:  (702) 791-0308
Facsimile:  (702) 791-1912

CANTOR COLBURN LLP

Michael J. Rye (pending *PHV* admission)
mrye@cantorcolburn.com
Thomas J. Mango (pending *PHV* admission)
tmango@cantorcolburn.com
Nicholas A. Geiger (pending *PHV* admission)
ngeiger@cantorcolburn.com
Tasia E. Hansen (pending *PHV* admission)
thansen@cantorcolburn.com
20 Church Street, 22nd Floor
Hartford, CT 06103
860-286-2929 (phone)
860-286-0115 (fax)

*Attorneys for Plaintiffs*