

1  Shana Lee McCart-Pollak
2  1900 Thunder Ridge Circle
   Henderson, Nevada 89012
3  (702) 439-2263
   Email: lotsoflovebuddies@yahoo.com
4  DEFENDANT IN PROPER PERSON

FILED ✓   RECEIVED
ENTERED      SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 30 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

5              **UNITED STATES DISTRICT COURT**

6                  **DISTRICT OF NEVADA**

7
   ON DEMAND DIRECT RESPONSE,LLC
8  AND ON DEMAND DIRECT RESPONSE
   III, LLC,
9                          Plaintiff(s),
                -vs-
10 SHANA LEE MCCART-POLLAK D/B/A
   LOL BUDDIES ENTERPRISES
11          Defendant
12 _____/

13 SHANA LEE MCCART-POLLAK
            Defendant/Counter Claimant
14
15              -vs-
16 ON DEMAND DIRECT RESPONSE LLC,
   Delaware company, ON DEMAND DIRECT
17 RESPONSE III LLC, Delaware Company
            Plaintiff/ Counter-Defendants
18 _____/

19 SHANA LEE MCCART-POLLAK
            Defendant/Third Party Plaintiff
20
21              -vs-
22 KEVIN HARRINGTON, individual; AS
   SEEN ON TV, INC, a Florida company;
23 SPIRAL TOYS LLC, a California company;
   MARK MEYERS, individual; DRAGON –I
24 TOYS LTD, a California company; JAY AT
   PLAY INTERNATIONAL, a New York
25 company; DIGITAL TARGET MARKETING,
   a Florida company; HUTTON MILLER, a
26 Florida Company; ECHO FACTRY, a
   California company; DOES I-X; ROE
27 BUSINESS ENTITIES I-X;
28          Third-Party Defendants

CASE NO.: 02:15-cv-01576-MMD-VCF

**ANSWER TO COMPLAINT, COUNTERCLAIM AND THIRD PARTY COMPLAINT**

-1-

## ANSWER TO COMPLAINT

Comes now the Defendant, Shana Lee McCart-Pollak, in proper person, and her answer to the Complaint on file herein, admit, deny and allege as follows:

## INTRODUCTION

Defendant, Shana Lee McCart-Pollak, generally denies all facts as stated by Plaintiff in their introduction.

## THE PARTIES

1. Answering Paragraph 1 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. Answering Paragraph 2 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragrapg 2 of the Complaint.

3. Answering Paragraph 3 of the Complaint, Shana Lee McCart-Pollak denies the allegations contained in paragraph 3.

## JURISDICTION AND VENUE

4. Answering Paragraph 4 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint.

5. Answering Paragraph 5 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 5.

6. Answering Paragraph 6 of the complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 6.

7. Answering Paragraph 7 of the complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 7.

## FACTUAL BACKGROUND

### On Demand and the CloudPets Product

8. Answering Paragraph 8 of the complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 8.

9. Answering Paragraph 9 of the complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 9.

10. Answering Paragraph 10 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 12.

13. Answering Paragraph 13 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 13

14. Answering Paragraph 14 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in

Paragraph 14

15. Answering Paragraph 15 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 17.

18. Answering Paragraph 18 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 18.

19. Answering Paragraph 19 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 20.

21. Answering Paragraph 21 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 21.

22. Answering Paragraph 22 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 22.

23. Answering Paragraph 23 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 23

## **Defendant's False and Disparaging Statements Concerning On Demand, the**

## **CloudPets Mark, and the CloudPets Product**

24. Answering Paragraph 24 of the Complaint, Shana Lee McCart-Pollak admits to these allegations contained in Paragraph 24.  However, Shana Lee McCart-Pollak denies that Exhibit C is true and correct.

25. Answering Paragraph 25 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 25.

26. Answering Paragraph 26 of the Complaint, Shana Lee McCart-Pollak admits to these allegations contained in Paragraph 26.

27. Answering Paragraph 27 of the Complaint, Shana Lee McCart-Pollak admits to these allegations contained in Paragraph 27.

28. Answering Paragraph 28of the Complaint, Shana Lee McCart-Pollak admits to these allegations contained in Paragraph 28.

29. Answering Paragraph 29 of the Complaint, Shana Lee McCart-Pollak admits to these allegations contained in Paragraph 29

30  a. Answering Paragraph 30a. of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 30a.

 b. Answering Paragraph 30b of the Complaint, Shana Lee McCart-Pollak admits the allegations in Paragraph 30b

 c. Answering Paragraph 34 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 34.

 d. Answering Paragraph 30d of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 30d.

e.  Answering Paragraph 30e of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 30e.

31.  Answering Paragraph 31 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 31.

32.  Answering Paragraph 32 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 32.

33. Answering Paragraph 33 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 33.

34. Answering Paragraph 34 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 34.

35.  Answering Paragraph 35 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 35.

36.  Answering Paragraph 36 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 36.

37.  Answering Paragraph 37 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 37.

38.  Answering Paragraph 38 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 38.

39.  Answering Paragraph 39 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 39.

40. (F1)  Answering Paragraph 41F1 of the Complaint, Shana Lee McCart- Pollak admits the allegations in Paragraph 41F1

(F2) Answering Paragraph 41F2 of the Complaint, Shana Lee McCart-

Pollak admits the allegations in Paragraph 41F2

(F3)  Answering Paragraph 41F3 of the Complaint, Shana Lee McCart-Pollak admits the allegations in Paragraph 41F3

(F4)  Answering Paragraph 41f4 of the Complaint, Shana Lee McCart-Pollak admits the allegations in Paragraph 41F4

(F5)  Answering Paragraph 41F5 of the Complaint, Shana Lee McCart-Pollak admits the allegations in Paragraph 41F5

(F6)  Answering Paragraph 41F6 of the Complaint, Shana Lee McCart-Pollak admits the allegations in Paragraph 41F6

41.  Answering Paragraph 41 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 41.

42.  Answering Paragraph 42 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 42.

43.  Answering Paragraph 43 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 43.

44.  Answering Paragraph 44 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 44.

### Harm Caused by Defendant's False Advertising Campaign

45.  Answering Paragraph 45 of the Complaint, Shana Lee McCart-Pollak denies the allegations contained in Paragraph 45.

46.  Answering Paragraph 46 of the Complaint, Shana Lee McCart-Pollak denies the allegations contained in Paragraph 46.

47.  Answering Paragraph 47 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 47.

48.  Answering Paragraph 48 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 48.

49. Answering Paragraph 49 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 49.

50. Answering Paragraph 50 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 50.

51. Answering Paragraph 51 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 51.

52. Answering Paragraph 52 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 52.

53. Answering Paragraph 53 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 53.

54. Answering Paragraph 54 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 54.

## COUNT I

## FALSE AND MISLEADING ADVERTISING UNDER THE LANHAM ACT

55. Answering Paragraph 53 of the Complaint, Shana Lee McCart-Pollak incorporates by reference the allegations and responses of Paragraphs 1-54 above.

56. Answering Paragraph 56 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 56.

57. Answering Paragraph 57 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 57.

58. Answering Paragraph 58 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 58

59. Answering Paragraph 59 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 59.

60. Answering Paragraph 60 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 60.

61. Answering Paragraph 61 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 61.

62. Answering Paragraph 62 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 62.

## COUNT II

### FALSE AND MISLEADING ADVERTISING UNDER THE LANHAM ACT

### (False and Misleading Allegations of Patent Infringement)

63. Answering Paragraph 63 of the Complaint, Shana Lee McCart-Pollak incorporates by reference the allegations and responses of Paragraphs 1-62 above.

64. Answering Paragraph 64 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 64.

65. Answering Paragraph 65 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 65.

66. Answering Paragraph 66 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 66.

67. Answering Paragraph 67 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 67.

68. Answering Paragraph 68 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 68.

69. Answering Paragraph 69 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 69.

70. Answering Paragraph 70 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 70.

## COUNT III

## COMMERCIAL DISPARAGEMENT

71. Answering Paragraph 71 of the Complaint, Shana Lee McCart-Pollak incorporates by reference the allegations and responses of Paragraphs 1-70 above.

72. Answering Paragraph 72 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 72.

73. Answering Paragraph 73 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 73.

74. Answering Paragraph 74 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 74.

75. Answering Paragraph 75 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 75.

## COUNT IV

## INTENTIONAL INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS

76. Answering Paragraph 76 of the Complaint, Shana Lee McCart-Pollak incorporates by reference the allegations and responses of Paragraphs 1-75 above.

77. Answering Paragraph 77of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 77.

78. Answering Paragraph 78of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 78.

79.  Answering Paragraph 79 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 79.

80.  Answering Paragraph 80 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 80

81.  Answering Paragraph 81of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 81.

82.  Answering Paragraph 82 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 82.

**COUNT V**

**DEFAMATION**

83.  Answering Paragraph 83 of the Complaint, Shana Lee McCart-Pollak incorporates by reference the allegations and responses of Paragraphs 1-82 above.

84.  Answering Paragraph 84 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 84.

85. Answering Paragraph 85 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 85.

86.  Answering Paragraph 86 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 86.

87.  Answering Paragraph 87 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 87.

**COUNT VI**

**DECEPTIVE TRADE PRACTICES UNDER N.R.S. 598.0915, ET SEQ**

88.  Answering Paragraph 88 of the Complaint, Shana Lee McCart-Pollak incorporates by reference the allegations and responses of Paragraphs 1-87 above.

89. Answering Paragraph 89 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 89.

90. Answering Paragraph 90 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 90.

91. Answering Paragraph 91 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 91.

92. Answering Paragraph 92 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 92.

## COUNT VII

## DECLARATORY JUDGMENT

## (No Civil Conspiracy)

93. Answering Paragraph 93 of the Complaint, Shana Lee McCart-Pollak incorporates by reference the allegations and responses of Paragraphs 1-92 above

94. Answering Paragraph 94 of the Complaint, Shana Lee McCart-Pollak admits to these allegations contained in Paragraph 94.

95. Answering Paragraph 95 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 95.

96. Answering Paragraph 96 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 96.

97. Answering Paragraph 97 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 97.

98. Answering Paragraph 98 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 98.

99. Answering Paragraph 99 of the Complaint, Shana Lee McCart-Pollak denies

the allegations in Paragraph 99.

100. Answering Paragraph 100 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 100.

101. Answering Paragraph 101 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 101.

102. Answering Paragraph 102 of the Complaint, Shana Lee McCart-Pollak denies the allegations contained in Paragraph 102.

103. Answering Paragraph 103 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 103.

## COUNT VIII

## DECLARATORY JUDGMENT

## (No Concert of Action)

104. Answering Paragraph 104 of the Complaint, Shana Lee McCart-Pollak incorporates by reference the allegations and responses of Paragraphs 1-103 above

105. Answering Paragraph 105 of the Complaint, Shana Lee McCart-Pollak admits to these allegations contained in Paragraph 105

106. Answering Paragraph 106 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 106.

107. Answering Paragraph 107 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 107.

108. Answering Paragraph 108 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 108.

109. Answering Paragraph 109 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 109.

110. Answering Paragraph 110 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 110.

111. Answering Paragraph 111 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 111.

112. Answering Paragraph 112 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 112.

113. Answering Paragraph 113 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 113.

114. Answering Paragraph 114 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 114.

## COUNT IX

## DECLARATORY JUDGMENT

## (On Demand has not committed Fraud)

115. Answering Paragraph 115 of the Complaint, Shana Lee McCart-Pollak incorporates by reference the allegations and responses of Paragraphs 1-114 above.

116. Answering Paragraph 116 of the Complaint, Shana Lee McCart-Pollak admits to these allegations contained in Paragraph 116

117. Answering Paragraph 117 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 117.

118. Answering Paragraph 118 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 118.

119. Answering Paragraph 119 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 119.

120. Answering Paragraph 120 of the Complaint, Shana Lee McCart-Pollak

denies the allegations in Paragraph 120.

121. Answering Paragraph 121 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 121.

122. Answering Paragraph 122 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 122.

123. Answering Paragraph 123 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 123.

124. Answering Paragraph of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 124.

125. Answering Paragraph 125 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 125.

## COUNT X

## DECLARATORY JUDGMENT

## (No Misappropriation of Trade Secrets)

126. Answering Paragraph 126 of the Complaint, Shana Lee McCart-Pollak incorporates by reference the allegations and responses of Paragraphs 1-125 above.

127. Answering Paragraph 127 of the Complaint, Shana Lee McCart-Pollak admits to these allegations contained in Paragraph 127

128. Answering Paragraph 128 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 128.

129. Answering Paragraph 129 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 129.

130. Answering Paragraph 130 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 130.

131. Answering Paragraph 131 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 131.

132. Answering Paragraph 132 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 132.

133. Answering Paragraph 133 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 133.

134. Answering Paragraph 134 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 134.

135. Answering Paragraph 135 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 135.

136. Answering Paragraph 136 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 136.

### COUNT XI

### DECLARATORY JUDGMENT

### (On Demand has not been Unjustly Enriched)

137. Answering Paragraph 137 of the Complaint, Shana Lee McCart-Pollak incorporates by reference the allegations and responses of Paragraphs 1-136 above.

138. Answering Paragraph 138 of the Complaint, Shana Lee McCart-Pollak admits to these allegations contained in Paragraph 138.

139. Answering Paragraph 139 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 139.

140. Answering Paragraph 140 of the Complaint, Shana Lee McCart-Pollak is without sufficient information to admit or deny the allegations contained in Paragraph 140.

141. Answering Paragraph 141 of the Complaint, Shana Lee McCart-Pollak

denies the allegations in Paragraph 141.

142. Answering Paragraph 142 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 142.

143. Answering Paragraph 143 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 143.

144. Answering Paragraph 144 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 144.

145. Answering Paragraph 145 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 145.

146. Answering Paragraph 146 of the Complaint, Shana Lee McCart-Pollak denies the allegations in Paragraph 146.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. Plaintiff's Complaint and each and every cause of action contained therein against Defendant fails to state causes of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations and Repose)

2. Plaintiff's claims, and each of them, are barred by the statute of limitations and repose set forth in Nevada law, other applicable statutory, and internal limitations periods set forth in any applicable policy of insurance.

### THIRD AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

3.    Plaintiff's claims, and each of them, are barred by the doctrines of res judicata and collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

### (Doctrine of Estoppel)

4.    Plaintiff, by statements, conduct, acts, omissions and acquiescense attributable to him/her is estopped from seeking and recovery or remedy as alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

5.    Plaintiff engaged in unreasonable delay in not seeking the recovery and remedies which are the subject of the Complaint, thereby causing undue prejudice to Defendant, so that relief is barred by the equitable doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

### (Doctrine of Unclean Hands)

6.    Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.    Plaintiff waived the claims and causes of action set forth in the Complaint, thus barring Plaintiff's right to recover.

## EIGHTH AFFIRMATIVE DEFENSE

### (Capacity and Standing)

8.  Any conduct, act and/or omissions complained of in the Complaint are barred because Plaintiff lacks standing and/or capacity to assert such claims.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.  Assuming Plaintiff suffered any alleged damage, any recovery should be barred or limited by the failure on the part of Plaintiff to minimize such damages.

## TENTH AFFIRMATIVE DEFENSE

### (Excused or Prevented Performance)

10. Plaintiff's claims are barred in whole or in part because performance was excused or prevented by the conduct, acts, and omissions of other parties, including but not limited to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Accord)

11. Plaintiff's claims, and each of them, are barred in whole or in part based on the doctrine of accord and satisfaction, novation, release and a settlement agreement.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mistake)

12. Plaintiff's claims, and each of them, are barred in whole or in part by the parties' mistake of fact.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

13.   Plaintiff's claims, and each of them, are barred in whole or in part because Plaintiff would be unjustly enriched if allowed to recover.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Negligence, Comparative Bad Faith and Fault)

14.   Upon information and belief, damages sustained by Plaintiff, if any, were either completely or partially caused and/or contributed to by Plaintiff's negligence, omissions, comparative bad faith, or other fault.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Rescission)

15.   Plaintiff's cases of action are barred by the doctrine of rescission.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Reimbursement, Offset, Contribution, Indemnity)

16.   Defendant is entitles to offset, contribution and/or indemnity, and its obligations to Plaintiff, if any, and which obligations Defendant expressly denies, are reduced because any and all obligations alleged in the Complaint are owed in whole or in part by other parties. Plaintiff's claims, and each of them, are barred or reduced due to payments by third parties and/or other defendants, and Defendant is entitled to an offset, contribution, and/or indemnity for such payments.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Ratification of Actions)

17.   Plaintiff's claims are barred in whole or in part because Plaintiff ratified and/or otherwise accepted Defendant's actions and or inactions.

## EIGTHTEENTH AFFIRMATIVE DEFENSE

### (NCRP 8 and FRCP 8)

18.   The defenses contained in Nevada Rules of Civil Procedure 8 and Federal Rules of Civil Procedure 8 are hereby incorporated by reference herein for the specific purpose of not waiving any such defenses.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reservation)

19.   Plaintiff has not pleaded their Complaint with sufficient particularity to allow Defendant to determine applicable affirmative defenses and so defendant shall seek leave of this Court to amend this answer to the Complaint to insert additional affirmative defenses when, and if, they same have been ascertained.

## COUNTERCLAIMS AND THIRD PARTY COMPLAINT

### COUNTERCLAIM

Comes now the Defendant / Counterclaimant, SHANA LEE MCCART-POLLAK, and her Counterclaims against ON DEMAND DIRECT RESPONSE LLC, ON DEMAND DIRECT RESPONSE III LLC  alleges and says:

### INTRODUCTION

Shana Lee McCart-Pollak came up with the concept for Lots of Love Buddies and proceeded to patent her idea.  Shana Lee McCart-Pollak then went to the Chicago Toy and Game Convention ("Chitag") to turn her dream into a reality.  Prior to Chitag

she designed a logo, brochures, business cards, domain names, a toll free number, trademarks, and designed a flash demo of the Lots of Love Buddies Concept.

Shana Lee McCart-Pollak while at Chitag had the opportunity to listen to Kevin Harrington the keynote speaker. Kevin Harrington during his speech touted the As Seen on TV industry and AsSeenOnTv.Com along with his book Act Now! How I turn Ideas Into Million Dollar Products.   That afternoon, Kevin Harrington proceeded to walk about the walk abouts listening to all of the attendee's pitches.  However, Shana Lee McCart-Pollak had a one on one meeting with a professional during this time and had to leave her table to attend the meeting.  When Shana Lee McCart-Pollak arrived back from the meeting Kevin Harrington was two tables past her display table.

The next morning, an attendee called Shana Lee McCart-Pollak to let her know that Kevin Harrington was at Chitag and that she should go down and pitch to him since she was not afforded that opportunity the day before like all of the other attendees. Shana Lee McCart-Pollak proceeded to get a cab and go to Chitag to find Kevin Harrington and pitch her idea of Lots of Love Buddies.  Shana Lee McCart-Pollak located Kevin Harrington and waited patiently for him to be finish. She then asked Kevin Harrington if she could pitch her idea to him.  He agreed and she proceeded to pitch her Lots of Love Buddies Concept.  Kevin Harrington asked if he could keep Shana Lee McCart-Pollak's brochure that she was holding and also asked if she had a business card.  Shana Lee McCart-Pollak explained that there was one in the brochure and that also the very last page of the brochure had all of her contact information.  She then opened up the brochure to show him the business card and  briefly ran through the contents that were in her Lots of Love Buddies brochure...a child's perception of  LOL Buddies, Lots of Love Buddies presentation  (that Shana Lee McCart-Pollak had just verbally pitched), another diagram of a simpler smaller version of an LOL Buddy which clipped to a backpack, the LOL Buddies IP Coverage and Value Proposition Overview

which she explained was a plain English version of her patent from her patent lawyer, along with a letter from her patent lawyer stating Shana Lee McCart-Pollak and her Lots of Love Buddies was U.S. and Internationally Full Utility Patent Pending, also a few drawings  for example a ferris wheel with other Lots of Love Buddies (animals)  riding with the words coming soon and drawings from her daughters and then the contact page.    Shana Lee McCart-Pollak then closed and handed Kevin Harrington her brochure, thanked him for giving her the opportunity to pitch to him her Lots of Love Buddies Concept and IP and they parted ways.

On or about June 12, 2014 Shana Lee McCart-Pollak's daughter, Shaylee Pollak, saw a commercial for CloudPets on television.  Shaylee ran out to the garage where Shana Lee McCart-Pollak was leaving telling her that her Lots of Love Buddies idea was on tv.  Shana Lee McCart-Pollak instructed her daughter to write down the website or the telephone number and she would look at it when she got back.  Shaylee Pollak adamantly insisted that her Mom come back in so she could rewind the commercial. Shana Lee McCart-Pollak reluctantly went back in side, where Shaylee proceeded to rewind the CloudPet commercial. Shana Lee McCart-Pollak witnessed her exact Lots of Love Buddies concept and IP being marketed and sold in the commercial (infomercial). Shana Lee McCart-Pollak immediately contacted her Patent Lawyer to apprise him of what she had just seen.

Upon information and belief, Kevin Harrington shared information in regards with Shana Lee McCart's brochure containing her Concept IP and Marketing materials with and/or On Demand Direct Response LLC, On Demand Direct Response III, LLC, As Seen on Tv, Inc., Spiral Toys LLC, Mark Meyers, Dragon-I Toys LLC, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory and together they took the idea to market.

## PARTIES

1. Counterclaimant / Third Party Plaintiff Shana Lee McCart-Pollak is an individual who resides in Clark County Nevada.

2. On information and belief, Counter Defendant, On Demand Direct Response LLC is a limited liability company organized and existing under the laws of Deleware, having a principal place of business at 14958 Ventura Boulevard, Suite 104, Sherman Oaks, California

3. On information and belief, Counter Defendant, On Demand Direct Response III, LLC is a limited liability company organized and existing under the laws of Deleware.

   (see Third Party Defendants under Third Party Complaint section)

## JURISDICTION

This court has subject matter jurisdiction over this action and venue in this judicial district is proper.

## FACTUAL BACKGROUND

4. Lots of Love Buddies and LOL Buddies are synonymous with each other. LOL Buddies is the Acronym to (Lots of Love) Buddies.

5. Shana Lee McCart-Pollak retained a patent lawyer prior to the Chicago Toy and Game Convention (Chitag) in 2012

6. Shana Lee McCart-Pollak obtained domain names, trademarks, toll free number prior to Chitag in 2012

7. Shana Lee McCart-Pollak created a flash demo, a logo, business cards, and brochures prior to Chitag in 2012

8. Shana Lee McCart-Pollak Shana Lee McCart-Pollak  on or about November 15, 2012 Filed for a Full Utility Patent. (In the United States and Internationally)

9. Shana Lee McCart-Pollak went to Chitag To meet with toy professionals and be able to pursue her dream of making Lots of love Buddies a reality.

10. Shana Lee McCart- Pollak on or about November 16, 2012 listened to Kevin Harrington give the Keynote Speech at the conference. Where he touted As seen on Tv, and his book <u>Act Now! How I Turn Ideas Into Million Dollar Products</u>

11. Shana Lee McCart- Pollak on or about November 16, 2012 missed her opportunity to pitch to Kevin Harrington as he walked around the walk-about tables listening to all of the attendees pitches since she had a one on one meeting with a professional

12. Shana Lee McCart-Pollak on or about November 17, 2012 received a phone message from another attendee at the convention telling her that he had gone to the convention and found Kevin Harrington

13. Shana Lee McCart-Pollak was urged by attendee to go to the convention since she missed the opportunity the day before (which was afforded to all of the attendees)

14. Shana Lee McCart-Pollak located  Kevin Harrington in a booth and waited patiently for him to finish.

15. Shana Lee McCart-Pollak approached Kevin Harrington and asked him if she could pitch her Lots of Love Buddies concept to him.

16. Kevin Harrington agreed and Shana Lee McCart-Pollak proceeded to pitch her Lots of Love Buddies Concept.

17. Kevin Harrington asked if he could keep Shana Lee McCart-Pollak's brochure that she had in her hand and also asked her if she had a business card. Shana Lee McCart-Pollak explained there was a business card in the brochure and the last page also had all of her contact information.

18. Shana Lee McCart-Pollak opened the brochure to show the business card and briefly flipped through explaining the contents in her brochure... a child's perception of LOL Buddies, her presentation (that Shana Lee McCart-Pollak had just verbally pitched), another diagram of a simpler smaller version of an LOL Buddy which clipped to a backpack, the LOL Buddies IP Coverage and Value Proposition Overview which she explained was a plain English version of her patent from her patent lawyer, along with a letter from her patent lawyer stating Shana Lee McCart-Pollak and her Lots of Love Buddies was U.S. and Internationally Full Utility Patent Pending, aand a few drawings one of a ferris wheel with Lots of Love Buddies riding it with the words Coming Soon, a few drawings from her daughter and lastly the contact page.

19. Shana Lee McCart-Pollak then closed the brochure and handed the brochure to Kevin Harrington. Shana Lee McCart-Pollak then thanked him for giving her the opportunity to pitch her Lots of Love Buddies concept and IP to him and they parted ways.

20. On or about  June 12, 2014 Shana Lee McCart-Pollak's daughter Shaylee Pollak was watching TV and saw a CloudPets commercial.

21. .Shaylee Pollak ran out to the garage where Shana Lee McCart-Pollak was leaving and exclaimed that Lots of Love Buddies was on a commercial. Shana Lee McCart-Pollak told her daughter to write down the information and she would look into it later.

22. Shaylee Pollak was very adamant that her mother Shana Lee McCart-Pollak come back inside so she could rewind the commercial.

23. Shana Lee McCart-Pollak ended up giving into her daughter and walked back inside where Shaylee proceeded to rewind the commercial and show her mom the CloudPets Commercial.

24. Shana Lee McCart-Pollak witnessed her exact Lots of Love Buddies concept and IP being marketed and sold in the commercial (infomercial).

25. Shana Lee McCart-Pollak immediately contacted her Patent Lawyer to apprise him off what she had just seen.

26. Shana Lee McCart-Pollak then began researching CloudPets and learned about Toy-Fi Teddy being released overseas.

27. The CloudPets in the U.S. in June 2014 were only being sold on an infomercial.

28. Shana Lee McCart- Pollak and/or friends and family proceeded to purchase over the next year multiple Toy-Fi Teddies and CloudPets.

29. Upon information and belief, Kevin Harrington shared information in regards with Shana Lee McCart's brochure containing her Concept IP and Marketing materials with and/or On Demand Direct Response LLC, On Demand Direct Response III, LLC, As Seen on Tv, Inc., Spiral Toys LLC, Mark Meyers, Dragon-I Toys LLC, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory and together they took the idea to market.

## COUNTERCLAIMS

## COUNT I

## (Civil Conspiracy)

30. Shana Lee McCart-Pollak incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein

31. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC colluded with Kevin Harrington and/or As Seen on TV, Inc., Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play International, Digital Target Marketing, Hutton Miller,

and Echo Factory after Shana Lee McCart-Pollak disclosed her Lots of Love Buddies to Kevin Harrington constituting civil conspiracy.

32. Upon information and belief, Kevin Harrington shared information in regards with Shana Lee McCart's brochure containing her Concept IP and Marketing materials with and/or On Demand Direct Response LLC, On Demand Direct Response III, LLC, As Seen on Tv, Inc., Spiral Toys LLC, Mark Meyers, Dragon-I Toys LLC, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory and together took the idea to market constituting civil conspiracy.

33. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC in collusion with Spiral Toys LLC then proceeded to trademark the name CloudPets, taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting civil conspiracy.

34. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III,LLC then proceeded to sign an agreement with Spiral Toys LLC and Dragon-I Toys Ltd to distribute CloudPets in the United States , taking an affirmative act in furtherance of the unlawful objective in selling, marketing, and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting civil conspiracy.

35. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC then proceeded to run a direct response campaign along with Spiral Toys LLC on television in the United States taking an affirmative act in the furtherance of the unlawful objective of marketing, selling and making use of Shana Lee McCart-Pollaks Lots of Love Buddies constituting civil conspiracy.

36. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC then proceeded to sublicense its rights in the Cloudpets product to Jay at Play International to fund a on or about 9.6 million dollar marketing campaign and distribute the Cloudpet product taking yet another affirmative act in the furtherance of the unlawful objective of marketing, selling and use of Shana Lee McCart-Pollaks Lots of Love Buddies constituting civil conspiracy.

37. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC along with Kevin Harrington and/or As Seen on TV, Inc. Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play International, Digital Target Marketing, Hutton Miller and Echo Factory violated under Nevada Law, civil conspiracy which occurs when two or more people agree to accomplish unlawful objective and take an affirmative act in furtherance of that unlawful objective with the purpose of harming the individual and do so. Boorman v Nev. Memorial Cremation Society, Inc. 772 F.2d. 1309 (D. NEV. 2011). Without question this is a clear cut prima facie case of civil conspiracy.

38. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III LLC and/or Kevin Harrington, As Seen on Tv, Inc, Spiral Toys LLC formerly Rocap Marketing,, Mark Meyers, Dragon-I Toys Ltd, Jay At Play Int'l, Digital Target Marketing, Hutton Miller and Echo Factory Committed civil conspiracy by (1) In association of two or more persons (2) Who intended to accomplish an unlawful objective (3) in agreement, underdstanding, or "meeting of the minds" regarding the objective and the means of pursuing it (whether explicit or tacit) (4) commission of a unlawful act in furtherance of the agreement (5) acted with a purpose of harming

Shana Lee McCart Pollak.

39. Shana Lee McCart-Pollak has been damaged by On Demand Direct Response   III, LLC along with Kevin Harrington and/or As Seen on TV,  Inc. Spiral Toys LLC  formerly Rocap Marketing, Mark   Meyers, Dragon-I Toys Ltd, Jay at Play International, Digital Target Marketing, Hutton Miller and Echo Factory in excess of  $10,000.00 due to the acts of civil conspiracy.

### <u>Count II</u>

### <u>(Concert of Action)</u>

40. Shana Lee McCart-Pollak incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein

41. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC colluded with Kevin Harrington and/or As Seen on TV, Inc., Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play International, Digital Target Marketing, Hutton Miller, and Echo Factory after Shana Lee McCart-Pollak disclosed her Lots of Love Buddies to Kevin Harrington is a tort of concert of action.

42. Upon information and belief, Kevin Harrington shared information in regards with Shana Lee McCart's brochure containing her Concept IP and Marketing materials with and/or On Demand Direct Response LLC, On Demand Direct Response III, LLC, As Seen on Tv, Inc., Spiral Toys LLC, Mark Meyers, Dragon-I Toys LLC, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory and together took the idea to market is a tort of concert of action.

43. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC then trademarked the name CloudPets, taking an affirmative act in furtherance of the unlawful objective in accordance with civil

conspiracy stated above in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action

44. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to run a direct response campaign on television in the United States taking an affirmative action in the furtherance of the unlawful objective in accordance with civil conspiracy stated above in the selling , marketing and making use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action.

45. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Spiral Toys LLC and Dragon-I Toys Ltd to manufacture and distribute CloudPets taking an affirmative act in furtherance of the unlawful objective in accordance with the civil conspiracy stated above in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action..

46. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC then proceeded to distribute and sublicense CloudPets to Jay at Play International who funded an on or about 9.6 million dollar marketing campaign and distributed CloudPets taking an affirmative act in furtherance of the unlawful objective in accordance with civil conspiracy stated above in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action.

47. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC along with Kevin Harrington and/or As Seen on TV, Inc. Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play Int'l, Digital Target Marketing, Hutton Miller and Echo

Factory  violated under Nevada Law, concert of action. The Nevada

Supreme Court also recognizes the tort of concert of action. Indeed,

liability attaches for the tort when two people commit a tort while "acting in

concert with one another or pursuant to a common design." **GES, Inc v Nev.**

**Corbitt**, 117 Nev.265,21 P.3d 11 (2001).  Again, in accordance with civil

conspiracy stated above, the selling, marketing, development and use of

Shana Lee McCart-Pollak's Lots of Love Buddies clearly violates a tort of

concert of action.

48. Upon information and belief,On Demand Direct Response LLC, On Demand

Direct Response III LLC and/or Kevin Harrington, As Seen on Tv, Inc, Spiral

Toys LLC formerly Rocap Marketing,, Mark Meyers, Dragon-I Toys Ltd, Jay

At Play Int'l, Digital Target Marketing, Hutton Miller and Echo Factory

Committed a tort of concert of action  by (1) The Nevada Supreme Court

recognizes that the tort of concert of action closely resembles that of civil

conspiracy. (2) Liability attaches for the tort of concert of action when two

people commit a tort while "acting in concert with one another or pursuant to

a common design." (Proof of an agreement alone is sufficient, as the

conduct of each tort feasor must in itself be tortuous.) (3) Another court

stated concert of action application "is largely confined to isolated acts of

adolescents in rural society."

49. Shana Lee McCart-Pollak has been damaged  by On Demand Direct

Response  III, LLC along with Kevin Harrington and/or As Seen on TV,  Inc.

Spiral Toys  formerly Rocap Marketing, Mark  Meyers,  Dragon-i Toys, Jay at

Play, Digital Target Marketing, Hutton Miller and Echo Factory in excess of

$10,000.00 due to tort of concert of action.

**COUNT III**

**(Fraud)**

50. Shana Lee McCart-Pollak incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein

51. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC colluded with Kevin Harrington and/or As Seen on TV, Inc., Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-IToys Ltd, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory after Shana Lee McCart-Pollak disclosed her Lots of Love Buddies to Kevin Harrington committing fraud.

52. Upon information and belief, Kevin Harrington shared information in regards with Shana Lee McCart's brochure containing her Concept IP and Marketing materials with and/or On Demand Direct Response LLC, On Demand Direct Response III, LLC, As Seen on Tv, Inc., Spiral Toys LLC, Mark Meyers, Dragon-I Toys LLC, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory and together took the idea to market committing fraud.

53. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC in collusion with Spiral Toys LLC then trademarked the name CloudPets, taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

54. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Spiral Toys LLC and Dragon-I Toys Ltd to distribute CloudPets in the United States, taking an affirmative act in furtherance of the unlawful objective in selling, marketing, and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

55. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III LLC in collusion with Spiral Toys LLC then proceeded to run a direct response campaign on television in the United States taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

56. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Jay at Play Int'l to pay for a on or about 9.6 million dollar marketing and marketing campaign for CloudPets taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

57. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC along with Kevin Harrington and/or As Seen on TV, Inc. Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys LTD , Jay at Play International, Digital Target Marketing, Hutton Miller and Echo Factory  violated under Nevada Law, fraud which occurs when an individual or entity knowingly makes a false representation which is intended to induce another to act in reliance to the representation, and resultantly causes the other to act and cause damage. **J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc**. 120 Nev. 277,89 P.3d 1009 (2004)

58. Upon information and belief,On Demand Direct Response LLC, On Demand Direct Response III LLC and/or Kevin Harrington, As Seen on Tv, Inc, Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay At Play Int'l, Digital Target Marketing, Hutton Miller and Echo Factory Committed fraud  by (1) false representation (2) knowledge or belief that

representation to be false or that lacks sufficient basis of information to make the representation. (3) intended to induce or to act in reliance on the representation (4) Justifiable reliance upon the representation.

59. Shana Lee McCart-Pollak has been damaged by On Demand Direct Response III, LLC along with Kevin Harrington and/or As Seen on TV, Inc. Spiral Toys LLC  formerly Rocap Marketing, Mark  Meyers, Dragon-i Toys Ltd., Jay at Play Int'l, Digital Target Marketing, Hutton Miller and Echo Factory in excess  of $10,000.00 due to committing fraud.

## <u>COUNT IV</u>

### <u>(Misappropriation of Trade Secrets)</u>

60. Shana Lee McCart-Pollak incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein

61. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC colluded with Kevin Harrington and/or As Seen on TV, Inc., Spiral Toys LLC  formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory after Shana Lee McCart-Pollak disclosed her Lots of Love Buddies to Kevin Harrington violating her Trade Secrets.

62. Upon information and belief, Kevin Harrington shared information in regards with Shana Lee McCart's brochure containing her Concept IP and Marketing materials with and/or On Demand Direct Response LLC, On Demand Direct Response III, LLC, As Seen on Tv, Inc., Spiral Toys LLC, Mark Meyers, Dragon-I Toys LLC, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory and together took the idea to market violating her Trade Secrets.

63. Upon information and belief, On Demand Direct Response LLC, On Demand

Direct Response III, LLC in collusion with Spiral Toys LLC then trademarked the name CloudPets, taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets.

64. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III,LLC then proceeded to sign an agreement with Spiral Toys LLC and Dragon-I Toys Ltd to distribute CloudPets in the United States, taking an affirmative act in furtherance of the unlawful objective in selling, marketing, and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets

65. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC then proceeded to sign an agreement with Spiral Toys LLC and Dragon-I Toys Ltd to manufacture and distribute CloudPets taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets.

66. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III LLC then signed a sublicense agreement with Jay at Play Int'l to pay for the 9.6 million dollar marketing and commercial campaign for CloudPets taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets.

67. Upon Information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC along with Kevin Harrington and/or As Seen on Tv, inc. Spiral Toys formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play International, Digital Target Marketing, Hutton Miller and

Echo Factory violated under Nevada Law, misappropriations of Trade Secrets. Chapter 600A of the Nevada Revised Statutes outlines Nevada's Uniform Trade Secrets Act.  The elements of a misappropriation of trade secrets claim include:  (1) a valuable trade secret; (2) misappropriation of the trade secret through use, disclosure, or nondisclosure of use of the trade secret; and  (3) the requirement that the misappropriation be wrongful because it was made in breach of an express or implied contract or by a party with a duty not to disclose.  **Frantz v. Johnson.**  116 Nev. 455, 466, 999 P.2d 351, 358 (2000). Evidence shows undeniably Shana Lee McCart-Pollak disclosed her IP to Kevin Harrington with a duty not to disclose, wherein Kevin Harrington took that information and misappropriated it by developing, selling, marketing, and using the identical unlicensed products in collusion with the companies and individuals named above.

68. Upon information and belief,On Demand Direct Response LLC, On Demand Direct Response III LLC and/or Kevin Harrington, As Seen on Tv, Inc, Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay At Play Int'l, Digital Target Marketing, Hutton Miller and Echo Factory Violated misappropriations of Trade Secrets by (1) viable trade secret exists (2) misappropriation of the trade secret through use, disclosure, or non-disclosure of the use of the trade secret (3) requirement that misappropriations by wrongful as it was made in breach of an expressed implied contract or by an employee with a duty not to disclose the trade secret. (4) Justifiable reliance upon the representation.

69. Shana Lee McCart-Pollak has been damaged by On Demand Direct Response III, LLC along with Kevin Harrington and/or As Seen on TV, Inc. Spiral Toys formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay

at Play Int'l, Digital Target Marketing, Hutton Miller and Echo Factory in excess of $10,000.00 due to violating Shana Lee McCart-Pollak's Trade Secrets.

## COUNT V

### (Unjust Enrichment)

70. Shana Lee McCart-Pollak incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein

71. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC colluded with Kevin Harrington and/or As Seen on TV, Inc., Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory after Shana Lee McCart-Pollak disclosed her Lots of Love Buddies to Kevin Harrington contributing to unjust enrichments to Shana Lee McCart-Pollak's detriment.

72. Upon information and belief, Kevin Harrington shared information in regards with Shana Lee McCart's brochure containing her Concept IP and Marketing materials with and/or On Demand Direct Response LLC, On Demand Direct Response III, LLC, As Seen on Tv, Inc., Spiral Toys LLC, Mark Meyers, Dragon-I Toys LLC, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory and together took the idea to market contributing to unjust enrichments to Shana Lee McCart-Pollak's detriment

73. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC in collusion with Spiral Toys LLC then trademarked the name CloudPets, taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore have been unjustly enriched off of the money

earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollaks detriment.

74. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III,LLC then proceeded to sign an agreement with Spiral Toys LLC and Dragon-I Toys Ltd to distribute CloudPets in the United States, taking an affirmative act in furtherance of the unlawful objective in selling, marketing, and use of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollak's detriment.

75. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III LLC  then proceeded to sign an agreement with Spiral Toys LCC and Dragon-I Toys Ltd to manufacture and distribute CloudPets taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollaks detriment.

76. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC then proceeded to distribute and sublicense CloudPets to Jay at Play Int'l to pay for a on or about 9.6 million dollar marketing campaign and distribution taking an affirmative act in furtherance of the unlawful objective  in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollaks detriment

77. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC along with Kevin Harrington and/or As Seen on TV, Inc. Spiral Toys LLC  formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play International, Digital Target Marketing, Hutton Miller and Echo Factory  violated under Nevada Law, unjust enrichment. The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he/she should not retain but should deliver to another or should pay for.  **Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975,** 113 NEV. 747, 756, 942, P.2d 182, 187 (1997). The conduct of the companies and individuals named above outlines an unjust enrichment claim. Each have benefitted off of the work performed and/or sales of the unlicensed product to Shana Lee McCart-Pollak's detriment.

78. Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III LLC and/or Kevin Harrington, As Seen on Tv, Inc, Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay At Play Int'l, Digital Target Marketing, Hutton Miller and Echo Factory benefited by unjust enrichment  by (1) a benefit conferred  (2) Appreciated the benefit (3)  the acceptance and retention of the benefit without payment (4) absence of an express, written contract. (5) existence of circumstances that would make it inequitable for adverse party to retain benefit without payment of value thereof.

79. Shana Lee McCart-Pollak has been damaged by On Demand Direct Response III, LLC along with Kevin Harrington and/or As Seen on TV,  Inc. Spiral Toys formerly Rocap Marketing, Mark  Meyers, Dragon-i Toys, Jay at Play, Digital

Target Marketing, Hutton Miller and Echo Factory in excess of $10,000.00 due to Unjust enrichments.

## REQUEST FOR RELIEF

WHEREFORE, Shana Lee McCart-Pollak respectfully requests this Court:

Enter Judgment against On Demand Direct Response LLC, On Demand Direct Response III LLC, on all counts of the Counterclaims .

    A. Award Shana Lee McCart-Pollak damages in the amount to be determined at trial;

    B. Award Shana Lee McCart-Pollak damages as permitted by law;

    C.  Award Shana Lee McCart-Pollak reasonable fees and costs of this action; and

    D. Grant such other relief as the Court deems just and proper.

## THIRD PARTY COMPLAINT

Third Party Plaintiff, SHANA LEE MCCART-POLLAK, in Proper Person, for her third party claims against KEVIN HARRINGTON, AS SEEN ON TV, INC., SPIRAL TOYS LLC formerly ROCAP MARKETING, MARK MEYERS, DRAGON-I TOYS LTD, JAY AT PLAY INTERNATIONAL, DIGITAL TARGET MARKETING, HUTTON MILLER, and ECHO FACTORY, state and allege as follows:

### PARTIES

1. On information and belief, Third Party Defendant Kevin Harrington who resides in Florida 17000 Gulf Boulevard, Unit 3A, St. Petersburg, Florida 33708.

2. On information and belief, Third Party Defendant As Seen on Tv, Inc. is a direct response marketing company with a business address of 14044 Icot

Blvd., Clearwater, Florida 33760-3701

3. On information and belief, Third Party Defendant Spiral Toys Inc., incorporated on September 2, 2010 operates through its wholly owned subsidiary, Spiral Toys LLC. with a business address as 2945 Townsgate Road, Suite 200, Westlake Village, CA 91361. The company is engaged in the development, marketing, and selling products and mobile apps in the mobile-connected space.

4. On information and belief, Third Party Defendant Mark Meyers CEO of Spiral Toys LLC,  having a principal executive office at 2945 Townsgate Road, Suite 200, Westlake Village, CA 91361

5. On information and belief, Third Party Defendant Dragon-I toys Ltd. Is a toy company doing business 371 W. Tullock Street, Rialto, California 92376.

6. On information and belief, Third Party Defendant Jay at Play International is a a business with an address of 295 Fifth Ave, Suite 312, New York, New York, 10016. Jay at Play International is a subsidiary of Jay Franco and Sons, Inc.

7. On information and belief, Third Party Defendant Digital Target Marketing is a online direct response marketers (website), with a Florida office at 224 Datura Street, Suite 1300, West Palm Beach, FL 33401.

8. On information and belief, Third Party Defendant Hutton Miller is an advertising agency (television commercials) with a business address at 1200 S Rogers Circle, Boca Raton, Florida 33487

9. On information and belief, Third Party Defendant Echo Factory is an advertising agency (website) with an address at 36 W. Colorado, Suite 200, Pasadena, California 91105

10. DOES I-X and ROE BUSINESS ENTITIES I-X inclusive, are individuals, associations or corporations which ay have in some way caused or

contributed to Third-Party Plaintiffs' damages as herein alleged.  The true names and capacities of DOES I-X and ROE BUSINESS ENTITIES I-X, inclusive, are currently unknown to Third-Party Plaintiffs and Third-Party Plaintiffs will amend this Complaint to assert those true names and capacities when they are ascertained.

## JURISDICTION

This court has subject matter jurisdiction over this action and venue in this judicial district is proper.

## FACTUAL BACKGROUND

11. Lots of Love Buddies and LOL Buddies are synonymous with each other. LOL Buddies is the Acronym to (Lots of Love) Buddies.

12. Shana Lee McCart-Pollak retained a patent lawyer prior to the Chicago Toy and Game Convention (Chitag) in 2012

13. Shana Lee McCart-Pollak obtained domain names, trademarks, toll free number prior to Chitag in 2012

14. Shana Lee McCart-Pollak created a flash demo, a logo, business cards, and brochures prior to Chitag in 2012

15. Shana Lee McCart-Pollak Shana Lee McCart-Pollak  on or about November 15, 2012 Filed for a Full Utility Patent. (In the United States and Internationally)

16. Shana Lee McCart-Pollak went to Chitag To meet with toy professionals and be able to pursue her dream of making Lots of love Buddies a reality.

17. Shana Lee McCart- Pollak on or about November 16, 2012 listened to Kevin Harrington give the Keynote Speech at the conference. Where he touted As seen on Tv, and his book Act Now! How I Turn Ideas Into Million Dollar Products

18. Shana Lee McCart-Pollak on or about November 16, 2012 missed her opportunity to pitch to Kevin Harrington as he walked around the walk-about tables listening to all of the attendees pitches since she had a one on one meeting with a professional

19. Shana Lee McCart-Pollak on or about November 17, 2012 received a phone message from another attendee at the convention telling her that he had gone to the convention and found Kevin Harrington

20. Shana Lee McCart-Pollak was urged by attendee to go to the convention since she missed the opportunity the day before (which was afforded to all of the attendees)

21. Shana Lee McCart-Pollak located  Kevin Harrington in a booth and waited patiently for him to finish.

22. Shana Lee McCart-Pollak approached Kevin Harrington and asked him if she could pitch her Lots of Love Buddies concept to him.

23. Kevin Harrington agreed and Shana Lee McCart-Pollak proceeded to pitch her Lots of Love Buddies Concept.

24. Kevin Harrington asked if he could keep Shana Lee McCart-Pollak's brochure that she had in her hand and also asked her if she had a business card. Shana Lee McCart-Pollak explained there was a business card in the brochure and the last page also had all of her contact information.

25. Shana Lee McCart-Pollak opened the brochure to show the business card and briefly flipped through explaining the contents in her brochure… a child's perception of  LOL Buddies, her presentation  (that Shana Lee McCart-Pollak had just verbally pitched), another diagram of a simpler smaller version of an LOL Buddy which clipped to a backpack, the LOL Buddies IP Coverage and Value Proposition Overview which she explained was a plain English version

of her patent from her patent lawyer, along with a letter from her patent lawyer stating Shana Lee McCart-Pollak and her Lots of Love Buddies was U.S. and Internationally Full Utility Patent Pending, aand a few drawings one of a ferris wheel with Lots of Love Buddies riding it with the words Coming Soon, a few drawings from her daughter and lastly the contact page.

26. Shana Lee McCart-Pollak then closed the brochure and handed the brochure to Kevin Harrington. Shana Lee McCart-Pollak then thanked him for giving her the opportunity to pitch her Lots of Love Buddies concept and IP to him and they parted ways.

27. On or about June 12, 2014 Shana Lee McCart-Pollak's daughter Shaylee Pollak was watching TV and saw a CloudPets commercial.

28. .Shaylee Pollak ran out to the garage where Shana Lee McCart-Pollak was leaving and exclaimed that Lots of Love Buddies was on a commercial. Shana Lee McCart-Pollak told her daughter to write down the information and she would look into it later.

29. Shaylee Pollak was very adamant that her mother Shana Lee McCart-Pollak come back inside so she could rewind the commercial.

30. Shana Lee McCart-Pollak ended up giving into her daughter and walked back inside where Shaylee proceeded to rewind the commercial and show her mom the CloudPets Commercial.

31. Shana Lee McCart-Pollak witnessed her exact Lots of Love Buddies concept and IP being marketed and sold in the commercial (infomercial).

32. Shana Lee McCart-Pollak immediately contacted her Patent Lawyer to apprise him off what she had just seen.

33. Shana Lee McCart-Pollak then began researching CloudPets and learned about Toy-Fi Teddy being released overseas.

34. The CloudPets in the U.S. in June 2014 were only being sold on an infomercial.

35. Shana Lee McCart- Pollak and/or friends and family proceeded to purchase over the next year multiple Toy-Fi Teddies and CloudPets.

36. Upon information and belief, Kevin Harrington shared information in regards with Shana Lee McCart's brochure containing her Concept IP and Marketing materials with and/or On Demand Direct Response LLC, On Demand Direct Response III, LLC, As Seen on Tv, Inc., Spiral Toys LLC, Mark Meyers, Dragon-I Toys LLC, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory and together they took the idea to market.

## **FIRST CLAIM FOR RELIEF**

### **(Civil Conspiracy)**

37. Shana Lee McCart-Pollak incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein

38. Upon information and belief, Kevin Harrington and/or As Seen on TV, Inc., Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory colluded after Shana Lee McCart-Pollak disclosed her Lots of Love Buddies to Kevin Harrington constituting civil conspiracy.

39. Upon information and belief, Kevin Harrington shared information in regards with Shana Lee McCart's brochure containing her Concept IP and Marketing materials with and/or On Demand Direct Response LLC, On Demand Direct Response III, LLC, As Seen on Tv, Inc., Spiral Toys LLC, Mark Meyers, Dragon-I Toys LLC, Jay at Play Int'l, Digital Target Marketing, Hutton Miller,

and Echo Factory and together took the idea to market constituting civil conspiracy.

40. Upon information and belief, Kevin Harrington and/or As Seen on TV, Inc., Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory colluded in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting civil conspiracy.

41. Upon information and belief, Spiral Toys LLC and Mark Meyers then proceeded to develop Lots of Love Buddies pending IP, use her marketing materials and licensing the toy, taking an affirmative act in furtherance of the unlawful objective in the development, selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting civil conspiracy

42. Upon information and belief, Spiral Toys LLC then proceeded to sign an agreement with Dragon-I Toys to manufacture, market, and sell Toy-Fi Teddy and CloudPets overseas and in the United States taking an affirmative act in the furtherance of civil conspiracy.

43. Upon information and belief, Dragon-I Toys in collusion then proceeded to manufacture, market and sell Toy-Fi Teddy and CloudPets overseas and in the United States taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting civil conspiracy.

44. Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC, On Demand Direct Response III, LLC then proceeded to sign an agreement with Jay at Play Int'l  taking an affirmative act in furtherance of the unlawful objective of selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting civil conspiracy.

45. Upon information and belief, Jay at Play Int'l  in collusion then proceeded to fund a on or about $9.6 million dollar marketing and commercial campaign for Cloud Pets under a distribution and sublicense, taking an affirmative act in furtherance of the unlawful objective  in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting civil conspiracy.

46. Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC,  On Demand Direct Response III LLC then proceeded to sign an agreement with Digital Target Marketing to build a website to market and sell CloudPets taking an affirmative act in the furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies consituting civil conspiracy

47. Upon information and belief, Digital Target Marketing in collusion then proceeded to develop a website to market and sell CloudPets www.cloudpets.com taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting civil conspiracy.

48. Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Echo Factory to market and build two websites for CloudPets taking an affirmative act in the furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting civil conspiracy.

49. Upon information and belief, Echo Factory in collusion then proceeded to develop two websites, one to market and sell Cloudpets www.mycloudpets.com and the other to market Spiral Toys Company and their products (CloudPets) www.spiraltoys.com taking an affirmative act in

furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting civil conspiracy.

50. Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Hutton Miller to shoot a commercial to market and sell Cloudpets on National Television taking an affirmative act in the furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting civil conspiracy.

51. Upon information and belief, Hutton Miller in collusion then proceeded to shoot television commercials for CloudPets taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting civil conspiracy.

52. Upon information and belief, Spiral Toys LLC and/ or On Demand Direct Response LLC, On Demand Direct Response III LLC, then proceeded to an agreement with As Seen On TV, Inc (www.asseenontv.com) to market and/or sell CloudPets on their website taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting civil conspiracy.

53. Upon information and belief, As Seen on TV, Inc in collusion then proceeded to  sell the CloudPets Product on their website www.asseenontv.com taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting civil conspiracy.

54. Upon information and belief, Kevin Harrington and/or As Seen on TV, Inc. Spiral Toys LLC formerly Rocap Marketing, Mark  Meyers, Dragon-I Toys Ltd, Jay at Play International, Digital Target Marketing, Hutton Miller and Echo

Factory  violated under Nevada Law, civil conspiracy which occurs when two or more people agree to accomplish unlawful objective and take an affirmative act in furtherance of that unlawful objective with the purpose of harming the individual and do so. Boorman v Nev. Memorial Cremation Society, Inc. 772 F.2d. 1309 (D. NEV. 2011).  Without question this is a clear cut prima facie case of civil conspiracy.

55. Upon information and belief,On Demand Direct Response LLC, On Demand Direct Response III LLC and/or Kevin Harrington, As Seen on Tv, Inc, Spiral Toys LLC formerly Rocap Marketing,, Mark Meyers, Dragon-I Toys Ltd, Jay At Play Int'l, Digital Target Marketing, Hutton Miller and Echo Factory Committed civil conspiracy by (1) In association of two or more persons (2) Who intended to accomplish an unlawful objective (3) in agreement, underdstanding, or "meeting of the  minds" regarding the objective and the means of pursuing it (whether explicit or tacit) (4) commission of a unlawful act in furtherance of the agreement (5) acted with a purpose of harming Shana Lee McCart Pollak

56. Shana Lee McCart-Pollak has been damaged by Kevin Harrington and/or As Seen on TV, Inc. Spiral Toys  LLC  formerly Rocap Marketing, Mark  Meyers, Dragon-I Toys, Jay at Play, Digital Target Marketing, Hutton Miller and Echo Factory in excess of $10,000.00 due to the acts of civil conspiracy.

## SECOND CLAIM FOR RELIEF

## (Concert of Action)

57. Shana Lee McCart-Pollak incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein

58. Upon information and belief, Kevin Harrington and/or As Seen on TV,  Inc., Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys  Ltd,

Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory colluded after Shana Lee McCart-Pollak disclosed her Lots of Love Buddies to Kevin Harrington is a tort of concert of action.

59. Upon information and belief, Kevin Harrington shared information in regards with Shana Lee McCart's brochure containing her Concept IP and Marketing materials with and/or On Demand Direct Response LLC, On Demand Direct Response III, LLC, As Seen on Tv, Inc., Spiral Toys LLC, Mark Meyers, Dragon-I Toys LLC, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory and together took the idea to market is a tort of concert of action.

60. Upon information and belief, Kevin Harrington and/or As Seen on TV, Inc., Spiral Toys LLC formerly Rocap  Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory colluded also in accordance with civil conspiracy stated above in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action.

61. Upon information and belief, Spiral Toys LLC and Mark Meyers then proceeded to develop Lots of Love Buddies pending IP, use her marketing materials and licensing the toy, taking an affirmative act in furtherance of the unlawful objective in accordance with civil conspiracy stated above in the development, selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action.

62. Upon information and belief, Spiral Toys LLC then proceeded to sign an agreement with Dragon-I Toys Ltd to manufacture, market, and sell Toy-Fi Teddy and CloudPets taking an affirmative act in the furtherance of the unlawful objective in accordance with civil conspiracy states above in the

development, selling and marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action.

63. Upon information and belief, Dragon-I Toys Ltd in collusion then proceeded to manufacture and distribute Toy-Fi Teddy and CloudPets overseas and in the United States taking an affirmative act in furtherance of the unlawful objective in accordance with the civil conspiracy stated above in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action.

64. Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC, On Demand Direct Respones III, LLC then proceeded to sign a sublicense agreement with Jay at Play Int'l, taking an affirmative act in furtherance of the unlawful objective in accordance with the civil conspiracy stated above in the selling, marketing, and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tor of concert of action.

65. Upon information and belief, Jay at Play Int'l in collusion then proceeded to fund a on or about  $9.6 million dollar marketing and commercial campaign along with distribution for CloudPets under a distribution and sublicense agreement, taking an affirmative act in furtherance of the unlawful objective in accordance with civil conspiracy stated above the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action.

66. Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Digital Target Marketing to market and build a website for CloudPets taking an affirmative act in furtherance of the unlawful objective in accordance with civil conspiracy stated above the selling, marketing and use

of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action.

67. Upon information and belief, Digital Target Marketing in collusion proceeded to develop a website to market and sell CloudPets www.cloudpets.com taking an affirmative act in furtherance of the unlawful objective in accordance with civil conspiracy stated above the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action.

68. Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Echo Factory to develop websites to market and build a website for CloudPets taking an affirmative act in furtherance of the unlawful objective in accordance with civil conspiracy stated above in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action.

69. Upon information and belief, Echo Factory in collusion then proceeded to develop two websites to market and sell Cloudpets www.mycloudpets.com and market Spiral Toys LLC products  one of which is CloudPets at www.spiraltoys.com taking an affirmative act in furtherance of the unlawful objective in accordance with civil conspiracy above the selling,   marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action.

70. Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Hutton Miller to shoot national televion commercials taking an affirmative act in furtherance of the unlawful objective in accordance with civil conspiracy above the selling, marketing and use of

Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action.

71. Upon information and belief, Hutton Miller in collusion then proceeded to shoot television commercials for CloudPets taking an affirmative act in furtherance of the unlawful objective in  accordance with civil conspiracy stated above in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of  action;

72. Upon information and belief, Spiral Toys LLC and/ or On Demand Direct Response LLC, On Demand Direct Response then proceeded to an agreement with As Seen On TV, Inc  (www.asseenontv.com) to market and sell CloudPets on their website taking an affirmative act in furtherance of the unlawful objective in accordance with civil conspiracy stated above in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action.

73. Upon information and belief, As Seen on TV, Inc in collusion then proceeded to sell the CloudPets Product on their website www.asseenontv.com taking an affirmative act in furtherance of the unlawful objective in accordance with civil conspiracy stated above in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies is a tort of concert of action.

74. Upon information and belief, Kevin Harrington and/or As Seen on TV, inc. Spiral Toys LLC formerly Rocap  Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play Int'l, Digital Target Marketing, Hutton Miller and Echo Factory violated under Nevada Law, concert of action. The Nevada Supreme Court also recognizes the tort of concert of action. Indeed, liability attaches for the tort when two people commit a tort while "acting in concert with one another or pursuant to a common design." **GES, Inc v Nev. Corbitt**, 117 Nev.265,21 P.3d 11 (2001).  Again, in accordance with civil conspiracy stated above, the

selling, marketing, development and use of Shana Lee McCart-Pollak's Lots of Love Buddies clearly violates a tort of concert of action.

75. Upon information and belief,On Demand Direct Response LLC, On Demand Direct Response III LLC and/or Kevin Harrington, As Seen on Tv, Inc, Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay At Play Int'l, Digital Target Marketing, Hutton Miller and Echo Factory Committed a tort of concert of action  by (1) The Nevada Supreme Court recognizes that the tort of concert of action closely resembles that of civil conspiracy. (2) Liability attaches for the tort of concert of action when two people commit a tort while "acting in concert with one another or pursuant to a common design." (Proof of an agreement alone is sufficient, as the conduct of each tort feasor must in itself be tortuous.) (3) Another court stated concert of action application "is largely confined to isolated acts of adolescents in rural society."

76. Shana Lee McCart-Pollak has been damaged Kevin Harrington and/or As Seen on TV, Inc. Spiral Toys  formerly Rocap Marketing, Mark  Meyers, Dragon-i Toys, Jay at Play, Digital Target Marketing, Hutton Miller and Echo Factory in excess of $10,000.00 due to tort of concert of action.

## THIRD CLAIM FOR RELIEF

## (Fraud)

77.Shana Lee McCart-Pollak incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein

78.Upon information and belief, Kevin Harrington and/or As Seen on TV, Inc., Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory colluded after Shana Lee McCart-Pollak disclosed her Lots of Love Buddies

to Kevin Harrington committing fraud.

79. Upon information and belief, Kevin Harrington shared information in regards with Shana Lee McCart's brochure containing her Concept IP and Marketing materials with and/or On Demand Direct Response LLC, On Demand Direct Response III, LLC, As Seen on Tv, Inc., Spiral Toys LLC, Mark Meyers, Dragon-I Toys LLC, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory and together took the idea to market committing fraud.

80. Upon information and belief, Kevin Harrington and/or As Seen on TV, Inc., Spiral Toys formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory colluded in the selling, marketing, developing and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

81. Upon information and belief, Spiral Toys LLC and Mark Meyers then proceeded to develop Lots of Love Buddies pending IP, use her marketing materials and licensing the toy, taking an affirmative act in furtherance of the unlawful objective in the development, selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

82. Upon information and belief, Spiral Toys LLC then proceeded to sign an agreement with Dragon-I Toys Ltd to manufacture and distribute Toy-Fi Teddy and CloudPets taking an affirmative act in the furtherance of the unlawful objective in the selling, marketing, and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

83. Upon information and belief, Dragon-I Toys in collusion then proceeded to manufacture and distribute Toy-Fi Teddy and CloudPets overseas and in the United States taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love

Buddies committing fraud.

84. Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign a sublicense agreement with Jay at Play Int'l taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

85. Upon information and belief, Jay at Play Int'l in collusion then proceeded to fund a on or about  $9.6 million dollar marketing and commercial campaign for Cloud Pets under a distribution and sublicense agreement, taking an affirmative act in furtherance of the unlawful objective  in selling, marketing, distributing and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud

86. Upon information and belief, Spiral Toys LLC and/o On Demand Direct Response LLC, On Demand Direct Response III LLC then signed an agreement with Digital Target Marketing to market and build a website for CloudPets taking an affirmative act in the furtherance of the unlawful objective in selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

87. Upon information and belief, Digital Target Marketing in collusion proceeded to develop a website to market and sell CloudPets www.cloudpets.com taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

88. Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Echo Factory to Market and build websites for

CloudPets taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

89. Upon information and belief, Echo Factory in collusion proceeded to develop two websites to market and Sell Cloudpets www.mycloudpets.com and market Spiral Toys products www.spiraltoys.com taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

90. Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Hutton Miller to shoot national television commercials taking an affirmative act in the furtherance of the unlawful objective in the selling, marketing, and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

91. Upon information and belief, Hutton Miller in collusion proceeded to shoot television commercials for CloudPets taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

92. Upon information and belief, Spiral Toys LLC and/ or On Demand Direct Response LLC, On Demand Direct Response then proceeded to an agreement with As Seen On TV, Inc (www.asseenontv.com) to market and sell CloudPets on their website taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

93. Upon information and belief, As Seen on TV, Inc in collusion then proceeded to sell the CloudPets Product on their website www.asseenontv.com taking

an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies committing fraud.

94. Upon information and belief, Kevin Harrington and/or As Seen on TV, inc. Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play International, Digital Target Marketing, Hutton Miller and Echo Factory violated under Nevada Law, fraud which occurs when an individual or entity knowingly makes a false representation which is intended to induce another to act in reliance to the representation, and resultantly causes the other to act and cause damage. **J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc**. 120 Nev. 277,89 P.3d 1009 (2004)

95. Upon information and belief,On Demand Direct Response LLC, On Demand Direct Response III LLC and/or Kevin Harrington, As Seen on Tv, Inc, Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay At Play Int'l, Digital Target Marketing, Hutton Miller and Echo Factory Committed fraud by (1) false representation (2) knowledge or belief that representation to be false or that lacks sufficient basis of information to make the representation. (3) intended to induce or to act in reliance on the representation (4) Justifiable reliance upon the representation.

96. Shana Lee McCart-Pollak has been damaged by Kevin Harrington and/or As Seen on TV, Inc. Spiral Toys formerly Rocap Marketing, Mark Meyers, Dragon-i Toys, Jay at Play, Digital Target Marketing, Hutton Miller and Echo Factory in excess of $10,000.00 due to the committing of fraud.

### FOURTH CLAIM FOR RELIEF

### (Misappropriation of Trade Secrets)

97. Shana Lee McCart-Pollak incorporates by reference the allegations in each of

the foregoing paragraphs as if fully set forth herein

98. Upon information and belief, Kevin Harrington and/or As Seen on TV, Inc., Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play International, Digital Target Marketing, Hutton Miller, and Echo Factory colluded after Shana Lee McCart-Pollak disclosed her Lots of Love Buddies to Kevin Harrington violating her Trade Secrets.

99. Upon information and belief, Kevin Harrington shared information in regards with Shana Lee McCart's brochure containing her Concept IP and Marketing materials with and/or On Demand Direct Response LLC, On Demand Direct Response III, LLC, As Seen on Tv, Inc., Spiral Toys LLC, Mark Meyers, Dragon-I Toys LLC, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory and together took the idea to market violating her Trade Secrets.

100.   Upon information and belief, Kevin Harrington and/or As Seen on TV, Inc., Spiral Toys formerly Rocap Marketing, Mark Meyers, Dragon-I Toys, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory colluded in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets.

101.   Upon information and belief, Spiral Toys LLC and Mark Meyers then proceeded to develop Lots of Love Buddies pending IP, use her marketing materials and licensing the toy, taking an affirmative act in furtherance of the unlawful objective in the development, selling, marketing and violating her Trade Secrets.

102.   Upon information and belief, Spiral Toys LLC then proceeded to sign an agreement with Dragon-I Toys Ltd to manufacture and distribute Toy-Fi Teddy and Cloudpets overseas and in the United States taking an affirmative

act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her trade secrets.

103.   Upon information and belief, Dragon-I Toys then proceeded to manufacture and distribute Toy-Fi Teddy and CloudPets taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets.

104.   Upon information and belief, Spiral Toys LLC and On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign a sublicense agreement with Jay at Play Int'l to market and distribute CloudPets taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets.

105.   Upon information and belief, Jay at Play Int'l in collusion then proceeded to fund a on or about $9.6 million dollar marketing and commercial campaign for Cloud Pets under a distribution and sublicense agreement, taking an affirmative act in furtherance of the unlawful objective  in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets.

106.   Upon information and belief, Spiral Toys LLC and On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Digital Target Marketing on building  a website for the marketing and selling of CloudPets taking an affirmative act in the furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets.

107.   Upon information and belief, Digital Target Marketing in collusion proceeded to develop a website to market and sell CloudPets

www.cloudpets.com taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violates her Trade Secrets.

108.  Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Echo Factory to build and market websites for the CloudPet product taking an affirmative action in the furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets.

109.  Upon information and belief, Echo Factory in collusion proceeded to develop two websites to market and sell Cloudpets www.mycloudpets.com and market Spiral Toys products  www.spiraltoys.com taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets.

110.  Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Hutton Miller to shoot national television commercials to market CloudPets taking an affirmative action in the furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets.

111.  Upon information and belief, Hutton Miller in collusion proceeded to shoot television commercials for CloudPets taking  an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets.

112.  Upon information and belief, Spiral Toys LLC and/ or On Demand Direct Response LLC,   On Demand Direct Response then proceeded to an

agreement with As Seen On TV, Inc (www.asseenontv.com) to market and sell CloudPets on their website taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets.

113.    Upon information and belief, As Seen on TV, Inc in collusion then proceeded to sell the CloudPets Product on their website www.asseenontv.com taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies violating her Trade Secrets

114.    Upon information and belief, Kevin Harrington and/or As Seen on TV, inc. Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play Int'l, Digital Target Marketing, Hutton Miller and  Echo Factory violated under Nevada Law, misappropriations of Trade Secrets. Chapter 600A of the Nevada Revised Statutes outlines Nevada's Uniform Trade Secrets Act.  The elements of a misappropriation of trade secrets claim include:  (1) a valuable trade secret; 2) misappropriation of the trade secret through use,  disclosure, or nondisclosure of use of the trade secret; and  (3) the requirement that the misappropriation be wrongful because it was made in breach of an express or  implied contract or by a party with a duty not to disclose.  **Frantz v. Johnson.** 116 Nev. 455, 466, 999 P.2d 351, 358 (2000). Evidence shows undeniably Shana Lee McCart-Pollak disclosed her IP to Kevin Harrington with a duty not to disclose, wherein Kevin Harrington took that information and misappropriated it by developing, selling, marketing, and using the identical unlicensed products in collusion with the companies and individuals named above.

115.    Upon information and belief,On Demand Direct Response LLC, On

Demand

Direct Response III LLC and/or Kevin Harrington, As Seen on Tv, Inc, Spiral
Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay
At Play Int'l, Digital Target Marketing, Hutton Miller and Echo Factory
Violated misappropriations of Trade Secrets by (1) viable trade secret
exists (2) misappropriation of the trade secret through use, disclosure, or
non-disclosure of the use of the trade secret (3) requirement that
misappropriations by wrongful as it was made in breach of an expressed
implied contract or by an employee with a duty not to disclose the trade
secret. (4) Justifiable reliance upon the representation.

116. Shana Lee McCart-Pollak has been damaged by Kevin Harrington and/or As
Seen on TV, Inc. Spiral Toys formerly Rocap Marketing, Mark Meyers,
Dragon-i Toys, Jay at Play, Digital Target Marketing, Hutton Miller and Echo
Factory in excess of $10,000.00 due to violating Shana Lee McCart-Pollak's
Trade Secrets.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

117. Shana Lee McCart-Pollak incorporates by reference the allegations in each
of the foregoing paragraphs as if fully set forth herein

118. Upon information and belief, Kevin Harrington and/or As Seen on TV, Inc.,
Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys,
Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory
colluded after Shana Lee McCart-Pollak disclosed her Lots of Love Buddies
to Kevin Harrington contributing to unjust enrichments to Shana Lee McCart-
Pollak's detriment.

119.   Upon information and belief, Kevin Harrington shared information in regards with Shana Lee McCart's brochure containing her Concept IP and Marketing materials with and/or On Demand Direct Response LLC, On Demand Direct Response III, LLC, As Seen on Tv, Inc., Spiral Toys LLC, Mark Meyers, Dragon-I Toys LLC, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory and together took the idea to market contributing to unjust enrichments to Shana Lee McCart-Pollak's detriment.

120.   Upon information and belief, On Demand Direct Response LLC, On Demand Direct Response III, LLC colluded with Kevin Harrington and/or As Seen on TV, Inc., Spiral Toys LLC  formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play Int'l, Digital Target Marketing, Hutton Miller, and Echo Factory colluded in the developing, selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies contributing to unjust enrichments  to Shana Lee McCart-Pollak's detriment.

121.   Upon information and belief, Spiral Toys LLC and Mark Meyers then proceeded to develop Lots of Love Buddies pending IP, use her marketing matierals and licensing the toy, taking an affirmative act in furtherance of the unlawful objective in the development, selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollak's detriment.

122.   Upon information and belief, Spiral Toys LLC then proceeded to sign an agreement with Dragon-I Toys Ltd to manufacture, distribute and market Toy-Fi Teddy and CloudPets overseas and in the United States taking an affirmative act in the furtherance of the unlawful objective in the selling, marketing, and use of Shana Lee McCart-Pollak's Lots of Love Buddies and

therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollak's detriment.

123.   Upon information and belief, Dragon-I Toys Ltd in collusion   then proceeded to manufacture and distribute Toy-Fi Teddy and CloudPets overseas and in the United States taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollaks detriment.

124.   Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign a sublicense agreement with Jat at Play Int'l to market, manufacture and distribute Cloudpets taking an affirmative act in the furtherance of the unlawful objective in the selling, marketing, and use of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollak's detriment.

125.   Upon information and belief, Jay at Play Int'l in collusion then proceeded to fund a  $9.6 million dollar marketing and commercial campaign for Cloud Pets under a distribution and sublicense agreement taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollaks detriment.

126.   Upon information and belief, Spiral Toys LLC and On Demand Direct

Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Digital Target Marketing to build a website to market and sell CloudPets taking an affirmative act in the furtherance of the unlawful objective in the selling, marketing, and use of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollak's detriment.

127.   Upon information and belief, Digital Target Marketing in collusion proceeded to develop a website to market and sell CloudPets www.cloudpets.com taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies constituting and therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollaks detriment.

128.   Upon information and belief, Spiral Toys LLC and On Demand Direct Response LLC,  On Demand Direct Response III LLC then proceeded to sign an agreement with Echo Factory in the marketing and/or selling of the CloudPet Product taking an affirmative act in the furtherance of the unlawful objective in the selling, marketing, and use of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollak's detriment.

129.   Upon information and belief, Echo Factory in collusion proceeded to develop two websites to market and sell Cloudpets www.mycloudpets.com and market Spiral Toys products  www.spiraltoys.com taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use

of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollaks detriment.

130.   Upon information and belief, Spiral Toys LLC and/or On Demand Direct Response LLC, On Demand Direct Response III LLC then proceeded to sign an agreement with Hutton Miller to shoot national television commercials to market and sell CloudPets taking an affirmative act in the furtherance of the unlawful objective in the selling, marketing, and use of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollak's detriment.

131.   Upon information and belief, Hutton Miller in collusion proceeded to shoot television commercials for CloudPets taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart- Pollaks detriment.

132.   Upon information and belief, Spiral Toys LLC and/ or On Demand Direct Response LLC, On Demand Direct Response III LLC, then proceeded to an agreement with As Seen On TV, Inc (www.asseenontv.com) to market and sell CloudPets on their website taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollak's detriment.

133.   Upon information and belief, As Seen on TV, Inc in collusion then

proceeded to sell the CloudPets Product on their website www.asseenontv.com taking an affirmative act in furtherance of the unlawful objective in the selling, marketing and use of Shana Lee McCart-Pollak's Lots of Love Buddies and therefore have been unjustly enriched off of the money earned for the work performed and/or sales of the unlicensed products to Shana Lee McCart-Pollak's detriment.

134.    Upon information and belief, Kevin Harrington and/or As Seen on TV, inc. Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay at Play Int'l, Digital Target Marketing, Hutton Miller and Echo Factory violated under Nevada Law, unjust enrichment. The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he/she should not retain but should deliver to another or should pay for.  **Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975,** 113 NEV. 747, 756, 942, P.2d 182, 187 (1997).  The conduct of the companies and individuals named above outlines an unjust enrichment claim.  Each have benefitted off of the work performed and/or sales of the unlicensed product to Shana Lee McCart-Pollak's detriment.

135. Upon information and belief,On Demand Direct Response LLC, On Demand Direct Response III LLC and/or Kevin Harrington, As Seen on Tv, Inc, Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys Ltd, Jay At Play Int'l, Digital Target Marketing, Hutton Miller and Echo Factory benefited by unjust enrichment by (1) a benefit conferred  (2) appreciated the benefit (3)  the acceptance and retention of the benefit without payment (4) absence of an express, written contract. (5) existence of circumstances

that would make it inequitable for adverse party to retain benefit without payment of value thereof.

136. Shana Lee McCart-Pollak has been damaged by Kevin Harrington and/or As Seen on TV,  Inc. Spiral Toys formerly Rocap Marketing, Mark  Meyers, Dragon-i Toys, Jay at Play, Digital Target Marketing, Hutton Miller and Echo Factory in excess of $10,000.00 due to Unjust enrichments.

## **REQUEST FOR RELIEF**

WHEREFORE, Shana Lee McCart-Pollak respectfully requests this Court:

Enter Judgment against On Demand Direct Response III LLC, Kevin Harrington, As Seen on TV, Inc. Spiral Toys LLC formerly Rocap Marketing, Mark Meyers, Dragon-I Toys, Jay at Play, Digital Target Marketing, Hutton Miller, and Echo Factory on all counts of the Counterclaims and Third Party Complaint.

A. Award Shana Lee McCart-Pollak damages in the amount to be determined at trial;

B. Award Shana Lee McCart-Pollak damages as permitted by law;

C.   Award Shana Lee McCart-Pollak reasonable fees and costs of this action; and

D. Grant such other relief as the Court deems just and proper.

## **JURY DEMAND**

Shana Lee McCart-Pollak demands a jury trial on all issues triable by Jury

1

2

3

4

5   Dated the 30 day of September, 2015

6

7

8

9

10

11

12

13   _Shana Lee McCart-Pollak_

14   SIGNATURE

15   Shana Lee McCart-Pollak

16   1900 Thunder Ridge Circle

17   Henderson, Nevada 89012

18   (702) 439-2263

19

20

21

22

23

24

25

26

27

28