**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC AND ON DEMAND DIRECT RESPONSE III, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>SHANA LEE MCCART-POLLACK D/B/A LOL BUDDIES ENTERPRISES,<br><br>Defendant. | 2:15-cv-01576-MMD-VCF<br><br>**REPORT AND RECOMMENDATION** |

On February 5, 2016, the Court granted Plaintiffs' counsel to withdraw from this case and ordered Plaintiffs to retain counsel by March 7, 2016. (#99). To date, no counsel has appeared on behalf of Plaintiffs On Demand Direct Response, LLC and On Demand Direct Response, III, LLC.

## **LEGAL ANALYSIS**

**1. Limited Liability companies must be represented by counsel**

28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally." *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Although individuals may represent themselves pursuant to this statute, a corporation is not permitted to appear in Federal Court unless it is represented by counsel. *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). An individual also does not have the right to appear on behalf of anyone other than himself. *Pope*, 818 F.2d at 697. The Ninth Circuit has permitted motions to strike and motions to dismiss pleadings filed by *pro se* parties on behalf of entities including trusts. *Id.* at 698; *United States v. Nagy*, C11-5066BHS, 2011 WL 3502488 (W.D. Wash. Aug. 10, 2011). Plaintiffs may not proceed *pro se* because limited liability companies must be represented by counsel.

**2. Failure to Prosecute**

Federal Rule of Civil Procedure 41(b) provides that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The trial court has "a broad discretion in the matter of dismissing an action for want of diligent prosecution." *Schmidt v. Wallenius Line*, 455 F.2d 1088 (9th Cir. 1972). The court may also dismiss a complaint for failure to comply with court orders. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

Under Rule 41(b), the court must consider the following five factors before dismissing an action for failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ferdik*, 963 F.2d at 1260-1. As discussed below, these factors weigh in favor of dismissing plaintiffs' complaint.

## DISCUSSION

Plaintiff commenced this action on August 17, 2015 (#1). On January 11, 2016, counsel of record for Plaintiffs seek to withdraw stating that Plaintiffs have refused to pay for their legal services which would result in financial burden and hardship on the firms. (#81 and 84). The Court granted the motions with withdraw and Plaintiffs were ordered to retain counsel by March 7, 2016. (#99). No counsel has appeared on Plaintiffs behalf. Plaintiffs have not made any appearance in this case since January 15, 2016 and have taken no action to pursue their claims since January 15, 2016, even after the court provided plaintiffs time to retain new counsel by March 7, 2016. Plaintiffs failed to comply with Court Order #99. Plaintiffs may not proceed *pro se* because limited liability companies must be represented by counsel.

It is not in the interest of the public or the court to permit plaintiffs to "file-and-forget" or to have such cases sitting dormant on the court's docket. The first two factors weigh in favor of dismissal. *Ferdik*, 963 F.2d at 1260-1.

Since plaintiffs have essentially abandoned this action, plaintiffs have caused undue delays. Defendants will not be able proceed with this action without plaintiffs' participation, and will be

prejudiced.  *See Am. Exp. Partners, LLC. v. Inman*, No. CV 04-1431 CBM (MANx), 2005 U.S. Dist. LEXIS 46686, at *6-7 (C.D. Cal. Oct. 12, 2005)(citation omitted)("To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."); *Vaughn v. U.S.*, No. CV-S-97-1695-DWH (LRL), 1999 U.S. Dist. LEXIS 2297, at *8 (D. Nev. Feb. 1, 1999) (citation omitted)(holding that "[u]nreasonable delay creates a presumption of injury to the defense.").  The third factor weighs in favor of dismissal.  *Ferdik*, 963 F.2d at 1260-1.

It is highly unlikely that this action will be resolved on its merits.  Plaintiffs have not appeared in this action since January 15, 2016 and have failed to comply with court order #99.  The fourth factor weighs in favor of dismissal.  *Ferdik*, 963 F.2d at 1260-1.  Less drastic sanctions are not appropriate, and the last factor weighs in favor of dismissal.  *Ferdik*, 963 F.2d at 1260-1.  The court should dismiss plaintiffs' claims for failure to prosecute.  *Id; Schmidt*, 455 F.2d 1088.

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that plaintiffs' claims against defendant be DISMISSED with prejudice for failure to prosecute.

DATED this 28th day of April, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE