# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC, et al., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> SHANA LEE MCCART-POLLAK, ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:15-cv-01576-MMD-NJK <br><br> ORDER <br><br> (Docket No. 239) |

Pending before the Court is Third-Party Defendant Kevin Harrington's motion to stay discovery pending resolution of his motion to dismiss. *See* Docket No. 239; *see also* Docket No. 233 (motion to dismiss). Third-Party Plaintiff Shana Lee McCart-Pollak filed a response in opposition, and Harrington filed a reply. Docket Nos. 252, 255. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to stay discovery with respect to Harrington is hereby **GRANTED**.[1]

---

[1] Plaintiffs and Counter-Defendants On Demand Direct Response, LLC and On Demand Direct Response III, LLC (collectively "On Demand") filed a joinder to the motion to stay discovery. Docket No. 240. Unlike Harrington, On Demand does not have a pending dispositive motion and, instead, filed an answer to McCart-Pollak's counterclaims more than a year ago. Docket No. 76. Therefore, the Court denied without prejudice On Demand's joinder to the motion to stay discovery. Docket No. 243 (citing *White v. Am. Tobacco*, 125 F.R.D. 508, 509 (D. Nev. 1989)). No further joinder has been filed, so the pending dispute relates only to whether discovery should be stayed with respect to Harrington.

Discovery with respect to On Demand shall proceed at this time. The Court hereby **ORDERS** On Demand and McCart-Pollak to file a joint proposed discovery plan by March 22, 2017.

The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2]  The Court finds that each of these requirements has been met here with respect to Harrington's motion to dismiss. Therefore, the Court concludes that discovery with respect to Harrington should be stayed pending resolution of his motion to dismiss.

For the reasons outlined above, Harrington's motion to stay discovery is **GRANTED**.  To the extent Harrington's motion to dismiss is not granted in full, the parties shall file a joint statement regarding whether and how discovery should proceed with respect to Harrington.  That joint statement shall be filed within 14 days of the issuance of the order resolving the motion to dismiss.

IT IS SO ORDERED.

DATED: March 8, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*