UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC, DISTRICT OF NEVADA AND ON DEMAND DIRECT RESPONSE III, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHANA LEE MCCART-POLLAK d/b/a LOL BUDDIES ENTERPRISES,<br><br>Defendants. | Case No. 2:15-cv-01576-MMD-NJK<br><br>ORDER |
| ALL RELATED ACTIONS | |

Before the Court is Jay Franco Parties' Motion to Strike Portions of Third Party Plaintiff's Amended Third Party Complaint (ECF No. 231) to which Spiral Toys LLC and Mark Meyers (collectively "Spiral Toys") have joined (ECF No. 232). The Court has reviewed Third Party Plaintiff Shana Lee McCart-Pollak's ("Plaintiff") response (ECF No. 237) and Jay Franco Parties' reply (ECF No. 238).

In an Order issued on September 30, 2016, the Court dismissed claims against all Third-Party Defendants, but granted Plaintiff leave to amend two claims for unjust enrichment and fraud against Third Party Defendant Kevin Harrington. (ECF No. 191.) Thus, claims against the following groups of Third-Party Defendants were dismissed and judgment was entered in their favor: Jay Franco & Sons, Inc., Jay At Play International, Ltd., Echo Factory, Inc., Hutton Miller, LLC, Digital Target Marketing, LLC (collectively "Jay Franco Parties"); Spiral Toys LLC and Mark Meyers (collectively "Spiral Toys"). (*Id.*;

ECF No. 192.) The Court subsequently denied Plaintiff's motion for reconsideration of the September 30, 2016, Order. (ECF No. 215.) Plaintiff was given leave to amend her two claims against Harrington. (*Id.* at 7.) However, Plaintiff's Third Party Amended Complaint ("TPAC") names Jay Franco Parties, among others, as third party defendants. (ECF No. 225 at 2-4; 24-28.)

Jay Franco Parties ask the Court to strike all allegations and claims against them from the TPAC. (ECF No. 231.) Plaintiff responds that she asserts claims against Third Party Defendants who have been dismissed to preserve her appellate rights.[1] (ECF No. 237.) However, Plaintiff has not waived her right to appeal the Court's dismissal of claims against Jay Franco Parties and Spiral Toys and would not waive such right by amending her complaint to assert two claims against Harrington. In fact, by failing to limit the claims in her TPAC to claims for fraud and unjust enrichment against only Harrington, Plaintiff has violated the Court's Order granting her leave to amend.

It is therefore ordered that the Jay Franco Parties' Motion to Strike Portions of Third Party Plaintiff's Amended Third Party Complaint (ECF No. 231) and Spiral Toys' joinder (ECF No. 232) are granted. All claims asserted against Jay Franco Parties and Spiral Toys as Third Party Defendants, along with all references of these parties as Third Party Defendants, are stricken from the TPAC. Specifically, the following paragraphs in the TPAC will be stricken: 3-10, 80-81, 91, 96-98, 100-10, 155-157, 158-163, 164-176 and 177-182.

DATED THIS 4th day of August 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff cites to *Forsyth v. Humana, Inc.,* 114 F.3d 1467 (9th Cir. 1997), but this case is no longer good law. *See Lacey v. Maricopa County,* 693 F3d. 896, 928 (9th Cir. 2012).