UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC, DISTRICT OF NEVADA AND ON DEMAND DIRECT RESPONSE III, LLC,<br><br>Plaintiff,<br>v.<br>SHANA LEE MCCART-POLLAK d/b/a LOL BUDDIES ENTERPRISES,<br><br>Defendants. | Case No. 2:15-cv-01576-MMD-NJK<br><br>ORDER |
| ALL RELATED ACTIONS | |

## I. SUMMARY

Before the Court is Third Party Defendant Kevin Harrington's ("Harrington") Motion to Dismiss Third-Party Plaintiff Shana Lee McCart-Pollak's ("Plaintiff") Amended Third Party Complaint ("Motion"). (ECF No. 233.) The Court has reviewed Plaintiff's opposition (ECF No. 253) and Harrington's reply (ECF No. 256). For the reasons discussed below, the Motion is granted in part and denied in part.

After completion of the briefing on the Motion, Plaintiff filed a supplement to her opposition. (ECF No. 264.) In response, Harrington moved to strike. (ECF No. 266.) The Court grants Harrington's motion to strike because Plaintiff's supplement was field without leave of court. *See* LR 7-2(g). As the Court previously observed, the issues raised in the briefs relating to Plaintiff's third party claims have been thoroughly briefed.

Plaintiff subsequently filed a motion to supplement. (ECF No. 271.) Harrington filed a response (ECF No. 272) and Plaintiff has replied (ECF No. 274). The Court denies Plaintiff's motion to supplement because the Court reviews Harrington's Motion based on the allegations in the Amended Third Party Complaint ("ATPC").

## II. RELEVANT BACKGROUND

A more thorough discussion of the background facts appears in the Court's Orders entered on September 30, 2016 ("Dismissal Order), and December 23, 2016 ("Reconsideration Order"). (ECF Nos. 191, 215.) As relevant to the Motion, the Court previously dismissed Plaintiff's claims against Third Party Defendants asserted in a complaint attached to Plaintiff's First Motion to Amend ("Draft Complaint") (ECF No. 143), but the Court granted Plaintiff leave to amend two claims for unjust enrichment and fraud against Harrington. (ECF No. 191.) Plaintiff moved for reconsideration. (ECF No. 194.) The Court denied her motion, but in doing so considered the Proposed First Amended Third Party Complaint ("FATPC") attached to her Second Motion to Amend (ECF No. 190). The Court found that the FATPC, as with the Draft Complaint, fails to state a claim. (ECF No. 215 at 6-7.) However, the Court gave Plaintiff leave to amend two claims against Harrington:

> [Plaintiff] understandably did not have the benefit of the Court's analysis in drafting the allegations relating to her claims for unjust enrichment and fraud against Harrington. The Court will therefore extend leave to amend to cure the deficiencies of these two claims as identified in the Dismissal Order.

(*Id.* at 7.)

Plaintiff then filed the ATPC which repeats the dismissed claims and names Harrington as well as the other Third Party Defendants.[1] (ECF No. 231.) Harrington again moves for dismissal.

///

///

---

[1] The Court addressed claims against the other Third Party Defendants in a separate order. (ECF No. 273.)

2

## III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, the notice pleading requirements of Rule 8(a) can be violated not only "when a pleading says *too little*," but also "when a pleading says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 57 (Oct. 6, 2014); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has

"alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will again review Plaintiff's ATPC with the appropriate degree of leniency.

## IV. DISCUSSION

### A. Claims Previously Dismissed

The Court granted Plaintiff leave to amend only two claims against Harrington— unjust enrichment and fraud. (ECF Nos. 191, 215.) Accordingly, claims asserted against the other Third Party Defendants and claims other than the two permitted against Harrington in violation of the Court's previous Orders will be stricken. (ECF No. 273.)

### B. Fraud

Harrington argues that Plaintiff's ATPC fails to state a claim in that Plaintiff alleges fraud through Harrington's implied conduct, not through any affirmative misrepresentation. (ECF No. 233 at 7.) The Court agrees.

In Nevada, the elements of fraud include: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and, (4) damage to the plaintiff as a result of relying on the misrepresentation. *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998).

Plaintiff alleges that Harrington "impl[ied] a future partnership and false promise to get back to [Plaintiff], but instead flipped the 'Lots of Love Buddies' concept and brochure to Third Party Defendants to knockoff and take to market a similar product 'CloudPets.'" (ECF No. 225 at 23.) With respect to the future partnership, Plaintiff alleges that "Harrington agreed and offered [her] the opportunity to pitch her concept with the intent that he would partner with her if he moved forward with her idea." (ECF No. 225 at 7.)

Accepting Plaintiff's allegations as true, the Court cannot reasonably infer that Harrington affirmatively made the representation that he will partner with Plaintiff. In fact, Plaintiff alleges that Harrington implied that "he would partner with her if he moved forward with her idea." (*Id.* at 7.) Thus, based on Plaintiff's allegations, Harrington did not falsely affirmatively represent without any equivocation that he would partner with her or would follow up with her.

Plaintiff's allegations fail to satisfy the first element of a claim for fraud. Given the multiple opportunities that Plaintiff has had to amend her fraud claim against Harrington, the fraud claim will be dismissed with prejudice.

### C. Unjust Enrichment

"The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." Leasepartners Corp., 942 P.2d 182, 187 (Nev. 1997) (quoting 66 Am. Jur. 2d Restitution § 11 (1973)). "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof. *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012). Moreover, the plaintiff must show some direct

///

relationship or dealings between the plaintiff and the defendant. *Zalk-Josephs Co. v. Wes Cargo, Inc.*, 366 P.2d 339, 342 (Nev. 1961).

According to Plaintiff, Harrington took her "Lots of Love Buddies" idea and brochure, including all the work that went into her concept, which allowed Harrington and others to bring her concept to market. (ECF No. 225 at 8-16.) Accepting these allegations as true, Plaintiff sufficient alleges that she conferred a benefit on Harrington—Plaintiff's "Lots of Love Buddies" concept, including brochure and "blueprints" (*id.* at 10)—and Harrington retained the benefits of Plaintiff's idea under circumstances such that it would be inequitable for him to retain. The Court finds that Plaintiff has stated a claim for unjust enrichment against Harrington.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Third Party Defendant Kevin Harrington's motion to dismiss (ECF No. 233) is granted in part and denied in part. The unjust enrichment claim will proceed against Harrington. The fraud claim is dismissed. All other claims and claims against the other Third Party Defendants will be stricken from the Amended Third Party Complaint.

It is further ordered that Harrington's motion to strike (ECF No. 266) is granted. Plaintiff's supplement (ECF No. 264) will be stricken.

It is further ordered that Plaintiff's motion to supplement (ECF No. 271) is denied.

DATED THIS 4th day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE