**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC, et al., )<br>Plaintiff(s), )<br>v. )<br>SHANA LEE MCCART-POLLAK, )<br>Defendant(s). ) | Case No. 2:15-cv-01576-MMD-NJK<br><br>NOTICE |

An attorney who is "subjected to professional disciplinary action" is required to " immediately inform the clerk in writing of the action." Local Rule IA 11-7(c). "Failure to make this report is grounds for discipline under these rules." *Id.* Once the notice is received, the matter is referred to the Court for appropriate action, including reciprocal discipline. Local Rule IA 11-7(e).

Through a Court filing on January 3, 2018, attorney Jeffrey Miller indicated that he is "no longer an active attorney admitted to practice before all the Courts in the State of California, as of December 7, 2017." Docket No. 300 at 4. What Mr. Miller's declaration omits is that this inability to practice law is the result of his default in disciplinary proceedings in California accusing him of a major misappropriation of client funds. *In the Matter of Jeffrey Anthony Miller, Member No. 144120*, Case No. 16-O-16334-DFM.[1] That order of default further indicates that, absent an order setting aside the

---

[1] The Court takes judicial notice of the California Bar records reflecting the disciplinary proceedings against Mr. Miller. *See White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (holding that judicial notice is proper for such records). Attached hereto is the order of entry of default, initiating notice of disciplinary charges, and Mr. Miller's response thereto.

1  default, Mr. Miller's disbarment will be recommended without further hearing or proceeding.  Neither

2  Mr. Miller nor co-counsel Tony Abbatangelo notified this Court of this disciplinary action.

3  Accordingly, the undersigned hereby provides notice of the above to the District Court Executive

4  for Nevada, Chief United States District Judge Gloria M. Navarro, and assigned United States District

5  Judge Miranda M. Du.  The Clerk's Office is further **INSTRUCTED** that, in light of other proceedings

6  before the Court, Mr. Miller shall remain on the CM/ECF distribution list for this case.

7  IT IS SO ORDERED.

8  DATED: February 23, 2018

9

10  _____
NANCY J. KOPPE
United States Magistrate Judge

11  cc:  Debra Kempi
Chief Judge Navarro

12  Judge Du

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

| STATE BAR COURT OF CALIFORNIA | FOR CLERK'S USE ONLY: |
|---|---|
| **HEARING DEPARTMENT** | **FILED** <br> DEC – 5 2017 <br> STATE BAR COURT <br> CLERK'S OFFICE <br> LOS ANGELES |
| 845 S. Figueroa Street, Los Angeles, CA 90017 | |
| In the Matter of: <br><br> **JEFFREY ANTHONY MILLER,** <br><br> **Member No. 144120,** <br><br> A Member of the State Bar. | Case No(s). 16-O-16334-DFM <br><br> **ORDER ENTERING DEFAULT AND ORDER ENROLLING INACTIVE (RULE 5.81 – FAILURE TO APPEAR)** |

## ORDER ENTERING DEFAULT:

As respondent **JEFFREY ANTHONY MILLER** (Respondent) failed to appear as a party at trial and the requirements of rule 5.81(A) of the Rules of Procedure of the State Bar are satisfied, Respondent's default is entered in this proceeding, effective upon the filing of this order. All previously scheduled court dates are vacated. The court takes judicial notice of Respondent's official membership records.

Respondent is notified that:

**Because you failed to appear at trial, the court has entered your default and deemed the facts alleged in the notice of disciplinary charges admitted. Except as ordered by the court, you may participate in these proceedings only if the court sets aside your default. If you fail to timely move to set aside your default, this court will enter an order recommending your disbarment without further hearing or proceeding. (See Rules Proc. of State Bar, rule 5.80 et seq.)**

## ORDER ENROLLING INACTIVE:

As the conditions of Business and Professions Code section 6007, subdivision (e)(1), are met, Respondent is enrolled as an inactive member of the State Bar of California under Business and Professions Code section 6007, subdivision (e). The inactive enrollment is effective immediately after a copy of this order is sent electronically to Respondent's official e-mail address. (Rules Proc. of State Bar, rule 5.250.)

**IT IS SO ORDERED.**

Dated: December **5**, 2017

DONALD F. MILES
Judge of the State Bar Court

# CERTIFICATE OF SERVICE

[Rules Proc. of State Bar; Rule 5.27(B); Code Civ. Proc., § 1013a(4)]

I am a Case Administrator of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of Los Angeles, on December 5, 2017, I deposited a true copy of the following document(s):

> ORDER ENTERING DEFAULT AND ORDER ENROLLING INACTIVE (RULE 5.81 – FAILURE TO APPEAR)

in a sealed envelope for collection and mailing on that date as follows:

☒ by certified mail, No. 7196 9008 9111 1007 2781, with return receipt requested, through the United States Postal Service at Los Angeles, California, addressed as follows:

> JEFFREY A. MILLER
> LAW FIRM OF JEFFREY MILLER
> 1304 E DEXTER ST
> COVINA, CA  91724 - 3226

☒ by e-mail to: jeffrey@JAMLAWOFFICES.COM and Kim.Kasreliovich@calbar.ca.gov

☒ by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

> KIMBERLY G. KASRELIOVICH, Enforcement, Los Angeles

I hereby certify that the foregoing is true and correct. Executed in Los Angeles, California, on December 5, 2017.

Mazie Yip
Case Administrator
State Bar Court

1 │ STATE BAR OF CALIFORNIA
    │ OFFICE OF CHIEF TRIAL COUNSEL
2 │ GREGORY DRESSER, No. 136532
    │ INTERIM CHIEF TRIAL COUNSEL
3 │ DONNA S. HERSHKOWITZ, No. 172480
    │ DEPUTY CHIEF TRIAL COUNSEL
4 │ RENE L. LUCARIC, No. 180005
    │ ASSISTANT CHIEF TRIAL COUNSEL
5 │ R. KEVIN BUCHER, No. 132003
    │ ACTING SUPERVISING ATTORNEY
6 │ KIM KASRELIOVICH, No. 261766
    │ SENIOR TRIAL COUNSEL
7 │ 845 South Figueroa Street
    │ Los Angeles, California 90017-2515
8 │ Telephone: (213) 765-1378

**FILED**

JUN 3 0 2017

STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

**PUBLIC MATTER**

9

10              STATE BAR COURT

11       HEARING DEPARTMENT - LOS ANGELES

12

13 │ In the Matter of:                  ) Case No.  16-O-16334, 16-O-16438,
                                         ) 16-O-16896
14 │ JEFFREY ANTHONY MILLER,            )
    │ No. 144120,                        ) NOTICE OF DISCIPLINARY CHARGES
15 │                                     )
                                         )
16 │ A Member of the State Bar.         )

17           **NOTICE - FAILURE TO RESPOND!**

18 │ **IF YOU FAIL TO FILE A WRITTEN ANSWER TO THIS NOTICE
    │ WITHIN 20 DAYS AFTER SERVICE, OR IF YOU FAIL TO APPEAR AT**
19 │ **THE STATE BAR COURT TRIAL:**

20 │ **(1)  YOUR DEFAULT WILL BE ENTERED;**
    │ **(2)  YOUR STATUS WILL BE CHANGED TO INACTIVE AND YOU
21 │        WILL NOT BE PERMITTED TO PRACTICE LAW;**
    │ **(3)  YOU WILL NOT BE PERMITTED TO PARTICIPATE FURTHER IN
22 │        THESE PROCEEDINGS UNLESS YOU MAKE A TIMELY MOTION
    │        AND THE DEFAULT IS SET ASIDE, AND;**
23 │ **(4)  YOU SHALL BE SUBJECT TO ADDITIONAL DISCIPLINE.
    │        SPECIFICALLY, IF YOU FAIL TO TIMELY MOVE TO SET ASIDE
24 │        OR VACATE YOUR DEFAULT, THIS COURT WILL ENTER AN
    │        ORDER RECOMMENDING YOUR DISBARMENT WITHOUT
25 │        FURTHER HEARING OR PROCEEDING.  SEE RULE 5.80 ET SEQ.,
    │        RULES OF PROCEDURE OF THE STATE BAR OF CALIFORNIA.**

26

27 │ ///

28 │ ///

-1-

kwiktag®   226 150 657

The State Bar of California alleges:

JURISDICTION

1. JEFFREY ANTHONY MILLER ("Respondent") was admitted to the practice of law in the State of California on December 11, 1989, was a member at all times pertinent to these charges, and is currently a member of the State Bar of California.

COUNT ONE

Case No.16-O-16438
Business and Professions Code, section 6106
[Moral Turpitude - Misappropriation]

2. Between on or about August 12, 2016, and on or about September 9, 2016, Respondent received on behalf of Respondent's investors, Peggy Donely and Reza Golshani, $67,800 to hold in trust and use as proof of funds in a diamond purchasing transaction. Between on or about August 12, 2016, and on or about September 9, 2016, Respondent deposited the $67,800 into Respondent's general account at Bank of America, account number xxxxxxxx5004 on behalf of the investors. Between on or about August 31, 2015, and September 15, 2015, Respondent's general account balance fell as low as -$312.92. Respondent dishonestly or grossly negligently misappropriated for Respondent's own purposes all $67,800 that Respondent was required to hold in trust for his investors, and thereby committed an act involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code, section 6106.

COUNT TWO

Case No.16-O-16438
Rules of Professional Conduct, rule 4-100(A)
[Failure to Maintain Client Funds in Trust Account]

3. Between on or about August 12, 2016, and on or about September 9, 2016, Respondent received on behalf of Respondent's investors, Peggy Donely and Reza Golshani, $67,800 to hold in trust and use as proof of funds in a diamond purchasing transaction. Between on or about August 12, 2016, and on or about September 9, 2016, Respondent deposited the $67,800 into Respondent's general account at Bank of America, account number xxxxxxxx5004 on behalf of the investors. Of this sum, Respondent was required to maintain all $67,800 in trust.

1  Respondent never deposited the funds in trust and between on or about August 31, 2015, and

2  September 15, 2015, Respondent's general account balance fell as low as -$312.92. Respondent

3  failed to maintain a balance of $67,800 on behalf of the investors, in Respondent's client trust

4  account, in willful violation of Rules of Professional Conduct, rule 4-100(A).

5  COUNT THREE

6  Case No. 16-O-16438<br>Business and Professions Code, section 6068(a)<br>[Failure to Uphold Laws – Breach of Fiduciary Duty]

7

8      4.  Between on or about August 12, 2016, and on or about September 9, 2016,

9  Respondent received on behalf of Respondent's investors, Peggy Donely and Reza Golshani,

10  $67,800 to hold in trust and use as proof of funds in a diamond purchasing transaction. Between

11  on or about August 12, 2016, and on or about September 9, 2016, Respondent deposited the

12  $67,800 into Respondent's general account at Bank of America, account number xxxxxxxx5004

13  on behalf of the investors. Of this sum, Respondent and the investors agreed Respondent would

14  lodge the funds in his law firm's client trust account and the proceeds would not be spent,

15  released, or liened against and would only be used as a proof of funds to allow Respondent to

16  induce a seller in a diamond transaction. Contrary to the terms of the agreement, Respondent

17  never deposited the funds in trust and between on or about August 31, 2015, and September 15,

18  2015, Respondent's general account balance fell as low as -$312.92. By failing to place the funds

19  in trust and thereafter misappropriating the funds from his general account, Respondent violated

20  his fiduciary duties as stated under *Worth v. State Bar* (1976) 17 Cal.3d 337, 341, and

21  Respondent thereby breached his duty to uphold laws in willful violation of Business and

22  Professions Code, section 6068(a).

23  COUNT FOUR

24  Case No. 16-O-16438<br>Business and Professions Code, section 6068(i)<br>[Failure to Cooperate in State Bar Investigation]

25

26      5.  Respondent failed to cooperate and participate in a disciplinary investigation pending

27  against Respondent by failing to provide a substantive response to the State Bar's letters of

28  October 11, 2016 and November 17, 2016, which Respondent received, that requested

-3-

1   Respondent's response to the allegations of misconduct being investigated in case no. 16-O-

2   16438, in willful violation of Business and Professions Code, section 6068(i).

3                                   COUNT FIVE

4                              Case No.16-O-16334
                     Business and Professions Code, section 6106
5                     [Moral Turpitude – Misappropriation]

6       6.  On or about September 1, 2015, Respondent received on behalf of Respondent's

7   investor, Tanner Gish, $25,000 to hold in trust and use as proof of funds in a diamond purchasing

8   transaction. On or about September 1, 2015, Respondent deposited the $25,000 into

9   Respondent's client trust account at Bank of America, account number xxxxxxxx2699 on behalf

10  of the investor. By on or about September 14, 2015, the balance in Respondent's trust account

11  had fallen to approximately $2.35. Respondent dishonestly or grossly negligently

12  misappropriated for Respondent's own purposes approximately $24,977.65 that Respondent was

13  required to hold in trust for his investor, and thereby committed an act involving moral turpitude,

14  dishonesty or corruption in willful violation of Business and Professions Code, section 6106.

15                                   COUNT SIX

16                              Case No.16-O-16334
                     Rules of Professional Conduct, rule 4-100(A)
17                  [Failure to Maintain Client Funds in Trust Account]

18      7.  On or about September 1, 2015,  Respondent received on behalf of Respondent's

19  investor, Tanner Gish, $25,000 to hold in trust and use as proof of funds in a diamond purchasing

20  transaction. On or about September 1, 2015, Respondent deposited the $25,000 into

21  Respondent's client trust account at Bank of America, account number xxxxxxxx2699 on behalf

22  of the investor. Of this sum, Respondent was required to maintain all $25,000 in trust. By on or

23  about September 14, 2015, the balance in Respondent's trust account had fallen to approximately

24  $2.35. Respondent failed to maintain a balance of $25,000 on behalf of the investors, in

25  Respondent's client trust account, in willful violation of Rules of Professional Conduct, rule 4-

26  100(A).

27  ///

28  ///

## COUNT SEVEN

Case No. 16-O-16334
Business and Professions Code, section 6068(a)
[Failure to Uphold Laws – Breach of Fiduciary Duty]

8.   On or about September 1, 2015, Respondent received on behalf of Respondent's investor, Tanner Gish, $25,000 to hold in trust and use as proof of funds in a diamond purchasing transaction. On or about September 1, 2015, Respondent deposited the $25,000 into Respondent's client trust account at Bank of America, account number xxxxxxxx2699 on behalf of the investor. Of this sum, Respondent and the investor agreed Respondent would lodge the funds in his law firm's client trust account and the proceeds would not be spent, released, or liened against and would only be used as a proof of funds to allow Respondent to induce a seller in a diamond transaction. Contrary to the terms of the agreement, by on or about September 14, 2015, the balance in Respondent's trust account had fallen to approximately $2.35. By failing to maintain the funds in trust and thereafter misappropriating the funds, Respondent violated his fiduciary duties as stated under *Worth v. State Bar* (1976) 17 Cal.3d 337, 341, and Respondent thereby breached his duty to uphold laws in willful violation of Business and Professions Code, section 6068(a).

## COUNT EIGHT

Case No. 16-O-16334
Business and Professions Code, section 6068(i)
[Failure to Cooperate in State Bar Investigation]

9.   Respondent failed to cooperate and participate in a disciplinary investigation pending against Respondent by failing to provide a substantive response to the State Bar's letters of October 11, 2016 and November 17, 2016, which Respondent received, that requested Respondent's response to the allegations of misconduct being investigated in case no. 16-O-16334, in willful violation of Business and Professions Code, section 6068(i).

///

///

///

## COUNT NINE

Case No. 16-O-16896
Business and Professions Code, section 6106
[Moral Turpitude - Misappropriation]

10. Between on or about December 16, 2015 and on or about January 19, 2016, Respondent received on behalf of Respondent's clients, Laura Hernandez, Salvador Hernandez, Ricardo Hernandez, Maurilia Renteria, Francisco Hernandez, Narcisco Hernandez, Arturo Hernandez, Maria Hernandez, and Maria Bueno, proceeds from the sale of a property to which the clients were heirs, totaling approximately $140,896.26. Between on or about December 16, 2015 and on or about January 19, 2016, Respondent deposited the $140, 896.26 into Respondent's client trust account at Bank of America, account number xxxxxxxx2699 on behalf of the clients. Between on or about December 17, 2015 and on or about January 25, 2016, Respondent's trust account balance fell as low as $1.42. Respondent dishonestly or grossly negligently misappropriated for Respondent's own purposes $140,894.84 that Respondent's clients, were entitled to receive, and thereby committed an act involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code, section 6106.

## COUNT TEN

Case No. 16-O-16896
Rules of Professional Conduct, rule 4-100(A)
[Failure to Maintain Client Funds in Trust Account]

11. Between on or about December 16, 2015 and on or about January 19, 2016, Respondent received on behalf of Respondent's clients, Laura Hernandez, Salvador Hernandez, Ricardo Hernandez, Maurilia Renteria, Francisco Hernandez, Narcisco Hernandez, Arturo Hernandez, Maria Hernandez, and Maria Bueno, proceeds from the sale of a property to which the clients were heirs, totaling approximately $140,896.26. Between on or about December 16, 2015 and on or about January 19, 2016, Respondent deposited the $140, 896.26 into Respondent's client trust account at Bank of America, account number xxxxxxxx2699 on behalf of the clients. Of this sum, the clients and their lienholders were entitled to approximately $140,896.26. Between on or about December 17, 2015 and on or about January 25, 2016, Respondent's trust account balance fell as low as $1.42. Respondent failed to maintain a balance

1 of $140,896.26 on behalf of the client in Respondent's client trust account, in willful violation of
2 Rules of Professional Conduct, rule 4-100(A).

3 <u>COUNT ELEVEN</u>

4 Case No. 15-O-13859
Business and Professions Code, section 6068(a)
5 [Failure to Uphold Laws – Failure to Pay Medical Liens]

6  12. Between on or about December 16, 2015 and on or about January 19, 2016,
7 Respondent received on behalf of Respondent's clients, Laura Hernandez, Salvador Hernandez,
8 Ricardo Hernandez, Maurilia Renteria, Francisco Hernandez, Narciso Hernandez, Arturo
9 Hernandez, Maria Hernandez, and Maria Bueno, proceeds from the sale of a property to which
10 the clients were heirs, totaling approximately $140,896.26. Between on or about December 16,
11 2015 and on or about January 19, 2016, Respondent deposited the $140,896.26 into
12 Respondent's client trust account at Bank of America, account number xxxxxxxx2699 on behalf
13 of the clients. Of this sum, the client's lienholders, namely California Department of Health
14 Care Services was entitled to $35,559.86 pursuant to liens held against Respondent's clients'
15 recovery. Respondent waited seven months to pay the California Department of Health Care
16 Services which caused interest to accrue and, in fact, prior to paying the lien, Respondent's
17 client trust account fell below the $35,559.86 that he was required to hold in trust. By failing to
18 timely pay the third-party lienholder, Respondent violated his fiduciary duties as stated under
19 *Johnstone v. State Bar* (1966) 64 Cal.2d 153, 155-56, and Respondent thereby breached his duty
20 to uphold laws in willful violation of Business and Professions Code, section 6068(a).

21 ///
22 ///
23 ///

Case No. 16-O-16896
Business and Professions Code, section 6106
[Moral Turpitude – Issuance of NSF Checks]

13. On or about August 26, 2016, Respondent issued the following checks drawn upon Respondent's client trust account at Bank of America, account no. xxxxxxxx2699 when Respondent knew or was grossly negligent in not knowing that there was insufficient funds in the CTA to pay them, and thereby committed an act involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code, section 6106:

| Check no. 13780 | Arturo Hernandez | $9,190.14 | Returned Unpaid |
| Check no. 13781 | Narcisco Hernandez | $9,190.14 | Returned Unpaid |
| Check no. 13785 | Laura Hernandez | $9,190.14 | Returned Unpaid |
| Check no. 13786 | Francisco Hernandez | $9,190.14 | Returned Unpaid |
| Check no. 13787 | Ricardo Hernandez | $9,190.14 | Returned Unpaid |
| Check no. 13788 | Maria Hernandez | $9,190.14 | Returned Unpaid |
| Check no. 13789 | Maria Bueno | $9,190.14 | Returned Unpaid |
| Check no. 13790 | Maurilia Renteria | $9,190.14 | Returned Unpaid |
| Check no. 13791 | Salvador Hernandez | $9,190.14 | Returned Unpaid |

COUNT THIRTEEN

Case No. 16-O-16896
Business and Professions Code, section 6068(i)
[Failure to Cooperate in State Bar Investigation]

14. Respondent failed to cooperate and participate in a disciplinary investigation pending against Respondent by failing to provide a substantive response to the State Bar's letters of October 27, 2016 and November 17, 2016, which Respondent received, that requested Respondent's response to the allegations of misconduct being investigated in case no. 16-O-16896, in willful violation of Business and Professions Code, section 6068(i).

///

///

///

## NOTICE - INACTIVE ENROLLMENT!

YOU ARE HEREBY FURTHER NOTIFIED THAT IF THE STATE BAR COURT FINDS, PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6007(c), THAT YOUR CONDUCT POSES A SUBSTANTIAL THREAT OF HARM TO THE INTERESTS OF YOUR CLIENTS OR TO THE PUBLIC, YOU MAY BE INVOLUNTARILY ENROLLED AS AN INACTIVE MEMBER OF THE STATE BAR. YOUR INACTIVE ENROLLMENT WOULD BE IN ADDITION TO ANY DISCIPLINE RECOMMENDED BY THE COURT.

## NOTICE - COST ASSESSMENT!

IN THE EVENT THESE PROCEDURES RESULT IN PUBLIC DISCIPLINE, YOU MAY BE SUBJECT TO THE PAYMENT OF COSTS INCURRED BY THE STATE BAR IN THE INVESTIGATION, HEARING AND REVIEW OF THIS MATTER PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6086.10.

Respectfully submitted,

THE STATE BAR OF CALIFORNIA
OFFICE OF CHIEF TRIAL COUNSEL

DATED: 6/30/17

By: KIM KASRELIOVICH
Senior Trial Counsel

-9-

# DECLARATION OF SERVICE

by

U.S. FIRST-CLASS MAIL / U.S. CERTIFIED MAIL / OVERNIGHT DELIVERY / FACSIMILE–ELECTRONIC TRANSMISSION

CASE NUMBER(s): **16-O-16334, 16-O-16438 & 16-O-16896**

I, the undersigned, am over the age of eighteen (18) years and not a party to the within action, whose business address and place of employment is the State Bar of California, 845 South Figueroa Street, Los Angeles, California 90017, declare that:

- on the date shown below, I caused to be served a true copy of the within document described as follows:

## NOTICE OF DISCIPLINARY CHARGES

☐ **By U.S. First-Class Mail: (CCP §§ 1013 and 1013(a))**
 - in accordance with the practice of the State Bar of California for collection and processing of mail, I deposited or placed for collection and mailing in the City and County of Los Angeles.

☒ **By U.S. Certified Mail: (CCP §§ 1013 and 1013(a))**

☐ **By Overnight Delivery: (CCP §§ 1013(c) and 1013(d))**
 - I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for overnight delivery by the United Parcel Service ('UPS').

☐ **By Fax Transmission: (CCP §§ 1013(e) and 1013(f))**
 Based on agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed herein below. No error was reported by the fax machine that I used. The original record of the fax transmission is retained on file and available upon request.

☐ **By Electronic Service: (CCP § 1010.6)**
 Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the electronic addresses listed herein below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

 ☐ *(for U.S. First-Class Mail)* in a sealed envelope placed for collection and mailing at Los Angeles, addressed to: *(see below)*

 ☒ *(for Certified Mail)* in a sealed envelope placed for collection and mailing as certified mail, return receipt requested,
 Article No.:        7196 9008 9111 1007 1784        at Los Angeles, addressed to: *(see below)*

 ☐ *(for Overnight Delivery)* together with a copy of this declaration, in an envelope, or package designated by UPS,
 Tracking No.: _____        addressed to: *(see below)*

| Person Served | Business-Residential Address | Fax Number | Courtesy Copy to: |
|---|---|---|---|
| Jeffrey Anthony Miller | Miller & Associates<br>1304 East Dexter St.<br>Covina, CA 91724 | Electronic Address | |

☐ **via inter-office mail regularly processed and maintained by the State Bar of California addressed to:**

**N/A**

I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for mailing with the United States Postal Service, and overnight delivery by the United Parcel Service ('UPS'). In the ordinary course of the State Bar of California's practice, correspondence collected and processed by the State Bar of California would be deposited with the United States Postal Service that same day, and for overnight delivery, deposited with delivery fees paid or provided for, with UPS that same day.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or package is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Los Angeles, California, on the date shown below.

DATED:  June 30, 2017

SIGNED: *Kimberly Bardales*

Kimberly Bardales
Declarant




1  Jeffrey A. Miller (State Bar No. 144120)
   LAW OFFICES OF JEFFREY A. MILLER & ASSOCIATES
2  1304 East Dexter Street
   Covina, CA 91724
3  Telephone: (213) 926-5885
   Facsimile: (626) 657-2690
4
   Attorneys for Respondent
5  Jeffrey A. Miller

**FILED**

**AUG 1 1 2017**

STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

6

7                  **STATE BAR COURT OF CALIFORNIA**

8                 **HEARING DEPARTMENT–LOS ANGELES**

9

10  In the Matter of:                              CASE NO. 16-O-16334-DFM

11  JEFFREY A. MILLER,

12  Member No.: 144120                       **RESPONSE OF RESPONDENT JEFFREY**
                                             **A. MILLER**
13

14        Respondent, JEFFREY A. MILLER, an individual, hereby responds to the NOTICE OF

15  DISCIPLINARY CHARGES, as follows:

16

17                              **RESPONSE**

18

19  1.  This is a case of not everything is as it appears at first glance. <u>The complaining parties</u>

20      <u>were not clients of Respondent</u>. Respondent did not take anyone's money without

21      permission, as they were willing investors. And contrary to the State Bar's charges, not

22      only has Respondent returned money to its investors, Respondent is prepared to return the

23      original investment and even more profits to the investors resulting in the complaining

24      parties receiving far in excess of the money invested by them, by more than one hundred

25      percent. In short, this is a matter where non-client investors used the State Bar complaint

26      process to try and leverage Respondent to pay more money and/or faster than he was able

27

28                                        1

1    to with regard to their investments.

2    2. Respondent admits the allegations contained in Paragraph One of the Notice of

3       Disciplinary charges ("NDC"), in that Respondent was at all times herein, a member of

4       the State Bar of California. However, Respondent respectfully objects to the subject

5       matter jurisdiction of the State Bar and this Court on the grounds that none of these

6       complaining parties were EVER clients at any time during the events addressed in the

7

8       NDC, and were investors only.

9    3. Respondent denies Count One contained in Paragraph Two of the NDC and pleads as

10      follows: Respondent received $67,800.00 in August 2015 (and not 2016 as alleged), that

11      was intentionally deposited into an account, other than Respondent's IOLTA, because it

12      was an investment. The investment money was received from Ms. Peggy Donley and

13      Reza Golshani, who are married to each other ("Donley & Golshani"), and whom

14      Respondent has known for twenty plus years. This money was an investment made

15      pursuant to a written agreement. The money was deposited by Donley and Golshani

16      themselves directly into the non-IOLTA account, knowingly and purposely. Donley and

17      Golshani were not clients of Respondent at any of the times related to this matter.

18      Respondent generated $56,200.00 in profit for Donley and Golshani by the end of October

19      2015 (only 2.5 months later) and at the direction of Donley and Golshani, <u>Respondent</u>

20      <u>distributed to Donley and Golshani $24,000.00 of the profits and reinvested $32,200.00 of</u>

21      <u>the profits</u>, along with their original $67,800.00 into another investment with Respondent.

22      It was only many months later, well after receiving the profit distribution of $24,000.00

23      from Respondent and reinvesting $32,200.00 of profits, when they did not receive

24      additional profits in a timeframe that they considered satisfactory to them, that Donley and

25      Golshani filed their complaint against Respondent with the State Bar, and they did so only

26

27

28

                                    2

to create leverage against Respondent, to attempt to force him to pay more money in a faster timeframe than he was able to do. As of this filing, Respondent is prepared to provide to Donley and Golshani their original investment of $67,800.00, their additional investment of $32,200.00 (which Respondent created for them in the way of profits) and additional profits of $10,000.00, to go along with the $24,000.00 in profits already distributed to them for a total of $67,800.00 in original money and $66,200.00 in profits total. The amount of the account balance in Respondent's IOLTA or any other account, after the deposit of the money, is irrelevant, as the money was not intended to be deposited to Respondent's IOLTA, was not intended to be held in trust and Donley and Golshani agreed to its release for the purposes of its investment by Respondent.

4. Respondent denies Count Two contained in Paragraph Three of the NDC and pleads as follows: Respondent did not commit any act of moral turpitude, as this money was not received on behalf of a client of Respondent and was not intended to be held in trust in any fashion. Therefore, the amount in the IOLTA account is irrelevant as the money was not intended to be held in trust. As an investment between Donley & Golshani and Respondent, in his individual capacity, and not in Respondent's capacity as a lawyer, the State Bar should not exercise it subject matter jurisdiction over this dispute, as Respondent was not acting as a lawyer in the investment transaction.

5. Respondent denies Count Three contained in Paragraph Four of the NDC on the grounds contained in Paragraphs 3-4 herein, which serve as a complete response to Count Three contained in Paragraph 4 of the NDC.

6. Respondent denies Count Four contained in Paragraph Five of the NDC and pleads as follows: Respondent did respond to the letters from the State Bar and had not one but three discussions with the State Bar Investigator, Mr. Benson Hom, wherein Respondent

expressed plainly that Donley and Golshani made an investment with Respondent in his individual capacity and not in his capacity as an attorney for or on behalf of Donley and Golshani, and as such the State Bar does not have any jurisdiction over the matter than if it involved a party that was not a licensed attorney. The State Bar may disagree with Respondent's position but that does not mean that Respondent failed to respond to the allegations. Respondent reserves his rights to challenge the subject matter jurisdiction of the State Bar over this dispute, as Donley and Golshani were not clients of Respondent, at any of the times related to this matter.

7. Respondent denies Count Five contained in Paragraph Six of the NDC and pleads as follows: Mr. Tanner Gish ("Gish") provided money to Respondent as an investment made pursuant to written agreement. Gish was not a client of Respondent at any time with regard to this matter or otherwise. <u>Respondent generated and disbursed $6,016.00 in profits in 2015 for Gish</u>, prior to his complaint to the State Bar, subsequent to his complaint to the State Bar. As of the time of this Response, Respondent is prepared to deliver the entirety of Gish's invested principal of $25,000.00 and an additional $20,000.00 in profits, to go with the $6,016.00 received in profits from the investment with Respondent, as of the filing of this Response for a total of $25,000.00 in principal and $26,016.00 in profits. The amount of the account balance in Respondent's IOLTA, is irrelevant, as Gish was not a client and was an investor, the money was not to be held in trust and Gish agreed to its release for the purposes of the Investment.

8. Respondent denies Count Six contained in Paragraph Seven of the NDC on the grounds contained in Paragraphs 6 and 7 herein, which serves as a complete response to Count Six contained in Paragraph 7 of the NDC.

4

9. Respondent denies Count Seven contained in Paragraph Eight of the NDC on the grounds contained in Paragraphs 6 and 7 herein, which serves as a complete response to Count Seven contained in Paragraph 8 of the NDC.

10. Respondent denies Count Eight contained in Paragraph Nine of the NDC and pleads as follows: Respondent did respond to the letters from the State Bar and had not one but three discussions with the State Bar Investigator, Benson Hom, wherein Respondent expressed plainly that Gish made an investment with Respondent in his individual capacity and not in his capacity as an attorney for or on behalf of Gish, and as such the State Bar does not have any jurisdiction over the matter than if it involved a party that was not a licensed attorney. The State Bar may disagree with Respondent's position but that does not mean that Respondent failed to respond to the allegations. Respondent reserves his rights to challenge the subject matter jurisdiction of the State Bar over this dispute, as Gish was not a client of Respondent, at any of the times related to this matter, or any other time.

11. Respondent denies Count Nine contained in Paragraph Ten of the NDC and pleads as follows: Respondent received $140,896.26 (the "Surplus Proceeds") from the sale of a property in which the persons named in Count Nine were the heirs (collectively the "Hernandez Heirs"). The Hernandez Heirs were not clients of Respondent at any of the times related to this matter, or at any other time. Respondent's client was in fact the real estate and lending firm that brought this file to Respondent, and paid Respondent's fees, in return for their share of the Surplus Proceeds. Once the Surplus Proceeds were received by Respondent, he contacted the Hernandez Heirs and inquired of their desire to invest their Surplus Proceeds to which they agreed. The money was moved out of Respondent's IOLTA and placed into the investment. Sometime well after the investment

5

had begun, the California Department of Health Care Services ("CDHCS") notified the
Hernandez Heirs and Respondent that it expected to be paid $35,559.86 of the Surplus
Proceeds, because the CDHCS had allegedly paid this amount of money on behalf of the
deceased former owner of the real property that was the basis of the Surplus Proceeds.
Respondent not only paid the CDHCS the entirety of what was owed from the investment
money, Respondent paid the interest as well from the investment money and offered to
deduct same from his share of the investment and not from the Hernandez Heirs' shares.
Further, Respondent has paid all third-party lien-holders and other parties entitled to the
Surplus Proceeds. Finally, as of the date of this Response, Respondent is prepared to give
the Hernandez Heirs' the entirety of their principal investment of $82,711.26 and
$87,000.00 in profits that have not been distributed.

12. Respondent denies Count Ten contained in Paragraph Eleven of the NDC on the grounds
    contained in Paragraph 12 herein, which serves as a complete response to Count Ten
    contained in Paragraph 11 of the NDC.

13. Respondent denies Count Eleven contained in Paragraph Twelve of the NDC on the
    grounds contained in Paragraph 12 herein, which serves as a complete response to Count
    Eleven contained in Paragraph 12 of the NDC.

14. Respondent denies Count Twelve contained in Paragraph Thirteen of the NDC on the
    grounds contained in Paragraph 12 herein, and further pleads as follows: no checks
    written were written against Respondent's IOLTA account, because the Hernandez Heirs
    were investors, and as such their money was not to be held, nor to be paid out of
    Respondent's IOLTA. Further, with regard to the checks that were written from an
    account other than Respondent's IOLTA, none of the checks were "returned for
    insufficient funds." The checks were not paid and/or would not have been paid if

6

presented, because Bank of America placed a hold on the account known as an "888" hold, which effectively froze the account and prevented any transaction from clearing, so that if someone were to present a check, they would be told it would not be honored or would be treated as "NSF" no matter what. This hold was placed to protect the account from theft as checks were stolen from Respondent's bag. As far as Respondent is aware, only one check was ever presented to Bank of America, as Respondent notified the Hernandez Heirs of the 888 hold, as soon as he was aware of it.

15.     Respondent denies Count Thirteen contained in Paragraph Fourteen of the NDC and pleads as follows: Respondent did respond to the letters from the State Bar and discussed the matter with the State Bar Investigator, Benson Hom, wherein Respondent expressed that Respondent's non-IOLTA account was under an 888 hold, and therefore no checks could present against the account.

16. Respondent seeks a full hearing on the charges filed against him and requests the Court to set the matter for discovery and hearing.


Dated:  July 25, 2017                                Respectfully submitted,

                                                     LAW OFFICES OF JEFFREY A. MILLER & ASSOCIATES


                                                     By:_____
                                                         Jeffrey A. Miller
                                                         Attorneys for Respondent

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1304 East Dexter Street, Covina, CA 91724. I am readily familiar with this firm's practice for collection and processing of correspondence addressed to the below named recipients, for mailing with the United States Postal Service. On August 6, 2017, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document:

**RESPONSE OF RESPONDENT JEFFREY A. MILLER**

KIM KASRELIOVICH, SENIOR TRIAL COUNSEL
STATE BAR OF CALIFORNIA OFFICE OF CHIEF TRIAL COUNSEL
845 South Figueroa Street
Los Angeles, California 90017-2515

And

LOUISA AYRAPETYAN, CASE ADMINISTRATOR
ADMINISTRATIVE SERVICES-STATE BAR COURT
845 South Figueroa Street
Los Angeles, CA 90017

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

As a courtesy to the recipients, I further caused this document to be sent, via email, to the above-named recipients.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 6, 2017, at Covina, California.

_____
Thomas Dominguez

8