**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC, et al., | Case No. 2:15-cv-01576-MMD-NJK |
| Plaintiff(s), | REPORT AND RECOMMENDATION |
| v. | ORDER CERTIFYING FACTS FOR CONTEMPT HEARING |
| SHANA LEE MCCART-POLLAK, | |
| Defendant(s). | |

Pending before the Court is an order for On Demand Direct Response, LLC, On Demand Direct Response III, LLC, and attorney Jeffrey Miller to show cause why they should not be sanctioned and held in contempt. Docket No. 297.[1] Also pending before the Court are Ms. McCart-Pollak's motions to hold Mr. Miller in contempt and for sanctions. Docket Nos. 291, 292. On February 23, 2018, the Court held a hearing on those matters. Docket No. 320; *see also* Docket No. 321 (Hearing Tr.). Neither Mr. Miller nor a corporate representative for On Demand appeared at the hearing. *See* Docket No. 320.

For the reasons discussed below, the undersigned **RECOMMENDS** that case-dispositive sanctions be imposed against On Demand, including entry of default judgment on Ms. McCart-Pollak's counterclaims.

---

[1] No effort has been made to differentiate between the two On Demand entities with respect to the matters currently before the Court. *See, e.g.*, Docket No. 285 (response to motion to compel); Docket No. 300 (response to order to show cause). Accordingly, the Court also treats On Demand collectively herein.

In addition, the Court **CERTIFIES** the facts outlined below pursuant to 28 U.S.C. § 636(e)(6)(B)(iii). The Court further **ORDERS** that On Demand and Mr. Miller shall appear before United States District Judge Miranda M. Du at 9:30 a.m. on June 19, 2018, in a Las Vegas Courtroom to be determined to show cause why they should not be held in contempt.

Except as otherwise identified herein, the Court **DISCHARGES** the remaining aspects of the order to show cause. Consistent with the sanctions recommended herein, the Court **GRANTS** in part and **DENIES** in part Ms. McCart-Pollak's motions at Docket Nos. 291 and 292.

**I.    BACKGROUND**

Obtaining discovery from On Demand has been a Sisyphean task for Ms. McCart-Pollak. On July 18, 2017, Ms. McCart-Pollak served various requests for production. *See* Docket No. 282 at 6-9. With respect to Requests for Production Numbers 3, 4, 5, 8, 15, 17, 18, 20, and 21, On Demand responded through its attorney (Mr. Miller) that it would provide a compact disc with electronic copies of responsive documents by August 25, 2017. *See id.* On Demand did not provide those documents by that date, instead asserting technical difficulties in placing the documents onto a compact disc. *See id.* at 9. As of October 24, 2017, On Demand still had not produced the responsive documents, leading Ms. McCart-Pollak to file a motion to compel. Docket No. 282. On Demand did not oppose that aspect of the motion to compel, instead requesting one "final two-week extension" to make its production. Docket No. 285 at 2. In particular, On Demand specifically sought "an order from the Court setting November 21, 2017 as the date by which On Demand shall produce a copy of the documents on CD for McCart-Pollack." *Id.*

Three days after the reply was filed, the Court provided On Demand the relief it requested, ordering on November 17, 2017 as follows:

> As there is no dispute that the documents must be produced and On Demand has represented that they can be produced by November 21, 2017, the Court hereby **GRANTS** this aspect of the motion to compel and **ORDERS** that On Demand shall serve on Ms. McCart-Pollak, by November 21, 2017, a compact disc providing all responsive documents to the above requests.

Docket No. 289 at 2.

As of November 27, 2017, On Demand had failed to comply with the Court's order, prompting Ms. McCart-Pollak to seek a finding of contempt and imposition of sanctions against On Demand and its counsel, Mr. Miller. Docket No. 291. On Demand and Mr. Miller did not respond to that motion.

The Court thereafter issued an order for On Demand and Mr. Miller to show cause why serious sanctions (including case-dispositive sanctions) should not be imposed and why they should not be held in contempt. Docket No. 297. The response to the order to show cause indicated in conclusory fashion that Mr. Miller was "no longer an active attorney as of December 7, 2017," and that On Demand lacks the funds to comply with its discovery obligations. Docket No. 300 at 2. No corroborating evidence was provided, but rather only a declaration providing bald representations. *See id.* at 4. Serious concerns exist as to the accuracy of this declaration. First, Mr. Miller stated evasively that he is "no longer an active attorney," *id.*, when in reality he was temporarily prevented from practicing law due to his default in a serious disciplinary proceeding conducted by the California Bar in which he is accused of major misappropriation of client funds, *see* Docket No. 319.[2] Second, Mr. Miller and On Demand more generally have been making repeated representations as to the imminent filing for bankruptcy, including through Mr. Miller's declaration, Docket No. 300 at 4,[3] but no notice of bankruptcy has ever been filed.

---

[2] Mr. Miller's status as an attorney eligible to practice law has been in flux. On December 5, 2017, Mr. Miller was placed on inactive status because he defaulted in disciplinary proceedings with the California Bar. *See* Docket No. 319; *see also White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (judicial notice of state bar records is proper). On February 21, 2018, the California Bar vacated its default against Mr. Miller and allowed him to return to active status during the pendency of the disciplinary proceedings against him. *See In the Matter of Jeffrey A. Miller*, Case No. 16-O-16334-DFM (Cal. St. Bar Ct. Feb. 21, 2018). On April 17, 2018, the California Bar reinstated the default against Mr. Miller for again failing to appear at trial. *See In the Matter of Jeffrey A. Miller*, Case No. 16-O-16334-DFM (Cal. St. Bar Ct. Apr. 17, 2018).

[3] In light of On Demand's threats of bankruptcy, the order to show cause specifically instructed that any argument that potential or actualized bankruptcy proceedings impact the order to show cause was to be included in the response to the order to show cause, and to be supported by meaningfully developed argument. Docket No. 297 at 2 n.1. The Court also noted Ninth Circuit case law that appears to foreclose any such argument. *See id.* (citing *Dingley v. Yellow Logistics, LLC*, 852 F.3d 1143 (9th Cir. 2017) and *Berg v. Good Samaritan Hosp.*, 230 F.3d 1165 (9th Cir. 2000)). No argument has been presented that any potential or actualized bankruptcy proceeding impacts the instant matters regarding sanctions and contempt.

As a result, on February 9, 2018, the Court set a hearing for February 23, 2018, and expressly ordered Mr. Miller and a corporate representative for On Demand to personally appear at that hearing. Docket No. 316. Neither Mr. Miller nor a corporate representative for On Demand appeared at the hearing. Docket No. 320.[4] The local counsel who did appear (Tony Abbatangelo) was unable to answer even the most basic of questions. *See, e.g.*, Hearing Tr. at 7 (asserting that he did not know what the unspecified "technical issues" were that purportedly prevented On Demand from providing responsive documents). Mr. Abbatangelo generally asserted that On Demand and Mr. Miller refused to cooperate in discovery and that they generally lacked the funds to participate in litigation. *See, e.g.*, *id.* at 5-7. No corroborating evidence was presented as to On Demand's or Mr. Miller's alleged financial difficulties. Mr. Abbatangelo was able to confirm, however, that the representations of an imminent bankruptcy were false and that bankruptcy had not been filed to date. *See id.* at 13.

At this point in time, On Demand has simply ceased participating in this case, evidencing no intention to provide discovery to Ms. McCart-Pollak or to comply with the Court's orders. *See, e.g.*, *id.* at 5-7, 10-11; Docket No. 300 at 4.[5]

---

[4] Mr. Miller was supposed to appear not only on his own behalf, but as the corporate representative for On Demand since he is a partner. Hearing Tr. at 5-6. Local counsel relayed Mr. Miller's contention that he is purportedly unable to pay for transportation to appear for the hearing. *See id.* at 4-5. Mr. Miller is located in Covina, California, *see, e.g.*, Docket No. 300 at 4, which is less than 250 miles away from this courthouse, *see McCormack v. Hiedeman*, 694 F.3d 1004, 1008 n.1 (9th Cir. 2012) (judicial notice of distances on Google maps is proper). No attempt was made to explain why the relatively minimal cost of driving or taking a bus was not feasible.

[5] The Court focuses its analysis on conduct occurring after the undersigned's assignment to the case on January 9, 2017, at which point the case had been ongoing for some time. *See* Docket No. 221. The Court notes Ms. McCart-Pollak's contention that On Demand and Mr. Miller have an extensive history of litigation misconduct beyond that which is described herein. *See, e.g.*, Docket No. 291 at 4-5. For example, On Demand violated the order to obtain counsel and refused to participate in this litigation previously, leading to the dismissal of their claims against Ms. McCart-Pollak. *See* Docket No. 161 (report and recommendation), Docket No. 171 (order adopting report and recommendation). Such prior misconduct further bolsters the recommendation herein that dispositive sanctions should be imposed with respect to Ms. McCart-Pollak's counterclaims. *Cf. Herb Reed Enters., Inc. v. Monroe Powell's Platters, LLC*, Case No. 2:11-cv-02010-PMP-NJK, 2013 WL 3729720, at *6 (D. Nev. July 11, 2013), *adopted*, 2013 WL 5278518 (D. Nev. Sept. 17, 2013).

**II.    CASE-DISPOSITIVE SANCTIONS**[6]

The Court begins by analyzing whether the imposition of case-dispositive sanctions is appropriate given On Demand's violation of the Court's orders[7] and its failure to continue participating in this case more generally.

A.    STANDARDS

The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. As the text of Rule 1 now makes explicit, the duty to strive toward that goal is shared by the Court and the parties. *See id.* It is with that charge as a guide that courts construe and administer the Rules. There are several mechanisms by which this goal can be accomplished, including imposing case-dispositive sanctions against a party who impedes the litigation process by failing to comply with its obligations. *See Greene v. Wal-Mart Stores, Inc.*, Case No. 2:15-cv-00677-JAD-NJK, 2016 WL 829981, at *5 (D. Nev. Jan. 26, 2016), *adopted*, 2016 WL 829977 (D. Nev. Mar. 3, 2016).

Rule 16 is a central pretrial rule that authorizes the Court to manage cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liability Litig.,* 460 F.3d 1217, 1227 (9th Cir. 2006). "Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.* Rule 16(f) specifically provides that "the court may issue any just orders, including those authorized by Rule

---

[6] The Court will use herein the term "case-dispositive" sanctions. As noted above, however, On Demand's affirmative claims against Ms. McCart-Pollak have already been dismissed, *see* Docket No. 171, leaving active Ms. McCart-Pollak's counterclaims against On Demand. The Court also notes that Ms. McCart-Pollak also has certain third-party claims that remain active.

[7] On Demand has violated at least three orders–the order requiring it to obtain counsel, the order requiring production of documents, and the order requiring attendance by a corporate representative at the show cause hearing. Docket Nos. 99, 289, 316.

37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1).[8]

Rule 37 governs discovery disputes more specifically, as well as sanctions stemming therefrom. Similar to Rule 16, Rule 37 provides for sanctions against a party who fails to comply with discovery orders: "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).

District courts have "great latitude" in fashioning sanctions pursuant to Rule 37. *See Lew v. Kona Hosp.,* 754 F.2d 1420, 1425 (9th Cir .1985). In appropriate situations, the Court may find that a severe sanction is necessary to prevent some benefit to the sanctioned party. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642-43 (1976) (finding that extreme sanction of dismissal was appropriate due to respondents' flagrant bad faith and their counsel's callous disregard of responsibilities). At the same time, a case-dispositive sanction is a harsh penalty reserved for extreme circumstances. *See, e.g.*, *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011).

The Ninth Circuit has constructed a five-factor analysis to determine whether imposition of a case-dispositive sanction under Rule 37 is just: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Hester v. Vision Airlines, Inc.,* 687 F.3d 1162, 1169 (9th Cir. 2012).[9] With respect to this final consideration, the Ninth Circuit looks to (1) whether the Court considered lesser sanctions; (2) whether it tried lesser sanctions; and (3) whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. *See, e.g., id.* at 1170. It is not always necessary to impose less severe

---

[8] Rule 37(b)(2)(A) in turn enumerates several potential sanctions, up to and including case-dispositive sanctions.

[9] "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a . . . [case-dispositive] sanction. Thus the key factors are prejudice and the availability of lesser sanctions." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)).

sanctions first, or to give any explicit warning that a case-dispositive sanction may be imposed. *Valley Eng'rs Inc. v. Electric Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir.1998). A court may consider all of the offending party's discovery conduct when making its determination of the appropriate sanction. *Henry,* 983 F.2d at 947.

The test provides courts with a way to think about what to do rather than a set of conditions precedent for imposing sanctions. *Valley Engineers*, 158 F.3d at 1057.

B.     ANALYSIS

   **1.     Expeditious Resolution of Litigation**

"Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Phenylpropanolamine Products*, 460 F.3d at 1227. Here, On Demand has habitually failed to comply with its discovery obligations, even after being ordered by the Court to provide discovery. On Demand compounded that shortcoming by failing to appear as ordered at the show cause hearing. This behavior is inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action.

This factor militates in favor of dismissal.

   **2.     Court's Need to Manage Its Docket**

It has long been recognized that the Court's inherent power to control its docket includes the ability to issue severe case-dispositive sanctions when appropriate. *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1961)). Indeed, the Supreme Court has noted that case-dispositive sanctions "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League*, 427 U.S. at 643. On Demand's refusal to comply with its discovery obligations and to appear as ordered has thwarted the advancement of the case by making it difficult for the Court to effectively manage its docket.

This factor militates in favor of dismissal.

### 3. Risk of Prejudice

Actions that impair an opposing party's ability to go to trial or interfere with the rightful decision of the case are prejudicial. *See Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997). In this case, there is a substantial risk of prejudice to Ms. McCart-Pollak. Despite repeated promises to provide the discovery at issue and a Court order compelling that discovery, On Demand has simply refused to provide that discovery and has ceased participating in this case. Such conduct impairs Ms. McCart-Pollak's ability to go to trial and interferes with the rightful decision of the case. *See id.* ("failure to produce documents as ordered . . . is sufficient prejudice" (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).[10]

This factor militates in favor of dismissal.

### 4. Public Policy

"[T]he public policy favoring disposition of cases on their merits strongly counsels against" case-dispositive sanctions. *Phenylpropanolamine Products*, 460 F.3d at 1228 (citation omitted). Although this factor may cut against recommending case-dispositive sanctions, it is not enough to prevent such a recommendation. *See Henry*, 983 F.2d at 948; *see also Phenylpropanolamine Products*, 460 F.3d at 1228. On Demand's lack of participation in the discovery process has made it impossible for the Court to continue the case with reasonable assurance that Plaintiff has sufficient access to facts needed to prosecute her claims. Moreover, given the repeated violation of Court orders, the Court is not confident that such discovery can be obtained absent extreme measures. Indeed, as discussed more fully below, the undersigned has initiated contempt proceedings as a last resort in an effort to coerce On Demand to provide discovery.

### 5. Less Drastic Sanctions

The Court must consider the adequacy of less drastic sanctions before imposing a case-dispositive sanction. As noted above, the Ninth Circuit looks to (1) whether this Court considered lesser sanctions; (2) whether it tried lesser sanctions; and (3) whether it warned the recalcitrant party about the

---

[10] Even if the contempt proceedings outlined below are sufficient to coerce On Demand to provide discovery, prejudice to Ms. McCart-Pollak remains. *See, e.g., Payne*, 121 F.3d at 508 (that discovery was eventually provided does not obviate the prejudice incurred).

possibility of case-dispositive sanctions. *See, e.g.*, *Hester*, 687 F.3d at 1170. The Ninth Circuit has indicated that it is not always necessary to impose less severe sanctions first, or to give any explicit warning that a case-dispositive sanction may be imposed. *Valley Engineers*, 158 F.3d at 1057. However, the disobedient party's conduct must be due to willfulness, fault, or bad faith for a case-dispositive sanction to be appropriate. *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). A court may consider all of the offending party's discovery conduct when making its determination of the appropriate sanction. *Henry*, 983 F.2d at 947. A party's repeated failure to comply with discovery requests and the Court's orders manifests the requisite fault to justify case-dispositive sanctions. *Sigliano*, 642 F.2d at 310.

In this instance, sanctions less drastic than dismissal are not available. As noted above, the risk of prejudice to Ms. McCart-Pollak resulting from On Demand's discovery violations is significant. Moreover, the possibility of dispositive sanctions cannot come as a surprise to On Demand. On Demand was given express notice that dispositive sanctions could be imposed with respect to the instant misconduct, Docket No. 297, but provided a half-hearted written response and then violated the Court's order to appear for a show cause hearing. Aggravating the circumstances, <u>dispositive sanctions have already been entered in this case against On Demand with respect to its affirmative claims against Ms. McCart-Pollak based on, *inter alia*, its violation of a Court order</u>. *See* Docket Nos. 161, 171. Dismissal of On Demand's affirmative claims has failed to deter it from violating additional orders that are related to Ms. McCart-Pollak's counterclaims.

Moreover, what is most critical for case-dispositive sanctions is whether the party has a pattern of discovery abuses that make it impossible for the Court to conduct the trial with any reasonable assurance that the truth would be available. *Valley Engineers*, 158 F.3d at 1057-58. Those are precisely the circumstances the Court faces in this case, and On Demand's pattern of discovery violations and flouting Court orders justifies case-dispositive sanctions. *Sigliano*, 642 F.2d at 310.

Lastly, On Demand's repeated failure to comply with its discovery obligations and the Court's orders manifests sufficient fault to justify case-dispositive sanctions here.

This factor militates in favor of dismissal.

### 6. Conclusion

In light of the above, the undersigned concludes that case-dispositive sanctions against On Demand are warranted in the circumstances of this case.

## III. CONTEMPT

The imposition of case-dispositive sanctions to address a recalcitrant litigant's refusal to engage in the discovery process and comply with Court orders may obviate the need to initiate contempt proceedings. The Ninth Circuit has held that contempt proceedings to coerce compliance with discovery obligations are improper if the entry of judgment renders the discovery "no longer necessary in the proceeding." *Danning v. Lavine*, 572 F.2d 1386, 1389-90 (9th Cir. 1978). The Ninth Circuit has also left open the possibility that contempt proceedings may properly continue after entry of judgment, however, when the discovery at issue remains pertinent to the case. *See id.* at 1389 n.1 (discussing *United States v. Cappetto*, 502 F.2d 1351 (7th Cir. 1974), and indicating that contempt proceedings may continue after judgment when "[t]he purpose of the discovery order had not yet abated and therefore continuing coercion was appropriate"). In this case, Ms. McCart-Pollak has explained that the missing discovery is not only important with respect to her counterclaims involving On Demand, but is also important with respect to her pending claims against third-party defendant Harrington. Hearing Tr. at 15. Hence, this is not a case in which the imposition of case-dispositive sanctions against On Demand renders the subject discovery unnecessary.[11] As such, the undersigned finds civil contempt proceedings sufficient to coerce compliance by On Demand and Mr. Miller are appropriate in addition to case-dispositive sanctions.

### A. STANDARDS

The failure to abide by a discovery order can result in the issuance of various "just orders," including holding the violating party in contempt. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii). The contempt

---

[11] Indeed, entering judgment with respect to On Demand would not prevent Ms. McCart-Pollak from seeking discovery from On Demand through a subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure. *Cf. Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158-59 (9th Cir. 2010) (defaulting defendants are treated as non-parties for discovery purposes). Non-compliance with any such subpoena would also subject On Demand to contempt proceedings. Fed. R. Civ. P. 45(g).

power of a magistrate judge regarding failure to abide by a discovery order is governed by 28 U.S.C. § 636(e). *See Aldridge v. Young*, 782 F. Supp. 1457, 1458 (D. Nev. 1991). Section 636(e) in its current form provides in relevant part that where:

> the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

*See* 28 U.S.C. § 636(e)(6)(B)(iii). The assigned district judge then hears the evidence to determine whether the conduct warrants punishment, and may impose contempt sanctions in the same manner and to the same extent as for a contempt committed before the district judge herself. *See id.*; *see also In re Kitterman*, 696 F. Supp. 1366, 1370 (D. Nev. 1988).

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). For civil contempt to be found, there must be clear and convincing evidence that the contemnors violated a specific and definite order of the Court. *F.T.C. v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004) (quoting *F.T.C. v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999)). If such evidence exists, the burden shifts to the contemnors to demonstrate why they were unable to comply. *Id.*[12]

A finding of contempt is not appropriate where the contemnors have taken "all reasonable steps" to comply with the Court's order. *See, e.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1479 (9th Cir. 1992). Asserting an impossibility defense is not successful based on conclusory representations. Instead, the contemnor bears the burden of producing evidence showing "categorically and in detail" why it is unable to comply. *Affordable Media*, 179 F.3d at 1241; *see also In re Icenhower*,

---

[12] There need not be an intentional violation of the order to find a party in civil contempt. *See, e.g.*, *General Signal Corp.*, 787 F.2d at 1379.

755 F.3d 1130, 1139 (9th Cir. 2014) (the contemnor must come forward with competent evidence of the inability to comply).

Rule 37(b)(2)(A) provides that a "party or a party's officer, director, or managing agent" may be sanctioned for disobeying an order to provide discovery, up to and including imposition of a contempt sanction. As the Ninth Circuit has recognized:

> It is imperative that we hold these officers in contempt if we are to have respect for and obedience to our orders in such cases. Our order was intended to protect legal rights. Contempt proceedings are unnecessary when such rights are honored. Responsibility must reach those with the power to alter the prohibited conduct.

*N.L.R.B. v. Sequoia Dist. Council of Carpenters, AFL-CIO*, 568 F.2d 628, 634 (9th Cir. 1977). Quite simply, "[a]n order to a corporation binds those who are legally responsible for the conduct of its affairs." *United States v. Laurins*, 857 F.2d 529, 535 (9th Cir. 1988).

### B. CERTIFIED FACTS

The Court finds that there are certifiable facts warranting the issuance of an order requiring On Demand and Mr. Miller to appear before the assigned district judge to show cause why they should not be held in civil contempt.

The Court entered a clear and definite order as follows:

> On July 18, 2017, Ms. McCart-Pollak served various requests for production. *See* Docket No. 282 at 6-9. With respect to Request for Production Numbers 3, 4, 5, 8, 15, 17, 18, 20, and 21, On Demand responded by asserting that it would provide a compact disc with electronic copies of responsive documents by August 25, 2017. *See id.* While these documents are now long-overdue, On Demand has not provided them to date citing "technical" difficulties. To that end, On Demand does not argue that it is not required to produce responsive documents, but instead seeks an order from the Court setting a new deadline of November 21, 2017 by which to produce the documents on compact disc for Ms. McCart-Pollak. Docket No. 285 at 2. As there is no dispute that the documents must be produced and On Demand has represented that they can be produced by November 21, 2017, the Court hereby **GRANTS** this aspect of the motion to compel and **ORDERS**

that On Demand shall serve on Ms. McCart-Pollak, by November 21, 2017, a compact disc providing all responsive documents to the above requests.

Docket No. 289 at 2.

On Demand and Mr. Miller do not contest that they violated that order, having failed to produce the documents as directed.

On Demand and Mr. Miller reference a lack of funds and a third-party vendor's refusal to release the identified compact disc due to lack of payment. *See, e.g.*, Docket No. 300 at 4. Despite ample opportunity to do so, however, they have to date failed to substantiate the alleged inability to comply with a detailed explanation or evidentiary support beyond bald assertions.

Moreover, Mr. Miller is not only On Demand's attorney in this case, he is also an officer of On Demand as one of its partners. *See* Hearing Tr. at 5-6. On Demand's non-compliance with its discovery obligations was the result of Mr. Miller's actions (or inactions). *See, e.g.*, Docket No. 282 at 36 (email of September 21, 2017, promising production of documents); Docket No. 285 at 2 (brief seeking order providing "final" extension to provide documents in lieu of sanctions); Docket No. 300 at 4 (declaration as to Mr. Miller's personal knowledge regarding the facts surrounding On Demand's non-compliance).

**IV.   CONCLUSION**

For the reasons discussed above, the undersigned **RECOMMENDS** that dispositive sanctions be imposed against On Demand, including entry of default judgment on Ms. McCart-Pollak's counterclaims.

In addition, the Court **CERTIFIES** the facts outlined above pursuant to 28 U.S.C. § 636(e)(6)(B)(iii). The Court further **ORDERS** that On Demand and Mr. Miller shall appear before United States District Judge Miranda M. Du at 9:30 a.m. on June 19, 2018, in a Las Vegas Courtroom to be determined to show cause why they should not be held in contempt.

Except as otherwise identified herein, the Court **DISCHARGES** the remaining aspects of the order to show cause. Consistent with the sanctions recommended herein, the Court **GRANTS** in part and **DENIES** in part Ms. McCart-Pollak's motions at Docket Nos. 291 and 292.

IT IS SO ORDERED.

DATED: April 20, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).