1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ON DEMAND DIRECT RESPONSE, LLC, et al., )

       Plaintiff(s), )

v. )

SHANA LEE MCCART-POLLAK, )

       Defendant(s). )

                  )

Case No. 2:15-cv-01576-MMD-NJK

ORDER

(Docket No. 294)

Pending before the Court is Counter-Claimant Shana Lee McCart-Pollak's motion to compel and for sanctions against Counter-Defendant On Demand Direct Response III, LLC. Docket No. 294. On Demand failed to file a response in opposition, prompting the Court to order On Demand to show cause why the motion should not be granted as unopposed. Docket No. 315 (citing Local Rule 7-2(d)). At the show cause hearing, On Demand represented that it has simply not complied with its discovery obligations and has no argument as to why the motion to compel should not be granted. Hearing Tr. (Docket No. 321) at 10-11.

Accordingly, the motion to compel and for sanctions is **GRANTED**.[1]  On Demand shall provide further discovery responses to the requests identified in the motion within 30 days of the issuance of this order.  The Court further orders On Demand to pay Ms. McCart-Pollak's costs in preparing her motion and for a portion of any costs incurred in attending the hearing.[2]  For the reasons already explained elsewhere in this case, the Court declines to award Ms. McCart-Pollak attorneys' fees or to *sua sponte* impose additional, unidentified sanctions.  *See* Docket No. 289 at 6 & n.7.  The Court urges Ms. McCart-Pollak and On Demand's counsel to confer on an amount of costs to be awarded.  To the extent they cannot agree on an amount, Ms. McCart-Pollak shall file a "Motion to Calculate Costs" within 14 days of the issuance of this order.

IT IS SO ORDERED.

DATED: April 20, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Concurrently herewith, the undersigned is recommending case-dispositive sanctions against On Demand.  While such sanctions would ordinarily moot the need for discovery, here the discovery on its face also relates to Ms. McCart-Pollak's claims against other parties.  *See* Docket No. 294 at 7 (seeking information regarding communications with Kevin Harrington); *see also* Hearing Tr. (Docket No. 321) at 15 (explaining how discovery from On Demand remains important to this case apart from the counterclaims against On Demand).  Accordingly, it does not appear that this discovery is moot.

[2] That hearing involved numerous outstanding issues in addition to this motion, so the award of costs will be apportioned accordingly.

2