UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>SHANA LEE MCCART-POLLAK,<br><br>Defendant(s). | Case No.: 2:15-cv-01576-MMD-NJK<br><br>**Order**<br><br>[Docket No. 327] |

Pending before the Court is Third-Party Plaintiff Shana McCart-Pollak's motion to compel and for sanctions. Docket No. 327.[1] Third-Party Defendant Kevin Harrington filed a response in opposition, and Ms. McCart-Pollak filed a reply. Docket Nos. 332, 340. The motion is properly decided without a hearing. *See* Local Rule 78-1. For the reasons outlined below, the motion to compel is **GRANTED** in part and **DENIED** in part. The request for sanctions is **DENIED**.

**I.  STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Parties are entitled to discover non-privileged information that is relevant to any party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the amount in controversy, the parties' relative

---

[1] As Ms. McCart-Pollak is proceeding *pro se*, the Court construes her arguments liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to the discovery rules were meant to curb the culture of scorched earth litigation tactics by emphasizing the importance of ensuring that the discovery process "provide[s] parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016).

When a party fails to provide discovery, the requesting party may move to compel that discovery. *See* Fed. R. Civ. P. 37(a). Conversely, a party from whom discovery is sought may move for a protective order. *See* Fed. R. Civ. P. 26(c). For good cause shown, courts may issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See id.*; *see also* Fed. R. Civ. P. 26(b)(2)(C) (courts must limit frequency or extent of discovery that is otherwise permissible if that discovery is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive). When a discovery dispute is presented through the filing of a motion to compel and that motion is denied, courts may enter any protective order authorized under Rule 26(c). *See* Fed. R. Civ. P. 37(a)(5)(B).

The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See, e.g.*, *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).[2]

---

[2] As these standards make clear, while discovery motions may in some ways be ancillary to the merits of a case, *cf. Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-98 (9th Cir. 2016), discovery motions are not exempt from basic briefing requirements. Arguments must be meaningfully developed in the briefing for the Court to address them. *See, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 582, n.3 (D. Nev. 2013).

## II. ANALYSIS

The pending motion seeks to compel further responses to three requests for production (requests numbers 5, 6, and 7) and two interrogatories (interrogatory numbers 6 and 7). The Court will address each discovery dispute in turn below.

### A. Request For Production No. 5

Request for Production No. 5 seeks documents, including contracts and agreements, between Mr. Harrington and As Seen On TV, Inc. Docket No. 327 at 4. Mr. Harrington raises a single argument in responding to the motion, namely that the document request is improperly duplicative of interrogatories seeking information on a similar topic. Docket No. 332 at 6-7.[3] The Court is not persuaded. "[A] request for production of documents seeks documents, while an interrogatory is a question seeking a written response. While the nature of the information sought may in some respect be 'duplicative,' the responses sought take different forms, and [parties] are entitled to use both vehicles for conducting discovery." *Becker v. Dahl*, 2011 WL 121697, at *2 (E.D. Cal. Jan. 13, 2011). There is nothing unusual or improper about a party seeking an answer to an interrogatory and separately seeking documents related to that subject matter. *See, e.g.*, 8B Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2163, at p. 8 (2010) ("After obtaining such information by means of interrogatories, a party may take depositions of witnesses and inspect documents or electronically stored information under Rule 34"). As the only argument presented lacks merit, the motion to compel with respect to this request will be granted and a supplemental response shall be served within 14 days of the issuance of this order.

### B. Request For Production No. 6

Request for Production No. 6 seeks documents, including contracts, agreements and letters, involving Mary Beth Fasano Gearhart, regarding the purchase of www.asseenontv.com. Docket

---

[3] Without elaboration, Mr. Harrington's brief asserts that the topic is "irrelevant," "harass[ing]," and "impose[s] an undue burden." Docket No. 332 at 6-7. Inserting buzzwords into a responsive brief does not suffice for Mr. Harrington to carry his burden of showing that the discovery sought is improper. Additionally, Mr. Harrington asserts that he has already informed Ms. McCart-Pollak that he does not have responsive documents. Docket No. 332 at 7. Mr. Harrington does not respond to Ms. McCart-Pollak's argument, however, that he has not provided a sufficiently detailed explanation of the search undertaken to locate responsive documents. *See, e.g.*, Docket No. 327 at 6-7.

3

No. 327 at 9. Mr. Harrington's only argument in responding to the motion on this discovery request is the same as he made with respect to Request for Production No. 5. *See* Docket No. 332 at 6-7. For the same reasons as outlined above, that argument lacks merit and the motion to compel with respect to this request will be granted and a supplemental response shall be served within 14 days of the issuance of this order.

### C. Request For Production No. 7

Request for Production No. 7 seeks "a copy of [Mr. Harrington's] cell phone and business phone numbers" for certain months. Docket No. 327 at 11. Mr. Harrington objects on the grounds that, *inter alia*, this request is actually an interrogatory rather than a request for production. *See* Docket No. 7. Moreover, it is unclear to the Court what precisely Ms. McCart-Pollak is seeking through this discovery request. The request itself seeks "phone numbers" but Ms. McCart-Pollak appears to be seeking "phone records" so she can determine with whom Mr. Harrington was communicating during the relevant period. Docket No. 340. Hence, it appears Ms. McCart-Pollak is seeking to compel the production of documents that are beyond the scope of the request for production. The Court will not compel the production of documents that have not been requested. *See, e.g.*, *Barnum v. Equifax Info. Servs., LLC*, 2018 WL 1245492, at *3 (D. Nev. Mar. 9, 2018) (citing *Scientific Games Corp. v. AGS LLC*, 2017 WL 3671286, at *3 n.6 (D. Nev. Aug. 24, 2017)). The motion to compel with respect to this request will be denied.

### D. Interrogatory No. 6

Interrogatory No. 6 seeks an identification of, *inter alia*, when Mr. Harrington met Brett Saevitzon, including the month and year. Docket No. 327 at 13. Mr. Harrington has responded that he "met Mr. Saevitzon approximately ten years ago at an industry conference." *See id.* The current dispute before the Court is whether such response is insufficient because Mr. Harrington cannot recall the month on which he met Mr. Saevitzon. *See id.* at 14-15. Mr. Harrington has explained that he attends numerous conferences each year and meets thousands of people at those conferences. Docket No. 332 at 4. Mr. Harrington does not contend directly that he is unable to obtain the month and year that he initially met Mr. Saevitzon, but instead contends that it is unreasonable and unrealistic to require him to do so, and that requiring such information would

4

amount to an undue burden. Docket No. 332 at 3-4. For her part, Ms. McCart-Pollak contends vaguely that she is "allowed to discover the extent of this personal relationship and business relationship which indeed would start with when they met" and that Mr. Harrington should be able to "look back at the conference and find the exact dates." Docket No. 327 at 14-15; *see also* Docket No. 340 at 9 ("There is no way for [Ms. McCart-Pollak] to uncover the extent and depth of their partnerships without a starting point to their relationship").[4]

Insufficient information has been provided for the Court to rule on this issue. Mr. Harrington does not assert that the precise month and year of his meeting Mr. Saevitzon is irrelevant, nor does Mr. Harrington assert that he cannot obtain that information.[5] Instead, he makes what amounts to an argument that obtaining such information is not proportional to the needs of the case. *See* Docket No. 332 at 4 (asserting without elaboration that this discovery is "disproportionate to the needs of the case"). A bald assertion of disproportionality will not suffice. *See, e.g.*, *Lima LS PLC Nassau Reinsurance Grp. Holdings, L.P.*, 160 F. Supp. 3d 574, 579 n.1 (S.D.N.Y. 2015) (quoting Advisory Committee Notes, and rejecting arguments made through boilerplate objections). Instead, the Court balances the various factors outlined in Rule 26(b)(1). Although the parties are not required to address and support all of those factors, they must come forward with the information available to them so that the Court can make a determination:

> The parties may begin discovery without a full appreciation of the factors that bear on proportionality. A party requesting discovery, for example, may have little information about the burden or expense of responding. A party requested to provide discovery may have little information about the importance of the discovery in resolving the issues as understood by the requesting party. . . . A party claiming undue burden or expense ordinarily has far better information — perhaps the only information — with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

---

[4] As noted above, the Court will not order discovery that has not been requested. Ms. McCart-Pollak's interrogatory does not ask for "exact dates," it asks for a month and year.

[5] Mr. Harrington indicates that he is "unable to recall" the month. Docket No. 332 at 4. Of course, a party's obligation in responding to an interrogatory is not limited to reciting his recollection; he must instead undertake a reasonable inquiry for the information sought. *See, e.g.*, *F.D.I.C. v. Halpern*, 271 F.R.D. 191, 193 (D. Nev. 2010).

5

Fed. R. Civ. P. 26, Advisory Committee Notes (2015). In this case, the Court cannot conduct this balancing because neither party supports its positions. For example, Mr. Harrington references an extraordinary burden in identifying the particular month in which he met Mr. Saevitzon, but he does not provide a declaration explaining how he would go about trying to do so and what cost and time-commitment would be associated with that search. *Cf. Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 334 (D. Nev. 2016) (conclusory assertions of burden or expense are insufficient). Would a simple search of Mr. Harrington's email for "Saevitzon" reveal the month of their first meeting? The Court has not been told. On the other hand, Ms. McCart-Pollak provides reference to wanting to know at what particular conference this meeting took place because that could lead to the discovery of other evidence, but she has essentially contended that the information is relevant without elaborating on why such information is important to the case. *See* Docket No. 327 at 14-15; *see also* Docket No. 340 at 9-10. Under the discovery rules as amended in 2015, however, "[r]elevancy alone is no longer sufficient– discovery must also be proportional to the needs of the case." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016). Frankly, the Court fails to discern how the month of the meeting has any significance to the merits of this case based on the description provided in the briefing.[6]

Given the lack of information presented, the Court declines to rule on this discovery dispute. The motion to compel with respect to this interrogatory will be denied without prejudice.

E. Interrogatory No. 7

The dispute with respect to Interrogatory No. 7 appears to be substantially similar to the dispute with respect to Interrogatory No. 6, except that it deals with when Mr. Harrington met

---

[6] The Court trusts that this dispute can be resolved through further meet-and-confer efforts and without further motion practice. The Court reminds the parties that they should file discovery motions "only in extraordinary situations that implicate **truly significant interests**." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)) (emphasis added). This does not appear to be such a dispute. Moreover, overzealous filing of discovery motions can come at a cost. Just as the Court may award sanctions when it grants a motion to compel, it may also award sanctions when it denies a motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(B).

Craig Shandler. *See* Docket No. 327 at 16-17. For the same reasons outlined above, the motion to compel with respect to this interrogatory will be denied without prejudice.

**III. SANCTIONS**

Ms. McCart-Pollak requests sanctions with respect to bringing the instant motion to compel. Docket No. 327 at 18-19. Given that the motion is being granted in part and denied in part, the Court declines to award sanctions. *See* Fed. R. Civ. P. 37(a)(5)(C).

**IV. CONCLUSION**

For the reasons outlined above, the motion to compel is **GRANTED** in part and **DENIED** in part. The request for sanctions is **DENIED**.

IT IS SO ORDERED.

Dated: April 30, 2018

_____
Nancy J. Koppe
United States Magistrate Judge