UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC, et al., <br><br>　　　Plaintiff(s), <br><br>v. <br><br>SHANA LEE MCCART-POLLAK, <br><br>　　　Defendant(s). | Case No.: 2:15-cv-01576-MMD-NJK <br><br>**Order; Order to Show Cause** <br><br>[Docket No. 326] |

Pending before the Court is Third-Party Plaintiff Shana McCart-Pollak's motion to enforce the order requiring supplemental discovery responses from Third-Party Defendant Kevin Harrington. Docket No. 326. Ms. McCart-Pollak also seeks sanctions. *Id.* Mr. Harrington filed a response in opposition, and Ms. McCart-Pollak filed a reply. Docket Nos. 332, 340. The motion is properly decided without a hearing. *See* Local Rule 78-1. For the reasons outlined below, the motion to enforce is hereby **GRANTED**. Moreover, the motion for sanctions is hereby **GRANTED** as to Ms. McCart-Pollak's costs. Lastly, Mr. Harrington, Michael Feder, and Gabriel Blumberg are **ORDERED** to show cause in writing, no later than May 14, 2018, why they should not be sanctioned in a Court fine of up to $1,000 each.

Ms. McCart-Pollak previously brought a motion to compel further responses to Requests for Production 1, 2, 3 and 4. Docket No. 295. In particular, Ms. McCart-Pollak argued that Mr. Harrington improperly asserted a lack of possession, custody, or control of responsive documents.

*See, e.g.*, *id.* at 7. On January 31, 2018, the Court granted Ms. McCart-Pollak's motion to compel in pertinent part as follows:

> [A] litigant is permitted to respond to a request for production in appropriate circumstances by indicating that he lack responsive documents. *See* Fed. R. Civ. P. 34(a)(1) (parties are required to produce documents that are in their "possession, custody, or control"). "[A] party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal quotations and citations omitted). When a party asserts that he does not have responsive documents, **he must come forward with an explanation of the search conducted "with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence."** *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012).
>
> . . . Mr. Harrington has failed to provide sufficient detail as to the inquiry he undertook to find documents responsive to the disputed requests for production. Boilerplate attestations that "records" were searched and "files" were reviewed are not sufficiently detailed to enable Court review of the sufficiency of the inquiry made.
>
> Accordingly, the motion to compel is **GRANTED** in part as to Requests for Production Nos. 1-4, in that Mr. Harrington shall serve supplemental responses **identifying with particularity the inquiry he undertook in attempting to locate responsive documents**. That supplemental response shall be served within 14 days of the issuance of this order, and shall be certified pursuant to Rule 26(g) of the Federal Rules of Civil Procedure.

Docket No. 310 at 3-4 (emphasis added). In short, the Court held that Mr. Harrington's assertion that he searched his "records" and his "files" was insufficiently detailed, and the Court ordered that supplemental responses must be served "identifying with particularity" the search conducted.

Following the Court's order, Mr. Harrington supplemented his responses by indicating that he "searched and reviewed physical files in his home office as well as electronic files" to no avail, but that he reserves the right to supplement to provide responsive documents in the future. Docket No. 326 at 71-74. In responding to Ms. McCart-Pollak's pending motion to enforce the Court's order, Mr. Harrington asserts that he does not have responsive documents. *See* Docket No. 332 at 4-6. Mr. Harrington's papers are essentially unresponsive to the issue before the Court. Mr. Harrington was not ordered to state again that he has no responsive documents; he was ordered to provide a detailed explanation of the inquiry undertaken to find responsive documents. Mr. Harrington has now marginally changed his answers from searching "records" and reviewing "files," Docket No. 298-2 at ¶ 5, to searching and reviewing "physical files in his home office as

well as electronic files," Docket No. 326 at 5, 11, 13, 15. This response is not sufficient. Most obviously, Mr. Harrington provides no explanation of the electronic files searched or the means of searching them. *Cf. F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, at *3 (D. Nev. Aug. 1, 2013) (holding that declaration that electronic search was completed using various terms to "search the system" was insufficiently detailed, given that the declaration failed to provide details about the system searched, whether there were other sources of documents that could be searched, when the search was performed, or whether the documents in the "system" were in searchable format). Nor has Mr. Harrington provided any information about the physical files searched, other than that they are in his home office.[1] Mr. Harrington provides no legal authority or even argument that his latest description passes muster.[2] Accordingly, the Court will **GRANT** the motion to enforce its

---

[1] This is not meant as an exhaustive cataloguing of the deficiencies.

[2] Mr. Harrington's position in opposing the instant motion is premised almost entirely on arguing other objections to the underlying discovery responses. *See, e.g.*, Docket No. 332 at 5 (arguing that Request for Production No. 1 is irrelevant, seeks information equally available to Plaintiff, imposes an undue burden, and is designed solely to harass). The current procedural posture is not a motion to compel, at which time it would be appropriate to argue objections in an opposition brief. When the motion to compel discovery was actually before the Court, however, Mr. Harrington did not argue these objections in opposing the motion. To the contrary, he chastised Ms. McCart-Pollak for addressing them in her moving papers:

> The first flawed argument [Ms. McCart-Pollak] presents relates to Harrington's objections to her requests for production of documents. In fact, [Ms. McCart-Pollak] spends the majority of her argument section addressing Harrington's objections. As previously addressed by Harrington [during the meet-and-confer process], however, Harrington still responded to each request despite posing objections. **As a result, [Ms. McCart-Pollak's] arguments relating to Mr. Harrington's objections should have no bearing on the current motion** because Harrington provided answers subject to his objections that would have been identical to those presented had he posed no objections.
>
> Thus, [Ms. McCart-Pollak] only potentially relevant argument relating to Harrington's responses to her requests for production appears to be that Harrington has not established whether a proper search was conducted for the responsive documents.

Docket No. 298 at 4 (emphasis added). In short, the time for arguing that the underlying requests are objectionable has come and gone, and Mr. Harrington made a deliberate choice not to make such arguments. The current issue now before the Court is only whether Mr. Harrington adhered to the Court's order that was issued compelling supplemental disclosures, not whether there is some previously unargued basis that could have led to a different order having been issued. *Cf. Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (reconsideration of a prior order is not appropriate based on arguments that could have been raised previously).

3

prior order (Docket No. 310) and will again **ORDER** Mr. Harrington to supplement his responses within 14 days of the issuance of this order.

Having determined that Mr. Harrington failed to comply with the order compelling discovery, the Court turns to Ms. McCart-Pollak's request for sanctions. As a starting point, the Court must award expenses to the victor absent a showing that the loser was substantially justified or there exist unjust circumstances. Fed. R. Civ. P. 37(b)(2)(C). The losing party has the burden of establishing substantial justification or unjust circumstances. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983). In this case, Mr. Harrington provides no argument of any kind in response to the request for sanctions. Moreover, as outlined above, Mr. Harrington provides no legal authority or argument that his supplemental discovery responses provided a sufficiently detailed description of the search undertaken as required to comply with the Court's order. Substantial justification or unjust circumstances have not been shown. Accordingly, the Court will **GRANT** Ms. McCart-Pollak's request for expenses pursuant to Rule 37(b)(2)(C). The Court encourages the parties to confer on an amount of expenses to be awarded. To the extent they cannot agree on an amount, Ms. McCart-Pollak shall file a "Motion to Calculate Expenses" no later than May 14, 2018.

In addition, when a party fails to comply with an order compelling discovery, a variety of other sanctions may be imposed, up to and including case-dispositive sanctions and initiation of contempt proceedings. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Additionally, the Court "may issue further just orders," Fed. R. Civ. PP. 37(b)(2)(A), which includes orders imposing Court fines, *see, e.g.*, *Pereira v. Narragansett Fishing Corp.*, 135 F.R.D. 24, 27 (D. Mass. 1991). Similarly, the Court may impose a fine as an "appropriate sanction" for the improper certification of discovery responses. Fed. R. Civ. P. 26(g)(3); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 286-87 (E.D.N.Y. 2009). In this case, the very order that Mr. Harrington and his counsel disobeyed expressly "**CAUTION[ED]** Mr. Harrington and his attorneys that they must strictly comply with the Court's orders and all applicable rules moving forward." Docket No. 310 at 5. Nonetheless, as outlined above, Mr. Harrington and his attorneys violated that order and made no effort to argue otherwise in responding to the instant motion to enforce and for sanctions. Given these

circumstances and given that the expenses awarded to Ms. McCart-Pollak will likely be relatively insignificant, it appears that it may also be necessary to impose a fine. *Cf. Jones v. Zimmer*, 2014 WL 6772916, at *8, 11 (D. Nev. Dec. 2, 2014). Accordingly, Mr. Harrington, Michael Feder, and Gabriel Blumberg[3] are **ORDERED** to show cause in writing, no later than May 14, 2018, why they should not be sanctioned in a Court fine of up to $1,000 each.

IT IS SO ORDERED.

Dated: April 30, 2018

                                            Nancy J. Koppe
                                            United States Magistrate Judge

---

[3] The Court is unable to discern which attorney signed the response to the motion to enforce and the supplemental discovery responses. *See* Docket No. 332 at 7; Docket No. 326 at 74. The response to the order to show cause shall identify which attorney signed those documents.