# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC, et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>SHANA LEE MCCART-POLLAK,<br><br>    Defendant(s). | Case No.: 2:15-cv-01576-MMD-NJK<br><br>**Order** |

Pending before the Court is an order for Third-Party Defendant Kevin Harrington and his attorneys (Michael Feder and Gabriel Blumberg) to show cause why they should not be sanctioned for failing to comply with the Court's previous discovery order. Docket No. 345. Mr. Harrington (through his attorneys) initially responded to document requests with a boilerplate recitation that he found no responsive documents after his records were searched and his files were reviewed. *See* Docket No. 310. The Court held that such a response violated Rule 34(a)(1) of the Federal Rules of Civil Procedure, which requires the responding party to come forward with an explanation of the search conducted with sufficient specificity to allow the Court to determine whether a reasonable inquiry was made. Docket No. 310 at 3-4. The Court ordered supplemental responses. *Id.* at 4. Mr. Harrington's supplemental responses marginally altered his original responses by indicating that he "searched and reviewed physical files in his home office as well as electronic files" to no avail, but that he reserved the right to supplement to provide responsive documents in the future. *See* Docket No. 345 at 2. Given the obvious deficiency with the supplemental responses, the Court

ordered that further supplements be provided, and ordered Mr. Harrington and his attorneys to show cause why they should not be sanctioned in a fine for violating the Court's previous order. *Id.* at 3-5.

The response to that order to show cause indicates in general terms that Mr. Harrington has been participating in discovery in good faith and that his counsel believed the supplemental responses were sufficient. *See* Docket No. 353. The response misses the mark.[1] For example, it indicates that "[Mr.] Harrington and his counsel should not be sanctioned for lacking responsive documents and performing a search for responsive documents despite knowing none would be located." Docket No. 353 at 3 n.3. Such an assertion is ridiculous as that is obviously not the issue before the Court.[2] The Court has made clear on multiple occasions that a party is not entitled to simply assert that he looked for responsive documents and did not find any; <u>he must make a reasonable inquiry to find responsive documents and must provide a detailed explanation of that inquiry so the Court can judge whether it was sufficient due diligence</u>. Docket No. 310 at 3-4; Docket No. 345 at 2; *see also* Docket No. 289 at 3-4. This is not a novel proposition, but rather reflects well-settled law. *See, e.g.*, *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). Mr. Harrington (through his counsel) failed to provide a detailed description even after being ordered by the Court to do so, and the response to the order to show cause lacks a plausible explanation as to how Mr. Harrington and his counsel could have reasonably believed they were complying with the Court's order. Instead, Mr. Harrington and his counsel waited until fines were on the table for violating the Court's order to file a belated declaration providing a more detailed recitation of the search undertaken. *See* Docket No. 353-2 at ¶¶ 8-9.[3]

---

[1] The order to show cause was premised on two rules, Rule 37(b)(2)(A) and Rule 26(g). The response to the order to show cause addresses only the latter rule. *See* Docket No. 353 at 3.

[2] What is more, counsel clearly knows that is not the issue before the Court because he has attached to the response to the order to show cause a declaration providing a more detailed recitation of the search undertaken. *See* Docket No. 353-2 at ¶¶ 8-9. Counsel's assertion that the Court is considering imposing sanctions because a party lacks responsive documents is, at best, disingenuous.

[3] Concurrently with the filing of the response to the order to show cause, Mr. Harrington was required to provide further supplemental discovery responses to Ms. McCart-Pollak. Docket No. 345 at 3-4. The Court expresses no opinion herein as to whether the latest search description provided in response to the order to show cause is sufficient.

Given the circumstances, the Court would be within its discretion to impose a fine. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A) (courts may issue "just orders" for disobedience with a discovery order). The Court takes Mr. Harrington and his counsel at their word that they are attempting to comply with the Court's orders, and the Court expects them to strictly comply with their discovery obligations moving forward. As such, the Court **CAUTIONS** Mr. Harrington and his counsel that they must comply with all applicable rules and all orders moving forward. **FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS, UP TO AND INCLUDING CASE-DISPOSITIVE SANCTIONS.** As this is the second such warning, *see* Docket No. 310 at 5, Mr. Harrington and his counsel should expect the imposition of sanctions for future violations.

In all other respects, the order to show cause is **DISCHARGED**.

IT IS SO ORDERED.

Dated: May 15, 2018

Nancy J. Koppe
United States Magistrate Judge