**DICKINSON WRIGHT PLLC**
MICHAEL N. FEDER
Nevada Bar No. 7332
Email: mfeder@dickinson-wright.com
GABRIEL A. BLUMBERG
Nevada Bar No. 12332
Email: gblumberg@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (844) 670-6009
*Attorneys for Third-Party Defendant*
*Kevin Harrington*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC DISTRICT OF NEVADA AND ON DEMAND DIRECT RESPONSE III, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>SHANA LEE MCCART-POLLAK D/B/A LOL BUDDIES ENTERPRISES<br><br>Defendant.<br><br>ALL RELATED ACTIONS | CASE NO. 2:15-cv-1576-MMD-NJK<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Third-Party Defendant Kevin Harrington ("Harrington"), by and through his counsel, the law firm of Dickinson Wright PLLC, and Third-Party Plaintiff Shana Lee McCart-Pollak ("Shana"), by and through her counsel, the firm of Parry & Pfau, stipulate that discourse and discovery activity in the above-captioned action (the "Action") are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties stipulate to the following Stipulated Confidentiality and Protective Order ("Protective Order"). The Parties hereby STIPULATE as follows:



1. Any party or non-party may designate as confidential (by stamping the relevant page with the word "**Confidential**" or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving confidential personal or business information, subject to protection under the Federal Rules of Civil Procedure or Nevada Law (hereinafter referred to as "**Confidential Information**"). Where a document or response consists of more than one page, the first page and each page of which confidential information appears shall be so designated.

2. Any party may designate as confidential-attorney eyes only (by stamping the relevant page with the word "**Attorney's Eyes Only**" or as otherwise set forth herein) any document or response to discovery which contains sensitive, highly confidential, non-public information, consisting of trade secrets, financial records, or other highly confidential documents the disclosure of which to the Receiving Parties or non-parties (other than the Designating Party) would be likely to cause competitive or business injury to the Designating Party (other than injury to the Designating Party's position in this Action) and/or compromise the security, protection and/or safety of the Designating Party's personal or business interests (herein after referred to as "**Attorney's Eyes Only Information**"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be designated.

3. A party or non-party may designate information disclosed during deposition or in response to a written discovery as **Confidential** or **Attorney's Eyes Only** by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party or non-party may designate in writing, within twenty (20) days after the receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as **Confidential** or **Attorney's Eyes Only** information. Any other party may object to such proposal, in writing or on the record, and upon such objection, the parties shall follow the procedure set forth in paragraphs 8 and 9 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraphs 8 and 9 below, and

counsel for all parties shall be responsible for marking all previously unmarked copies of the designated materials in their possession or control with the specified designation.

    4.    All Confidential Information and Attorney's Eyes Only Information produced or exchanged in the course of this case (other than information that is publicly available) shall only be used by the party or parties to whom the information is produced solely for the purpose of this case, unless the parties agree otherwise.

    5.    Except with the prior written consent of the other party, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    a.    Counsel for the respective parties to this litigation, including co-counsel retained in this litigation;

    b.    Employees of such counsel

    c.    The parties, including any officer or employee of party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

    d.    Consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

    e.    Any authors or recipients of the Confidential Information;

    f.    The Court, Court personnel, and court reporters; and

    g.    Witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown any Confidential Information. Confidential Information may be disclosed to a witness who will not sign the Certification only in deposition at which the party who designated the



Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

6. Except with prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Attorney's Eyes Only Information shall not be disclosed to any person other than:

    a. Counsel for the parties to this litigation;

    b. Employees of such counsel;

    c. Consultants or expert witnesses retained for the defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Attorney's Eyes Only Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Attorney's Eyes Only Information;

    d. The Court, Court personnel, and court reporters.

7. Any persons receiving Confidential Information and/or Attorney's Eyes Only Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

8. ~~Unless otherwise permitted by statute, rule or prior court order, papers filed with~~ [See order issued concurrently herewith] ~~taining Confidential Information or Attorney's Eyes Only Information shall be filed under seal and accompanied by a contemporaneous motion for leave to file those documents under seal in accordance with Local Rule IA 10-5.~~

9. A party may designate as **Confidential** or **Attorney's Eyes Only** documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such



documents or discovery materials. A document may lose its confidential status if it is made public by the party that marked it as **Confidential** or **Attorney's Eyes Only**.

10. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material as **Confidential** or **Attorney's Eyes Only.** The party or non-party who designated the material as **Confidential** or **Attorney's Eyes Only** shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as **Confidential** or **Attorney's Eyes Only.** The party or non-party seeking the order has the burden of establishing that the document or information is entitled to protection.

11. Notwithstanding any challenge to the designation of material as Confidential Information or Attorney's Eyes Only Information, all documents or information shall be treated as such and shall be subject to the provision hereof unless and until one of the following occurs:

    a. The party or non-party claims that the material is Confidential Information or Attorney's Eyes Only Information withdraws such designation in writing; or

    b. The party or non-party who claims that the material is Confidential Information or Attorney's Eyes Only Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    c. The Court rules the material is not confidential.

12. All provisions of this Order restricting communication or use of Confidential Information and/or Attorney's Eyes Only Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information and/ or Attorney's Eyes Only Information, other than that which is contained in a pleading, correspondence, and deposition transcripts, shall either (a) return such documents or information no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents and information within the time period upon consent of the party who provided



the documents and information and certify in writing within thirty (30) days that the documents and information have been destroyed.

13. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents or information at trial.

14. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

15. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written notice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

DATED this 24 day of May 2018.  DATED this 24 day of May 2018.

DICKINSON WRIGHT PLLC  PARRY & PFAU


/s/ Michael N. Feder  /s Zachariah B. Parry
MICHAEL N. FEDER  ZACHARIAH B. PARRY
Nevada Bar No. 7332  Nevada Bar No. 11677
GABRIEL A. BLUMBERG  880 Seven Hills Drive, Suite 210
Nevada Bar No. 12332  Henderson, Nevada 89052
8363 West Sunset Road, Suite 200  Tel: (702) 879-9555
Las Vegas, Nevada 89113  Attorneys for Shana Lee McCart-Pollak
Tel: (702) 550-4400
Attorneys for Kevin Harrington


IT IS SO ORDERED .

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 23, 2018



# EXHIBIT A

# CERTIFICATION

I hereby certify my understanding that Confidential Information and/ or Confidential-Attorney's Eyes Only Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, In *On Demand Direct Response, LLC et al v. McCart-Pollak*, Case No. 2:15-cv-01576-MMD-NJK. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information and/or Attorney's Eyes Only Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information and / or Attorney's Eyes Only Information (including copies, notes, or other transcriptions made therefrom) in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information and/or Attorney's Eyes Only Information (including copies, notes or other transcriptions made therefrom) to the counsel who provided me with the Confidential Information and/ or Attorney's Eyes Only Information.

I hereby consent to the jurisdiction of the United States District Court of Nevada for the purpose of enforcing the Protective Order.

DATED: _____

BY: _____

