UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC *et al.*,<br><br>Plaintiffs,<br>v.<br><br>SHANA LEE MCCART-POLLAK D/B/A LOL BUDDIES ENTERPRISES<br><br>Defendant,<br><br>*And all related actions.* | Case No. 2:15-cv-01576-MMD-NJK<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE NANCY J. KOPPE |

Before the Court is Magistrate Judge Nancy J. Koppe's Report and Recommendation ("R&R" or "Recommendation") (ECF No. 341), regarding the Court's prior order for On Demand Direct Response, LLC, On Demand Direct Response III, LLC (collectively "On Demand"), and attorney Jeffrey Miller to show cause why they should not be sanctioned and held in contempt (ECF No. 297) as well as Shana McCart-Pollak's motions to hold Mr. Miller in contempt and for sanctions (ECF Nos. 292, 292). To date, no objections have been filed by On Demand or Miller. The R&R set the civil contempt hearing for June 18, 2018. Neither Miller nor a corporate representative of On Demand appeared at the hearing. Local counsel for On Demand, Tony Abbatangelo, did appear. He represented that he informed Miller of the June 18, 2018 hearing but did not receive any response from Miller.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and

recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review in order to determine whether to adopt the R&R. As the Court explained at the June 18, 2018 hearing, upon review of the R&R and the filings in this case, the Court agrees and accepts Judge Koppe's recommendation to enter default judgment on McCart-Pollak's counterclaims against On Demand. McCart-Pollak has fourteen (14) days to submit an affidavit regarding damages.

The Court also accepts Judge Koppe's recommendation to find Miller and On Demand in civil contempt and to compel On Demand and Mr. Miller to respond to McCart-Pollak's discovery requests. The Court finds that there is clear and convincing evidence that On Demand and Mr. Miller violated at least three court orders, including the order requiring On Demand to obtain counsel, the order requiring On Demand to produce documents, and the order requiring a corporate representative to appear at the show cause hearing. (ECF Nos. 99, 289, 316.) On Demand and Miller have failed to take any steps, let alone reasonable steps, to comply with these orders.

As the Ninth Circuit recently reiterated, "A court may wield its civil contempt powers for two separate and independent purposes: (1) 'to coerce the defendant into compliance with the court's order'; and (2) 'to compensate the complainant for losses sustained.'" *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)). Because On Demand's responses to the discovery requests at issue are needed for McCart-Pollak to prosecute her third-party claims, the Court will wield its civil contempt power to compel On Demand to respond to these discovery requests. Accordingly, the Court finds that find that On Demand and Miller are in contempt of the Court's orders. As sanctions, they must (1) respond to McCart-Pollak's request for production nos. 3, 4, 5, 8, 15, 17, 18, 20 and 21 within thirty (30) days from June 18, 2018; and (2) reimburse McCart-Pollak for reasonable attorneys' fees incurred in bringing the motions that led to these sanctions. Failure to do so will result in further monetary sanctions. McCart-Pollak's counsel has fourteen (14) days to submit an affidavit of fees. On Demand's local counsel is directed to send the minutes of the Court's June 18, 2018 hearing and this order to Miller and On Demand by mail and email. Local counsel must submit certification that he has complied by sending the aforementioned documents to Miller and On Demand within three (3) days of this order.

It is hereby ordered that the Magistrate Judge's Report and Recommendation (ECF No. 341) is accepted and adopted.

It is further ordered that the Clerk enter default judgment in favor of McCart-Pollak on her counterclaims against On Demand.

DATED THIS 19th day of June 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE