# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ON DEMAND DIRECT RESPONSE, LLC, et al.,

    Plaintiff(s),

v.

SHANA LEE MCCART-POLLACK,

    Defendant(s).

Case No.: 2:15-cv-01576-MMD-NJK

**Order**

[Docket No. 365]

Pending before the Court is Counter-Claimant Shana McCart-Pollack's motion to calculate damages for default judgment. *See* Docket No. 365; *see also* Docket No. 361 (referring to the undersigned the analysis of the damages for default judgment). No response has been filed. For the reasons discussed below, the motion is **DENIED** without prejudice.

In the pending motion, Ms. McCart-Pollack seeks $4,693,500 in punitive damages. Docket No. 365 at 4-5.[1] The party seeking default judgment bears the burden of "proving up" her damages. *See, e.g.*, *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1010 (N.D. Cal. 2001). "Punitive damages are never awarded as of right." *See Jones v. Zimmer*, 2015 U.S. Dist. Lexis 177093, at *8 (D. Nev. Nov. 30, 2015), *adopted*, 2016 U.S. Dist. Lexis 36990, at *3 (D. Nev. Mar. 22, 2016). Instead, the movant must establish that the defaulting parties' conduct was

---

[1] The Court expresses no opinion herein on the request for compensatory damages in the amount of $1,564,500.

1

sufficiently egregious to meet the applicable standard for awarding punitive damages. *See id.*[2] "Generally speaking, punitive damages cannot be awarded simply on the basis of pleadings and instead can only be awarded based on an evidentiary showing." *Id.* In the pending motion, Ms. McCart-Pollack simply asserts that she is entitled to punitive damages because they are available for the types of counterclaims she has brought. *See* Docket No. 365 at 5-6. No evidentiary showing has been made that Counter-Defendants' conduct meets the applicable standard.

Additionally, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In this case, Ms. McCart-Pollack's prayer for relief for her counterclaims does not specify that she is seeking punitive damages. *See* Docket No. 51 at 41. As such, it is not clear that punitive damages can be awarded through default judgment in this case. *See, e.g.*, *Bockai v. Ruvanni Inc.*, 2018 WL 3057725, at *3 & n.1 (D. Md. June 20, 2018); *Ramirez v. Chip Masters, Inc.*, 2014 WL 1248043, at *12 (E.D.N.Y. Mar. 25, 2014).

A renewed motion to calculate damages shall be filed within 14 days of the issuance of this order. Such motion shall either omit the request to be awarded punitive damages or shall explain why such an award is proper in light of the issues addressed above.

IT IS SO ORDERED.

Dated: July 27, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Under Nevada law, tort claims can provide a basis for an award of punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." N.R.S. 42.005(1).