# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ON DEMAND DIRECT RESPONSE, LLC, et al.,

    Plaintiff(s),

v.

SHANA LEE MCCART-POLLAK,

    Defendant(s).

Case No.: 2:15-cv-01576-MMD-NJK

**Order**

[Docket No. 380]

The matter of calculating damages for default judgment has been referred to the undersigned. *See* Docket No. 361. The undersigned previously rejected Ms. McCart-Pollak's request for punitive damages as not sufficiently supported. *See* Docket No. 374. Ms. McCart-Pollak has now filed a renewed motion to calculate damages that excludes punitive damages. Docket No. 380.[1] The Court held a prove-up hearing on October 16, 2018.

A party must prove the amount of damages to be awarded through default judgment. *See, e.g.*, *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). The Court has wide discretion in determining the amount of damages to award in default judgment. *E.g.*, *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 947 (D. Ariz. 2013). In determining damages for default judgment, the Court may rely on the declaration submitted by the movant or may order a full evidentiary hearing. *See* Fed. R. Civ. P. 55(b)(2). The movant's burden with respect to

---

[1] Ms. McCart-Pollak is proceeding *pro se*, and the Court construes her papers liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

proving up her damages is "relatively lenient." *Philip Morris*, 219 F.R.D. at 498. Nonetheless, lost profits and other compensatory damages must be proven with "reasonable certainty." *See Rubicon Global Ventures, Inc. v. Chongqing Zongshen Grp. Import/Export Corp.*, 226 F. Supp. 3d 1141, 1149 (D. Ore. 2016) (citing, *inter alia*, *Jones v. Zimmer*, 2016 WL 1122852, at *2 (D. Nev. Mar. 22, 2016)).

"[D]isgorgement is a remedy intended to prevent a wrongdoer from unjust enrichment." *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1088 (9th Cir. 2003). It has long been recognized in intellectual property cases that the opposing party's profits is an appropriate remedy. *See, e.g.*, *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) (finding that "the profits made by the infringer" is an appropriate measure for actual damages under both the Copyright Act and the Lanham Act).

The affidavit filed to prove-up On Demand's profits in this case relies on several assumptions. It provides evidence as to Spiral Toys' profits for 2015. *See, e.g.*, Docket No. 380-1 at 34. From there, however, the affidavit assumes that 30% of that revenue went to On Demand and assumes a profit margin for On Demand of 25%. Docket No. 380 at ¶¶ 26, 28. The affidavit indicates that the sales figures are unknown for 2016 to the present, but assumes consistent sales numbers for those years. *See id.* at ¶ 33. The affidavit concludes by seeking $1,564,500 in compensatory damages. *Id.* at ¶ 34.

At the prove-up hearing, Ms. McCart-Pollak presented additional exhibits and analysis that were not included in the affidavit. Ms. McCart-Pollak also alluded to an attempt to obtain discovery from Spiral Toys.[2] While it appears some discovery was obtained, it is not clear from the hearing what scope of documents were requested in that subpoena or whether Spiral Toys properly complied with its obligations in responding to the subpoena.

Given the circumstances, the Court rules as follows:

- The Court **DENIES** without prejudice the renewed motion to calculate damages for default judgment (Docket No. 380).

---

[2] Efforts to obtain discovery from On Demand itself were unsuccessful.

- Ms. McCart-Pollak may seek additional documents from Spiral Toys and/or seek compliance with the subpoena previously served, and the discovery period is **REOPENED** for that purpose only through December 17, 2018.
- A second renewed motion to calculate damages shall be filed by December 17, 2018, and must show with reasonable certainty On Demand's profits.[3]
- To the extent the second renewed motion to calculate damages relies on settlement communications, Ms. McCart-Pollak must provide meaningful discussion as to why it is proper for the Court to consider such communications. *Cf.* Fed. R. Evid. 408.
- To the extent the second renewed motion to calculate damages seeks the inclusion of punitive damages, Ms. McCart-Pollak must (1) provide meaningful discussion as to why punitive damages may be awarded based on the prayer for relief made in the counterclaim[4] and (2) provide an evidentiary basis for showing On Demand's conduct is sufficiently egregious to justify an award of punitive damages.[5] *See* Docket No. 374.

IT IS SO ORDERED.

Dated: October 16, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] It is not clear whether a further prove-up hearing will be held, so the filing must include all evidence that Ms. McCart-Pollak wishes to present as to damages from On Demand.

[4] At the hearing, Ms. McCart-Pollak argued that her prayer for relief must be construed liberally and that punitive damages are included within the demand for "damages as permitted by law." Docket No. 51 at 70. Case law on this issue has noted, however, that "the demand for relief must be specific." *Philip Morris*, 219 F.R.D. at 499.

[5] At the prove up hearing, Ms. McCart-Pollak relied on litigation misconduct in seeking punitive damages. It does not appear that such conduct can form the basis of a punitive damages award. *E.g.*, *Bosack v. Soward*, 586 F.3d 1096, 1105 (9th Cir. 2009) (under California law, finding that "a defendant's trial tactics and litigation conduct may not be used to impose punitive damages in a tort action").