UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SHANA LEE MCCART-POLLAK, <br><br> Defendant. | Case No. 2:15-cv-01576-MMD-GWF <br><br> **ORDER** |

This matter is before the Court on Defendant Shana Lee McCart-Pollak's Motion to Compel Compliance with Subpoena to Produce Documents (ECF No. 399), filed on November 30, 2018. Also before the Court is Plaintiffs On Demand Direct Response III, LLC and On Demand Direct Response LLC's and Defendant McCart-Pollak's Joint Motion Regarding Due Date (ECF No. 401), filed on December 14, 2018. Third Party Defendant Kevin Harrington filed his Response (ECF No. 403) on December 17, 2018 and Defendant McCart-Pollak filed her Notice of Errata (ECF N. 404) on December 19, 2018.

**BACKGROUND**

On June 20, 2018, default judgment in favor of Defendant and Third-Party Plaintiff Shana Lee McCart-Pollak (hereinafter "McCart-Pollak") and against Plaintiff and Third-Party Defendant On Demand Direct Response III, LLC and On Demand Direct Response, LLC (hereinafter "On Demand") was entered. *See* ECF Nos. 341, 363. On August 6, 2018, McCart-Pollak filed a renewed motion requesting an award of damages. ECF No. 380. The Court conducted a prove-up hearing on October 16, 2018. McCart-Pollak attempted to obtain discovery from Spiral Toys as efforts to obtain discovery from On Demand were unsuccessful. On October 16, 2018, the Court reopened discovery until December 17, 2018 for the limited

1

purpose of obtaining additional documents and/or seeking compliance with a previously served subpoena on Spiral Toys. *See* ECF No. 390.

On October 24, 2018, McCart-Pollak served a subpoena for the production of documents on Spiral Toys via its registered agent, Incorp Services, Incorporated. *See Motion to Compel* (ECF No. 399), 3. Spiral Toys failed to respond to the subpoena. When McCart-Pollak contacted Spiral Toys' registered agent to inquire as to whether the subpoena was served, the registered agent informed her that the subpoena was sent to Spiral Toys via email. *Id.* McCart-Pollak requests that the Court compel Spiral Toys to comply with the subpoena for the production of documents and for Spiral Toys' registered agent to disclose the email address of the individual who received the subpoena that was forwarded from the registered agent.

**DISCUSSION**

Rule 45 of the Federal Rules of Civil Procedure governs discovery by subpoena. Pursuant to Rule 45, a nonparty served with a subpoena has three options: it may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Rule 45(c)(2)(B), or (3) move to quash or modify the subpoena in accordance with Rule 45(c)(3). *Genx Processors Mauritius Ltd. v. Jackson*, 2018 WL 5777485, at *9 (D. Nev. Nov. 2, 2018) (citing *In re Plise*, 506 B.R. 870, 878 (B.A.P. 9th Cir. 2014)). When a nonparty raises timely objections to the subpoenas, the nonparty is not required to produce documents, or even search for them, until the propounding party obtains an order directing compliance. *Id.* Failure to serve timely objections may constitute a waiver of objections to the subpoena, other than objections to service. *Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012), report and recommendation adopted, (D. Nev. May 18, 2012). Spiral Toys failed to serve any objection to the subpoena and has not responded to the motion to compel. The Court grants McCart-Pollak's motion to compel. Spiral Toys is ordered to comply with the subpoena. Failure to comply may result in a contempt of court order of this Court. The registered agent, Incorp Services, Incorporated, is instructed to provide McCart-Pollak with the email address of the individual who received the subpoena from the registered agent.

Rule 45(e) provides that a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." *Forsythe*, 281 F.R.D. at 587. McCart-Pollak

requests her reasonable fees and costs of bringing her motion to compel pursuant to Rule 45(e). District courts have discretion as to whether to grant fees and costs. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir.1992). The Court grants McCart-Pollak's request for reasonable fees and costs of bringing her motion to compel. The Court, however, will not award costs for the service of the subpoena, which is a cost that McCart-Pollak would have incurred regardless of whether Spiral Toys had responded to it. McCart-Pollak shall file her application describing her costs legitimately incurred in relation to her motion to compel no later than **January 21, 2019**.

In addition, McCart-Pollak and On Demand request that the deadline to file the renewed motion to calculate damages be extended by an additional sixty (60) days. The extension is requested to allow McCart-Pollak to complete discovery related to her renewed motion to calculate damages. Third-Party Defendant Harrington does not oppose the requested extension, but did not join the joint motion for extension because he objected to specific language contained within the motion. The Court finds good cause to grant the requested extension. The Court, therefore, grants the parties' request to extend the renewed motion to calculate damages deadline by an additional sixty (60) days. McCart-Pollak shall have until **February 15, 2019** to seek discovery from Spiral Toys as indicated previously and within this Order. McCart-Pollak may file a renewed motion to calculate damages no later than **February 22, 2019**. Accordingly,

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**IT IS HEREBY ORDERED** that Defendant Shana Lee McCart-Pollak's Motion to Compel Compliance with Subpoena to Produce Documents (ECF No. 399) is **granted**.

**IT IS FURTHER ORDERED** that McCart-Pollak shall file her application for costs no later than **January 21, 2019**.

**IT IS FURTHER ORDERED** that Plaintiffs On Demand Direct Response III, LLC and On Demand Direct Response LLC's and Defendant McCart-Pollak's Joint Motion Regarding Due Date (ECF No. 401) is **granted**. McCart-Pollak shall have until **February 15, 2019** to seek discovery from Spiral Toys as indicated previously and within this Order. McCart-Pollak may file a renewed motion to calculate damages no later than **February 22, 2019**.

Dated this 11th day of January, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE