UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ON DEMAND DIRECT RESPONSE, LLC, | Case No. 2:15-cv-01576-MMD-GWF |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| SHANA LEE MCCART-POLLAK, | |
| Defendant. | |

This matter is before the Court on Defendant McCart-Pollak's Motion to Compel Compliance with Subpoena to Produce Documents (ECF No. 405), filed on December 19, 2018. To date, no party has filed an opposition to this motion and the time for response has now expired.

## BACKGROUND

On November 14, 2018, Defendant McCart-Pollak ("McCart-Pollak") served a subpoena on Mark Meyers ("Meyers"), Chief Executive Officer, of Spiral Toys. *See Motion to Compel* (ECF No. 405), 3. Although Meyers produced some requested documents, he represented to McCart-Pollak that there were no email records from April 2012 to June 2013 because "the email back-up was corrupt." *Id.* at Exhibit 2. Meyers produced sales and royalties documents for 2015, but failed to produce such documents for years 2014, 2016, 2017, and 2018. *Id.* at 5. McCart-Pollak requests that the Court compel Meyers to comply with the subpoena, to hold Meyers in contempt, and for an award of sanctions.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action,

the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable."

Rule 45 of the Federal Rules of Civil Procedure governs discovery by subpoena. Pursuant to Rule 45, a nonparty served with a subpoena has three options: it may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Rule 45(c)(2)(B), or (3) move to quash or modify the subpoena in accordance with Rule 45(c)(3). *Genx Processors Mauritius Ltd. v. Jackson*, 2018 WL 5777485, at *9 (D. Nev. Nov. 2, 2018) (citing *In re Plise*, 506 B.R. 870, 878 (B.A.P. 9th Cir. 2014)). When a nonparty raises timely objections to the subpoenas, the nonparty is not required to produce documents, or even search for them, until the propounding party obtains an order directing compliance. *Id.*

The subpoena requests documents such as licensing agreements, royalty statements, purchase orders, and profit and loss statements as they relate to the CloudPet Product. Such requests are relevant to McCart-Pollak's renewed motion to calculate damages. Meyers failed to serve any objection to the subpoena and has not responded to the motion to compel. The Court grants McCart-Pollak's motion to compel. Spiral Toys is ordered to comply with the subpoena no later than **February 12, 2018**. Rule 45(e) provides that a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." *Forsythe*, 281 F.R.D. at 587. McCart-Pollak requests that the Court hold Meyers in contempt and for an award of costs. The Court denies McCart-Pollak's request to hold Meyers in contempt at this time. The Court, however, grants her request for reasonable fees and costs of bringing her motion to compel. McCart-Pollak shall file her application describing her costs legitimately incurred in relation to her motion to compel no later than **February 8, 2019**. Accordingly,

. . .

. . .

. . .

. . .

**IT IS HEREBY ORDERED** that Defendant McCart-Pollak's Motion to Compel Compliance with Subpoena to Produce Documents (ECF No. 405) is **granted**.

**IT IS FURTHER ORDERED** that McCart-Pollak shall file her application for costs no later than **February 8, 2019**.

Dated this 29th day of January, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE