UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ON DEMAND DIRECT RESPONSE, LLC,

Plaintiff,

v.

SHANA LEE MCCART-POLLAK,

Defendant.

Case No. 2:15-cv-01576-MMD-GWF

**ORDER AND REPORT AND RECOMMENDATION**

## **BACKGROUND**

On January 14, 2019, the Court issued an order granting Defendant McCart-Pollak ("McCart-Pollak")'s motion to compel compliance with a subpoena to produce documents on non-party Spiral Toys and granted McCart-Pollak an award of sanctions in the amount of costs incurred in relation to her motion to compel. *See* ECF No. 408. In addition, on January 29, 2019, the Court issued an order granting McCart-Pollak's motion to compel compliance with subpoena to produce documents on non-party Mark Meyers, Chief Executive Officer of Spiral Toys, and granted McCart-Pollak an award of sanctions in the amount of costs incurred in relation to her motion to compel. *See* ECF No. 411. Although the Court granted McCart-Pollak's motions to compel, the Court denied her request to hold Spiral Toys and Mark Meyers in contempt. Rule 45 of the Rules of Civil Procedure authorizes sanctions against a non-party by holding it in contempt. *See* Fed. R. Civ. P. 45(g); *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018) ("And the standard for a contempt finding differs from a Rule 37 sanction."); *see also Genx Processors Mauritius Ltd. v. Jackson*, 2018 WL 5777485, at \*9 (D. Nev. Nov. 2, 2018) ("Rule 37 applies to motions to compel production only from a "party" under Rule 34, which in turn provides that motions to compel production from nonparties are governed by Rule 45.")

The award of costs to McCart-Pollak was, therefore, granted in error. The Court hereby withdraws its grant of costs to McCart-Pollak for expenses incurred in relation to her motions to compel compliance with a subpoena to produce documents on non-parties Spiral Toys and Mark Meyers.

**DISCUSSION**

The subpoenas to produce documents to Spiral Toys and to Mark Meyers are governed by Rule 45 of the Federal Rules of Civil Procedure. Pursuant to Rule 45(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Poly-Med, Inc. v. Novus Sci. PTE Ltd.*, 2017 WL 2291942, at *2 (S.D. Cal. May 25, 2017). The party moving for contempt has the burden to establish by clear and convincing evidence that the contemnor has violated a clear and specific court order. *Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012), report and recommendation adopted, 2012 WL 1833393 (D. Nev. May 18, 2012). If the moving party establishes by clear and convincing evidence that the contemnor violated a clear and specific court order, then the burden shifts to the contemnor to show that he or she took every reasonable step to comply and to explain why compliance was not possible. *Id.* To assess the extent to which the contemnor has taken "every reasonable step" to comply with the court order, the court can consider "(1) a history of noncompliance and (2) failure to comply despite the pendency of a contempt motion." *Id.*

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." Taddeo v. Am. Invsco Corp., 2015 WL 751072, at *2 (D. Nev. Feb. 20, 2015) (quoting *Gen. Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376, 1380 (9th Cir.1986)). The civil contempt power of a magistrate judge regarding failure to abide by a discovery order is governed by 28 U.S.C. § 636(e), which provides as follows:

> the magistrate shall forthwith certify the facts to a judge of the district court and may serve or cause to be served upon any person whose behavior is brought into question under this section an order requiring such person to appear before a judge of that court upon a day certain to show cause why he should not be adjudged in contempt by reason of the facts so certified.

*See* 28 U.S.C. 636(e)(6)(B)(iii)(2013).

## I. Certification of Facts as to Spiral Toys

Pursuant to 28 U.S.C § 636(e), the undersigned certifies the following facts that appear to provide grounds for a finding of civil contempt against non-party Spiral Toys:

1. That on October 24, 2018, McCart-Pollak served a subpoena for the production of documents on the registered agent of non-party Spiral Toys. The subpoena required Spiral Toys to produce documents on November 13, 2018.

2. That Spiral Toys failed to serve any objection to the subpoena and did not appear as designated in the subpoena.

3. That Spiral Toys did not produce documents in response to the subpoena for the production of documents.

4. That Spiral Toys failed to file an opposition to Plaintiff's motion to compel (ECF No. 399) compliance with the subpoena.

Based on the foregoing and for good cause appearing, the undersigned Magistrate Judge finds that non-party Spiral Toys should be held in civil contempt. It is recommended that the district court enter an order regarding Spiral Toys as follows (1) finding Spiral Toys in civil contempt for failing without adequate excuse to obey the subpoena served upon it by McCart-Pollak on October 24, 2018; and (2) ordering Spiral Toys to pay McCart-Pollak's reasonable costs for bringing her motion to compel in the amount of $18.81. *See McCart-Pollak's Application for Costs* (ECF No. 410).

## II. Mark Meyers

On November 14, 2018, McCart-Pollak served a subpoena on Mark Meyers, CEO, of Spiral Toys. *See Motion to Compel* (ECF No. 405), 3. McCart-Pollak argues that Mr. Meyers failed to produce sales and royalty records for 2014, 2016, 2017, and 2018 and did not produce email records from April 2012 to June 2013 because the emails were corrupt. *Id.* at Exhibits 2, 5. McCart-Pollak requested that the Court compel Mr. Meyers to comply with the subpoena and to hold Mr. Meyers in contempt. Mr. Meyers failed to respond to McCart-Pollak's motion to compel and on January 29, 2019, the Court granted McCart-Pollak's motion to compel and granted her costs legitimately incurred in relation to her motion to compel.

1  McCart-Pollak filed an application for costs (ECF No. 414) as instructed by the Court on February
2  6, 2019. On February 14, 2019, Mr. Meyers filed his Opposition (ECF No. 416) and request to
3  deny costs. Mr. Meyers states that he is no longer an employee of Spiral Toys and that he has
4  previously participated in document production and depositions as it relates to this matter. He
5  argues that McCart-Pollak's requests are duplicative and that he has produced all responsive
6  documents that he has in his possession. He further states that the address listed in the subpoena
7  served upon him "was not a place of business and due to Meyers experience with Ms. Pollak,
8  Meyers did not feel that it was appropriate to come to a residential address on Hollywood Blvd."
9  *See Opposition* (ECF No. 416), 4. As a result, he mailed and provided electronic versions of
10 responsive documents to McCart-Pollak.

"A nonparty's failure to timely make objections to a Rule 45 subpoena ... generally requires the court to find that any objections have been waived." *Martinez v. City of Avondale*, 2013 WL 5705291, at *3 (D. Ariz. Oct. 18, 2013) (citing *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005)). However, in unusual circumstances and for good cause, the failure to act timely will not bar consideration of objections to a Rule 45 subpoena. *Moon*, 232 F.R.D. at 636. For instance, in circumstances where the subpoena is overbroad on its face and exceeds the bounds of fair discovery and if the subpoenaed witness is a non-party acting in good faith, courts have found unusual circumstances. *Id. See also McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002); *American Elec. Power Co. v. United States,* 191 F.R.D. 132, 136 (S.D.Oh.1999). In light of the nature of the subpoena served on Mr. Meyers and his representations of good faith, the undersigned recommends that the district court partially grant McCart-Pollak's request for contempt and issue an order to show cause why contempt sanctions should not be entered against Mr. Meyers. Accordingly.

**IT IS HEREBY ORDERED** that the Court hereby withdraws its grant of costs to McCart-Pollak for expenses incurred in relation to her motions to compel compliance with a subpoena to produce documents on non-parties Spiral Toys and Mark Meyers according to the provisions herein.

. . .

**IT IS HEREBY RECOMMENDED** that the district court enter an order regarding Spiral Toys as follows (1) finding Spiral Toys in civil contempt for failing without adequate excuse to obey the subpoena served upon it by McCart-Pollak on October 24, 2018; and (2) ordering Spiral Toys to pay McCart-Pollak's reasonable costs for bringing her motion to compel in the amount of $18.81.

**IT IS FURTHER RECOMMENDED** that the district court partially grant McCart-Pollak's request for contempt and issue an order to show cause why contempt sanctions should not be entered against Mark Meyers.

Dated this 25th day of March, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE