UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC AND ON DEMAND DIRECT RESPONSE III, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SHANA LEE MCCART-POLLAK D/B/A LOL BUDDIES ENTERPRISES,<br><br>Defendant.<br><br>AND ALL RELATED CASES | Case No. 2:15-cv-01576-MMD-GWF<br><br>ORDER |

**I.  SUMMARY**

The Court issued an order in this case on January 11, 2019 ("MSJ Order"), granting summary judgment to Third Party Defendant Kevin Harrington ("Harrington") on Third Party Plaintiff Shana Lee McCart-Pollak's ("Pollak") sole remaining claim against him for unjust enrichment. (ECF No. 406.) Before the Court is Pollak's motion for reconsideration of the MSJ Order.[1] (ECF No. 413 ("Motion").) Because Pollak has not met her burden to show the Court should reconsider the MSJ Order—and as further explained below—the Court will deny her Motion.

**II.  RELEVANT BACKGROUND**

A more thorough discussion of the background facts appears in the Court's MSJ Order, and several other prior orders. (ECF Nos. 191, 215, 275, 406.) The Court refers to its prior orders for those facts, and does not repeat them here. Briefly, Pollak alleges that Harrington stole her idea for Bluetooth Low Energy-enabled stuffed animals that would

---

[1] Harrington filed a response (ECF No. 422), and Pollack filed a reply (ECF No. 430). In addition, Pollack requested oral argument on her Motion. (ECF No. 413 at 1.) The Court finds argument to be unnecessary and denies that request. LR 78-1 ("All motions may be considered and decided with or without a hearing.").

allow family members to exchange messages with children, and flipped that idea to third parties without compensating her, who marketed a similar product called CloudPets. (ECF No. 225 at 2-3.)

**III.   LEGAL STANDARD**

Plaintiff seeks reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. (ECF No. 413 at 1-2.) The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *See* Fed. R. Civ. P. 60(b); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that a district court's denial of Rule 59 and Rule 60(b) motions is reviewed for an abuse of discretion).

Thus, a motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). "Motions for reconsideration are disfavored." LR 59-1(b). Reconsideration is appropriate if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). But "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

///

## IV. DISCUSSION

Pollak offers several arguments in asking the Court to reconsider its MSJ Order. Though it is not persuaded by any of the arguments she raises in her Motion, the Court will address what it construes as Pollak's two primary arguments here.[2]

Plaintiff first argues that the Court clearly erred as a matter of law—meriting reconsideration—because it drew inferences in Defendant's favor, which is inappropriate because Defendant moved for summary judgment, and the Court must draw all inferences in the nonmoving party's favor. (ECF No. 413 at 2-8, 14-16.) The Court is not persuaded by this argument. Mere disagreement with an order is an insufficient basis for reconsideration. Further, the majority of Pollak's Motion is devoted to rearguing arguments she made in opposition to Harrington's summary judgment motion—and repeated arguments the Court has already rejected do not merit reconsideration. (*Compare* ECF No. 413 *with* ECF No. 386.) *See also* LR 59-1(b); *Brown* 378 F. Supp. 2d at 1288 ("A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."). In addition, the summary judgment standard upon which Plaintiff relies in making this argument is tempered by an overarching requirement of reasonableness—for example, an issue is genuine if there is a sufficient evidentiary basis on which a *reasonable* fact-finder could find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The Court need not draw every *possible* inference in Plaintiff's favor. Because the inferences Plaintiff wishes

---

[2]The Court rejects Pollack's argument that the MSJ Order violated her Seventh Amendment right to a jury trial. (ECF No. 413 at 22-23.) *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 (1979) (stating that summary judgment does not violate the Seventh Amendment) (citing *Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 319-321 (1902)). Further, the Court reiterates "[t]he purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Despite multiple amendments and several years of litigation, Pollack has been unable to present any evidence outside of her own affidavits and declarations that support her theory that Harrington unjustly enriched himself by flipping her idea to the third parties that marketed CloudPets. Thus, trial is unnecessary on Pollack's unjust enrichment claim against Harrington.

the Court had drawn in her favor are not reasonable, the Court declines to reconsider the MSJ Order on this basis.

Plaintiff further argues the Court should reconsider its prior order because of claimed newly-discovered evidence that purportedly shows Harrington made money from the sale of CloudPets. (ECF No. 413 at 16-18.) The Court disagrees. Pollak's proffered evidence (ECF No. 413 at 119-135 (the "Summary Report")) does not merit reconsideration of the MSJ Order because it does not show Harrington made money from the sale of CloudPets. As such, it does not help her establish her unjust enrichment claim upon which the Court granted summary judgment to Harrington in the MSJ Order.

Even if Pollak's read of the Summary Report is correct,[3] Pollak relies on a chain of unsupported inferences to get from her read of the Summary Report to the conclusion that the Summary Report shows Harrington made money from CloudPets, which would support her unjust enrichment claim if true. Specifically, she refers back (*id.* at 17-18) to a copy of a press release she attached to her opposition to Harrington's motion for summary judgment regarding As Seen On TV, Inc.'s 2012 purchase of the domain name asseenontv.com, and its corresponding license agreement with Delivery Agent, "which calls for a 7.5% royalty of gross revenue to the owner of the website, which is now As Seen On TV, Inc." (ECF No. 386-2 at 53.) In that same press release, Mary Beth Gearheart is quoted as saying, "I am so proud to say that my late husband's dear friend Kevin Harrington will own AsSeenOnTV.com." (*Id.* at 54.) She combines this information with her conclusion from the Summary Report that Delivery Agent sold $8280 worth of CloudPets

---

[3]Pollack appears to misread the Summary Report. The Summary Report is apparently related to a license agreement between On Demand and Jay Franco (shortened names for other Third Party Defendants in this case). (ECF No. 413 at 120.) The Summary Report appears to show that Jay Franco owed On Demand $26,915.28 in royalties for sales of CloudPets in the fourth quarter of 2015. (*Id.*) It further appears to show that Jay Franco sold $8280 worth of CloudPets to "Delivery Agent." (*Id.* at 126, 131.) However, Pollack argues this Summary Report "details that Delivery Agent's 3rd Quarter gross sales [presumably, of CloudPets] in 2015 were $6,080.00 and in the 4th Quarter were $2,200.00." (*Id.* at 18.) The Court is unpersuaded. It appears more likely that Jay Franco sold this amount of CloudPets to Delivery Agent, presumably at a wholesale price. The ledger attached to the Summary Report does not appear to show Delivery Agent's gross sales of CloudPets.

4

in the second two quarters of 2015 to conclude that Harrington made $621 in 2015 from the sale of CloudPets. (ECF No. 413 at 18.) This is not a reasonable conclusion because it depends on unsupported inferences including: the press release accurately summarizes the terms of the purported license agreement, which is not before the Court; Ms. Gearheart's statement that Harrington will "own AsSeenOnTV.com" is accurate, and remained so in 2015; all of Delivery Agent's sales were made via asseenontv.com; the 2012 royalty agreement was still in place in 2015; and all payments made to As Seen On TV, Inc. by Delivery Agent directly flowed through to Harrington. Pollak's purported newly discovered evidence does not contain these crucial missing links in the inferential chain she would like the Court to accept. Therefore, Pollak's purported newly discovered evidence does not help her to establish her unjust enrichment claim against Harrington by showing that he profited from the sale of CloudPets. The Court declines to reconsider the MSJ Order based on this purported newly discovered evidence.

In sum, the Court is unpersuaded it should reconsider the MSJ Order.[4]

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Pollak's motion for reconsideration (ECF No. 413) is denied.

///

///

///

---

[4]The Court also denies Pollack's request for leave to file an amended complaint seeking to hold Harrington liable for unjust enrichment under an alter ego theory (ECF No. 413 at 24) because it would be futile, especially considering the Court previously granted her leave to amend her unjust enrichment claim against Harrington. *See On Demand Direct Response, LLC v. McCart-Pollack*, Case No. 2:15-cv-01576-MMD-VCF, 2016 WL 5796858, at *7 (D. Nev. Sept. 30, 2016) (granting Pollack leave to amend her unjust enrichment claim against Harrington); *see also id.* at *2 (noting the Court may deny requests for leave to amend when amendment would be futile).

DATED THIS 28th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE