UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ON DEMAND DIRECT RESPONSE, LLC,

Plaintiff,

v.

SHANA LEE MCCART-POLLAK,

Defendant.

Case No. 2:15-cv-01576-MMD-GWF

**ORDER**

This matter is before the Court on Non-Party Jay International, Hong Kong Limited's ("Jay at Play") Motion for Protective Order (ECF No. 424), filed on February 28, 2019. Defendant McCart-Pollak filed her Opposition (ECF No. 431) on March 18, 2019 and Jay at Play filed its Reply (ECF No. 432) on March 22, 2019. The Court conducted a hearing in this matter on March 29, 2019.

**BACKGROUND**

On January 18, 2019, the Court granted McCart-Pollak's motion for permission to serve a non-party subpoena on Jay at Play to request documents reflecting royalty payments made to Plaintiff On Demand Direct Response, LLC ("On Demand"). *See* ECF No. 409. On January 25, 2019, McCart-Pollak served a subpoena on Jay at Play's affiliate, Jay Franco & Sons, Inc. *See Motion for Protective Order* (ECF No. 424), 2. On February 13, 2019, Jay at Play produced responsive documents. *Id.* Jay at Play argues that McCart-Pollak did not properly serve the subpoena upon Jay at Play and that McCart-Pollak's requests for production are unduly burdensome as well as not proportionate to the needs of the case. McCart-Pollak argues that Jay at Play did not produce all requested documents, including royalty reports from March 2016 to June 2018. She further argues that Jay at Play's objections are untimely and are, therefore, waived.

1

**DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable."

When a party moves for a protective order, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Youngevity Int'l, Inc. v. Smith*, 2017 WL 2692928, at *3 (S.D. Cal. June 22, 2017). The party moving for a protective order has the burden of demonstrating good cause for its issuance. Fed.R.Civ.P. 26(c)(1); *U.S. E.E.O.C. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D.Nev. 2006). This burden may be met by showing that the discovery requested is irrelevant, overly broad, burdensome, or oppressive. *Youngevity Int'l, Inc.*, 2017 WL 2692928, at *3.

"[G}eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." *Gray v. Unum Life Ins. Co. of Am.*, 2018 WL 4566850, at *2 (C.D. Cal. Sept. 21, 2018) (citing *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006)). A non-party's failure to make timely objections to a Rule 45 subpoena generally results in the finding that any objections have been waived. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (citing *Creative Gifts, Inc. v. UFO,* 183 F.R.D. 568, 570 (D.N.M.1998)). However, [i]n unusual circumstances and for good cause, … the failure to act timely will not bar consideration of objections." *Moon*, 232 F.R.D. at 636. Courts have found unusual circumstances, for instance, where the subpoena is overbroad on its face and exceeds the bounds of fair discovery and the subpoenaed witness is a non-party acting in good faith. *Id*. (citing *McCoy v. Southwest Airlines*

1 *Co., Inc.,* 211 F.R.D. 381, 385 (C.D.Cal.2002)). When a request is overly broad on its face or when relevancy is not readily apparent, however, the party seeking discovery has the burden to show the relevancy of the request. *Desert Valley Painting & Drywall, Inv. v. United States*, 2012 WL 4792913, at *2 (D.Nev. Oct. 9, 2012) (citing *Marook v. State Farm Mut. Auto. Ins. Co.* 259 F.R.D. 388, 394-95 (N.D. Iowa 2009)).

Non-Party Jay at Play produced responsive documents to McCart-Pollak that include the license agreement between Jay at Play and On Demand as well as reports reflecting sums of all royalties paid to On Demand by Jay at Play and Jay Franco & Sons. *See Motion for Protective Order* (ECF No. 424), 2. In light of the overbroad nature of the subpoena served on Non-Party Jay at Play and that it is acting in good faith, the Court finds good cause to consider Jay at Play's objections. McCart-Pollak's requests for all communications regarding negotiations and the concept and development of the CloudPets product between Jay at Play and On Demand are overbroad and not proportional to the need of this case. The Court, therefore, grants Jay at Play's motion for protective order, in part, and it is not required to respond to such requests.

However, McCart-Pollak's requests regarding royalty payments for the CloudPet product between Jay at Play and On Demand are relevant to McCart-Pollak proving up her damages. Jay at Play represents that it has produced relevant documents in its possession, custody, or control, including reports that reflect sums paid to On Demand. If Jay at Play has documents that reflect royalty payments made to On Demand after the date of the last royalty statement that has already been produced, it is instructed to produce such documents within fourteen (14) days of the issuance of this order.

A responding party must make a reasonable inquiry to determine whether responsive documents exist. *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D.Cal.2012) (quoting *Marti v. Baires*, 2012 WL 2029720, at *19–20, (E.D. Cal. June 5, 2012). If Jay at Play intends to claim an undue burden or expense in relation to producing such documents, it must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence. *Barnum v. Equifax Info. Servs., LLC*, 2018 WL 1245492, at *2 (D. Nev. Mar. 9, 2018); *see also Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997); *U.S. E.E.O.C. v.*

1 *Caesars Entertainment*, 237 F.R.D. 428, 432 (D. Nev. 2006). Once a burden has been established, the Court must question whether the burden is undue and then balance the burden identified with the likely benefit of the discovery being sought. *Barnum*, 2018 WL 1245492, at *2 (citing *Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016)).

"A party, however, is not required to create a document where none exists." *Id.* If Jay at Play does not possess such documents, it should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence. *See Perrotte v. Johnson*, 2019 WL 176786, at *3 (E.D. Cal. Jan. 11, 2019). Accordingly,

**IT IS HEREBY ORDERED** that Non-Party Jay International, Hong Kong Limited's ("Jay at Play") Motion for Protective Order (ECF No. 424) is **granted**, in part, and **denied**, in part, according to the provisions herein.

Dated this 25th day of April, 2019.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE