UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC,<br><br>Plaintiff,<br>v.<br>SHANA LEE MCCART-POLLAK,<br><br>Defendant. | Case No. 2:15-cv-01576-MMD-GWF<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

This matter is before the Court on Defendant/Counter-Plaintiff McCart-Pollak's ("McCart-Pollak") Motion for Further Contempt Proceedings (ECF No. 428), filed on March 11, 2019. Plaintiff/Counter-Defendant On Demand Direct Response, LLC ("On Demand") filed its Opposition (ECF No. 433) on March 25, 2019. McCart-Pollak filed her Reply (ECF No. 438) on April 3, 2019. Also before the Court is McCart-Pollak's Motion to Enforce Court Order 408 (ECF No. 429) on March 13, 2019.

**BACKGROUND**

McCart-Pollak requests that the Court conduct further contempt proceedings against On Demand for failing to respond to discovery requests and failing to comply with orders of the Court. On June 19, 2018, the Court accepted and adopted the Magistrate Judge's report and recommendation that case dispositive sanctions be imposed against On Demand, including entry of default judgment on McCart-Pollak's counterclaims. *See* ECF No. 362. The Court found that On Demand and its counsel, Mr. Miller[1], were in contempt of the Court's orders. They were ordered to respond to McCart-Pollak's requests for production nos. 3, 4, 5, 8, 15, 17, 18, 20, and 21 as well as to reimburse McCart-Pollak for reasonable attorney's fees incurred in bringing the

---

[1] In addition to being On Demand's former counsel of record, Mr. Miller also appears to be an officer of On Demand. *See Report and Recommendation* (ECF No. 341).

1

motions that led to such sanctions. *Id.* at 3. The Court warned that failure to comply would result in further monetary sanctions. On Demand has failed to comply with the Court's order.

On January 11, 2019, the Court granted McCart-Pollak's motion to compel compliance with subpoena to produce documents. *See* ECF No. 408. On October 24, 2018, McCart-Pollak served a subpoena for production of documents on Spiral Toys via its registered agent, Incorp. Services, Incorporated. After Spiral Toys failed to respond, she contacted the registered agent to inquire as to whether the subpoena was served, the registered agent informed her that the subpoena was sent to Spiral Toys via email. McCart-Pollak requests that the Court compel the registered agent to disclose the name as well as contact information for the individual associated with the email support@spiraltoys.com. She further requests reasonable costs and fees for having to prepare her motion.

## **DISCUSSION**

### 1.  **Contempt**

Civil contempt is designed to compel a party's obedience to a specific and definite court order after that party failed to take all reasonable steps to comply. *GoVideo, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). A fine and imprisonment can be imposed for civil contempt by serving "as coercive sanctions to compel the contemnor to do what the law made it his duty to do." *See* § 703 Distinction from Civil Contempt, 3A Fed. Prac. & Proc. Crim. § 703 (4th ed.) (quoting *Penfield Co. v. Securities and Exchange Commission*, 330 U.S. 585, 590 (1947)). *Mankel v. Gov't Employees Ins. Co.*, 2017 WL 3234382, at *2 (D. Nev. July 31, 2017), report and recommendation adopted, 2017 WL 4248174 (D. Nev. Sept. 25, 2017), vacated, 2017 WL 7792701 (D. Nev. Nov. 28, 2017).

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." Taddeo v. Am. Invsco Corp., 2015 WL 751072, at *2 (D. Nev. Feb. 20, 2015) (quoting *Gen. Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376, 1380 (9th Cir.1986)). The civil contempt power of a magistrate judge regarding failure to abide by a discovery order is governed by 28 U.S.C. § 636(e), which provides as follows:

2

> the magistrate shall forthwith certify the facts to a judge of the district court and may serve or cause to be served upon any person whose behavior is brought into question under this section an order requiring such person to appear before a judge of that court upon a day certain to show cause why he should not be adjudged in contempt by reason of the facts so certified.

*See 28 U.S.C. 636(e)(6)(B)(iii)(2013).*

Here, the Court instructed On Demand and Mr. Miller to respond to discovery requests and to reimburse McCart-Pollak for her costs in bringing her motion. On Demand and Mr. Miller have failed to do so. Mr. Abbantangelo states that he has attempted to contact Mr. Miller by telephone and email but has not received a response and, therefore, is unable to provide any substantial response. *See Opposition* (ECF No. 433), 2. It appears that neither On Demand nor Mr. Miller have taken any reasonable steps to comply with the Court's orders or offer any explanations as to their noncompliance. As a result, the undersigned magistrate judge hereby certifies that On Demand and Mr. Miller have defied the Court's orders by failing to respond to such discovery requests as instructed by the Court. It is recommended that On Demand and Mr. Miller be adjudged in contempt of Court and be ordered to pay McCart-Pollak's reasonable costs in bringing her motion for contempt (ECF No. 428).

**2. Motion to Enforce Court Order**

McCart-Pollak requests that the Court compel Non-Party Spiral Toys' registered agent, Incorp. Services, Incorporated, to disclose the name and contact information for the individual associated with the email support@spiraltoys.com. To the extent that Incorp Services, Incorporated has this information, it is directed to provide the name and contact information associated with such email address to McCart-Pollak.

McCart-Pollak further requests an order instructing Spiral Toys to comply with the subpoena for production of documents she served in October 2018 and for sanctions in the amount of her reasonable fees and costs in bringing her motion. Pursuant to Rule 45, a nonparty served with a subpoena has three options: it may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Rule 45(c)(2)(B), or (3) move to quash or modify the subpoena in accordance with Rule 45(c)(3). *Genx Processors Mauritius Ltd. v. Jackson*, 2018 WL 5777485, at *9 (D. Nev. Nov. 2, 2018) (citing *In re Plise*, 506 B.R. 870, 878 (B.A.P. 9th Cir.

2014)). When a nonparty raises timely objections to the subpoenas, the nonparty is not required to produce documents, or even search for them, until the propounding party obtains an order directing compliance. *Id.* The Court grants McCart-Pollak's motion to compel and instructs Spiral Toys to comply with the subpoena. Whether to impose sanctions under the Court's inherent power lies within the Court's discretion. *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001). A court must exercise its inherent powers "with restraint and discretion," and must make a specific finding of bad faith before sanctioning under its inherent powers. *Yagman v. Republic Ins.,* 987 F.2d 622, 628 (9th Cir.1993). In its report and recommendation (ECF No. 434), the undersigned recommended that the district court enter an order finding Spiral Toys in civil contempt for failing to obey the subpoena and to order it to pay McCart-Pollak's reasonable costs. The Court finds that further sanctions are not warranted. The Court, therefore, denies Plaintiff's additional request for sanctions. Accordingly,

**IT IS HEREBY ORDERED** that McCart-Pollak's Motion to Enforce Court Order 408 (ECF No. 429) is **granted**, in part, and **denied**, in part, according to the provisions herein.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant/Counter-Plaintiff McCart-Pollak's Motion for Further Contempt Proceedings (ECF No. 428) be **granted**. It is recommended that the district court enter an order regarding On Demand and Mr. Miller as follows (1) finding On Demand and Mr. Miller in civil contempt for failing to respond to discovery requests and for failing to abide by the Court's orders; and (2) ordering On Demand to pay McCart-Pollak's reasonable costs for bringing her motion for further contempt proceedings.

## NOTICE

Pursuant to Local Rule IB 3–2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the

4

District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 17th day of June, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE