UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ON DEMAND DIRECT RESPONSE, LLC
AND ON DEMAND DIRECT RESPONSE III, LLC,

Plaintiffs,

v.

SHANA LEE MCCART-POLLAK D/B/A LOL BUDDIES ENTERPRISES,

Defendant.

AND ALL RELATED CASES

Case No. 2:15-cv-01576-MMD-GWF

ORDER

**I. SUMMARY**

Broadly, this is a dispute about who invented an internet enabled stuffed animal that allowed parents to communicate with their children through the toy. Before the Court is Defendant and Third Party Plaintiff Shana Lee McCart-Pollak's ("Pollak") motion for sanctions against Plaintiffs On Demand Direct Response, LLC and On Demand Direct Response III, LLC's local counsel Tony L. Abbatangelo.[1] (ECF No. 393 ("Motion").) Because the Court does not find Abbatangelo has acted in bad faith, and as further explained below, the Court will deny the Motion and grant Abbatangelo leave to file a renewed motion to withdraw.

**II. RELEVANT BACKGROUND**

A more thorough discussion of the background facts appears in the Court's prior orders. (ECF Nos. 191, 215, 275, 406.) The Court refers to its prior orders for those facts, and does not repeat them here. As relevant here, Abbatangelo serves as local counsel for

---

[1]Abbatangelo filed a response (ECF No. 397), and Pollack filed a reply (ECF No. 398). In addition, Pollack requested oral argument on her Motion. (ECF No. 393 at 1.) The Court finds argument to be unnecessary and denies that request. LR 78-1 ("All motions may be considered and decided with or without a hearing.").

Plaintiffs. He has moved to withdraw as local counsel for Plaintiffs twice, but both times his motions were denied. He first moved to withdraw on January 3, 2018, stating that his co-counsel Jeffery Miller was no longer an active attorney in California, that Plaintiffs were about to file for bankruptcy, and could thus no longer pay to retain counsel in this case. (ECF No. 301.) Magistrate Judge Nancy J. Koppe denied Abbatangelo's motion, finding he had not shown the good cause necessary to be able to withdraw, noting that Plaintiffs did not file for bankruptcy, Abbatangelo had not presented any competent evidence as to Plaintiffs' inability to pay, and that allowing Abbatangelo to withdraw would result in delays to discovery and contempt proceedings in this case. (ECF No. 343.)

At a hearing on June 19, 2018, Abbatangelo asked the Court to reconsider Judge Koppe's decision, and the Court directed him to file another motion on the issue. (ECF No. 361.) He did. (ECF No. 367.) Abbatangelo's second motion to withdraw was nearly identical to his first motion, but he added that he "has attempted to communication [sic] with Mr. Jeffrey Miller on several occasions and through several mediums without success[.]" (*Compare* ECF No. 301 *with* ECF No. 367.) Judge Koppe denied that motion without prejudice because it was "not supported by a memorandum of points and authorities that identifies the applicable legal standards and explains how they have been met such that relief can be granted." (ECF No. 375 at 2.)

Plaintiffs otherwise stopped prosecuting their case or defending themselves against Pollak's claims. The two law firms that initially assisted in Plaintiffs' representation were permitted to withdraw after Plaintiffs stopped paying them. (ECF No. 99.) Plaintiffs' other counsel, Jeffery Anthony Miller, was terminated following the Court's review of a sealed order signed by Chief Judge Gloria M. Navarro. (ECF No. 400.) Meanwhile, after repeated failures to respond to the Court's orders, the Court issued a default judgment against Plaintiffs. (ECF Nos. 362, 363.) The Court also ordered Plaintiffs and Miller to respond to Pollak's discovery requests, and reimburse Pollak for the fees she incurred in bringing the motions leading to these sanctions. (ECF No. 362 at 2-3.) All of this left Abbatangelo on his own to represent clients that he maintains he is unable to contact. (ECF No. 397.)

## III. LEGAL STANDARD

Federal courts have the inherent power to punish conduct that abuses the judicial process when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NSDCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citation omitted). When imposing sanctions under its inherent authority, a court must make an explicit finding of bad faith or willful misconduct. *See In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003). Mere negligence cannot sustain a sanction under a court's inherent authority. *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1485 (9th Cir.1989). In addition, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

## IV. DISCUSSION

Pollack argues Abbatangelo should be held in contempt or otherwise sanctioned any way the Court deems appropriate because he did not update his address and has been difficult to contact. (ECF No. 393 at 4-5.) Abbatangelo responds that he has been available for Pollak to contact, has been unable to communicate with Miller or Plaintiffs despite reasonable effort, and he should not be sanctioned or found in contempt because the circumstances here do not warrant a finding of bad faith. (ECF No. 397 at 2-4.) The Court agrees with Abbatangelo because his conduct does not rise to the level of willful misconduct required to impose sanctions on him.

The Court will thus exercise restraint and decline to sanction Abbatangelo. *See Chambers*, 501 U.S. at 44 ("[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion."). Abbatangelo appears trapped between a rock and a hard place—unresponsive clients who may no longer exist, and former co-counsel who was terminated after apparently being disbarred. (ECF No. 397 at 2.) It has been a year and a half since Abbatangelo first attempted to withdraw, and there is no evidence in the record that he has been able to reestablish meaningful contact with either Plaintiffs or Miller. (ECF No. 301.) There is also no evidence that Abbatangelo has acted in bad faith here; to the contrary, and as an example, he filed a response on Plaintiffs' behalf

3

explaining that he was unable to take a meaningful position because of his inability to contact his former co-counsel and his clients. (ECF No. 433 at 3 ("It appears that the Plaintiffs have, for whatever reason(s), abandoned this case. Undersigned can only do so much on the case. Therefore, undersigned cannot oppose or concede the Defendant's Motion.").) The Court will therefore decline to sanction Abbatangelo. *See Yagman v. Republic Ins.*, 987 F.2d 622, 628-29 (9th Cir. 1993) (holding that a "sanction based upon the court's inherent power [was] not sustainable" where there was "no indication in the record before us that [plaintiff acting as his own counsel] acted in bad faith or intended to mislead the court[.]").

Further, the Court will grant leave to Abbatangelo to file a renewed motion to withdraw as counsel because forcing him to remain involved in this case is futile. The last year and a half of this litigation has revealed that keeping Abbatangelo in this case has not helped Pollak obtain documents or otherwise get responses from Plaintiffs. The Court is therefore willing to let Abbatangelo withdraw if he files a motion properly supported by points and authorities that detail his attempts to contact his clients and former co-counsel. The Court additionally advises Abbatangelo to file updated contact information, including his email and physical addresses, if those addresses have changed since his last filing in this case. *See* LR IA 3-1.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Pollak's motion for sanctions (ECF No. 393) is denied.

It is further ordered that Tony Abbatangelo may file a renewed motion to withdraw as counsel within 15 days of the date of entry of this order.

DATED THIS 26th day of August 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE