UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC, *et al.*<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br>SHANA LEE MCCART-POLLAK,<br>　　　　　　　　　Defendant.<br>AND ALL RELATED CASES | Case No. 2:15-cv-01576-MMD-EJY<br><br>ORDER |

**I.　SUMMARY**

Broadly, this is a dispute about who invented an internet enabled stuffed animal that allowed parents to communicate with their children through the toy. This order resolves several pending motions and mostly adopts two Reports and Recommendations of United States Magistrate Judge George Foley, Jr. ("R&Rs") relating to Defendant/Third Party Plaintiff Shana Lee McCart-Pollak's ("Pollak") attempts to collect documents to determine the damages she is entitled to under a previously-awarded default judgment (ECF No. 363), including contempt proceedings against several parties and former parties to this case who have ceased participating, or have refused to provide information to Pollak. (ECF Nos. 428, 434, 452, 456, 459.) As further explained below, the Court will mostly adopt the R&Rs, award Pollak $537,097.92 in damages under her default judgment against Plaintiffs and Counter Defendants On Demand Direct Response, LLC and On Demand Direct Response III, LLC (collectively, "On Demand"), find On Demand, Jeffery Miller, and Spiral Toys LLC—but not Mark Meyers—in contempt of Court, deny non-party Jay At Play International, Hong Kong Limited and Jay Franco & Sons, Inc.'s (collectively, "Jay Franco") motion to strike as

moot, and deny Pollak's other pending motion for contempt sanctions against InCorp Services, Inc. ("InCorp") because she should have subpoenaed InCorp.

**II.    BACKGROUND**

A more thorough discussion of the background facts appears in some of the Court's prior orders. (ECF Nos. 191, 215, 275, 406.) The Court refers to its prior orders for those facts. As relevant here, the Court dismissed Pollak's claims against Jay Franco, Spiral Toys, and Mark Meyers. (ECF No. 191.) Mark Meyers was the CEO of the now-defunct Spiral Toys. (ECF No. 434 at 1, 3-4.) The Court awarded Pollak a default judgment against On Demand (ECF No. 363), and terminated On Demand's counsel Jeffery Miller (ECF No. 400) after he was apparently disbarred (ECF No. 397 at 2). Objector InCorp is Spiral Toys' registered agent in Nevada. (ECF No. 461 at 2.)

The pending motions relate to Pollak's efforts to prove up her damages against On Demand following the Court's entry of default judgment against it, including through subpoenas and contempt proceedings. (ECF No. 363; *see also* ECF No. 362 at 2 (directing Pollak to submit an affidavit regarding damages).) Pollak specifically had until June 21, 2019 to prove up her damages. (ECF No. 443.) She did so in an affidavit filed May 17, 2019 (the "Affidavit"). (ECF No. 449.) As part of this process, she sought information from Jay Franco, Spiral Toys, Meyers, On Demand, Miller, and InCorp. They did not give Pollak all of the information she asked for. As further described below, Judge Foley recommends various types of contempt findings against On Demand, Miller, Spiral Toys, and Meyers for their failure to respond to Pollak's requests for such information.

More specifically, in a R&R entered March 25, 2019 ("First R&R"), Judge Foley recommends contempt sanctions against Spiral Toys and that the Court issue an order to show cause as to why Meyers should not be held in contempt. (ECF No. 434.) Pollak subpoenaed Spiral Toys on October 24, 2018, but Spiral Toys never responded or served objections to that subpoena. (*Id.* at 3.) Judge Foley therefore recommends the Court enter an order "(1) finding Spiral Toys in civil contempt for failing without adequate

excuse to obey the subpoena served upon it by McCart-Pollak on October 24, 2018; and (2) ordering Spiral Toys to pay McCart-Pollak's reasonable costs for bringing her motion to compel in the amount of $18.81." (*Id.*)

Pollak subpoenaed Meyers on November 14, 2018, but Pollak contended he did not give Pollak all the information she asked for, and then Meyers failed to respond to a motion to compel Pollak filed. (*Id.* at 3-4.) Judge Foley instructed Pollak to apply for reimbursement of her costs in bringing her motion to compel. (*Id.* at 4.) Meyers filed an opposition to Pollak's application for costs, where he argued that he complied with Pollak's subpoena in good faith, producing all responsive documents in his possession, but did not appear at a physical address provided in the subpoena because he feared for his safety. (*Id.* at 4.) Because Meyers' objections were untimely, but Pollak's subpoena was broad and Meyers represented he acted in good faith, Judge Foley recommends this Court issue an order to show cause why contempt sanctions should not issue against him. (*Id.* at 4-5.)

Meyers filed an objection to the First R&R (ECF No. 440), to which Pollak responded (ECF No. 441). Meyers argues in his objection he should not be held in contempt because he provided Pollak all of the information he had in his possession and otherwise attempted to comply with her subpoena in good faith. (*Id.*) He also asks the Court for a protective order against Pollak, contending that she is harassing him and asked him to appear at a residential address in Los Angeles, which he did not do because he feared for his safety.[1] (*Id.*) He further refutes Pollak's claim that he destroyed documents relevant to this case. (*Id.* at 2.) Pollak responds that Meyers' objection should be overruled, as further discussed below. (ECF No. 441.)

In an R&R issued June 17, 2019 (the "Second R&R"), Judge Foley recommends granting Pollak's motion for further contempt proceedings against On Demand and

---

[1]The Court declines to issue a protective order. Meyers did not comply with LR IC 2-2(b) because he included a request for protective order in his objection to the First R&R. In any event, given the Court's rulings in this order, Meyers' request may be moot.

3

Miller. (ECF No. 456.) While the Court had previously issued case-dispositive sanctions in the form of the default judgment against On Demand, the Court had also ordered On Demand and Miller to respond to Pollak's previously issued discovery requests, and reimburse Pollak for the attorneys' fees incurred in bringing her initial sanctions motion. (*Id.* at 1, 3.) They never did. (*Id.* at 3.) Thus, Judge Foley recommends the Court enter an order finding both On Demand and Miller in civil contempt, and ordering them to pay Pollak's costs in bringing her more recent motion for further contempt proceedings (ECF No. 428). (*Id.* at 4.)

There are two other pending motions before the Court. Jay Franco filed a motion to strike the portion of the Affidavit in which Pollak asks the Court to order Jay Franco to pay her $127,868.32. (ECF No. 452.) Pollak also filed what she styles as a motion to hold InCorp in contempt of Court for noncompliance with the Second R&R. (ECF No. 459.) Pollak asks the Court to force InCorp "to immediately divulge the specific name(s) and contact information of the individual(s) at Spiral Toys, Inc. who is/are ignoring both a subpoena and Court Orders." (*Id.* at 4.) She also asks the Court to initiate contempt proceedings against InCorp. (*Id.*)

This motion stems from Pollak's attempts to subpoena information from Spiral Toys. As she was having difficulty getting any response from Spiral Toys, she asked InCorp, as Spiral Toys' agent, for better contact information to enable her to successfully subpoena Spiral Toys. (*Id.* at 2.) InCorp gave her the email address support@spiraltoys.com. (*Id.*) But Pollak was unable to get any response from Spiral Toys through this email address. (*Id.*) Thus, she asked InCorp for the name and contact information of the person associated with the email address. (*Id.* at 3.) InCorp told Pollak it would not give her this information without a subpoena. (*Id.*) Meanwhile, though InCorp was not a party to this case, Pollak had also moved the Court to compel InCorp to provide this information. (ECF No. 456 at 3.) In the Second R&R, Judge Foley wrote, "[t]o the extent that Incorp Services, Incorporated has this information, it is directed to provide the name and contact information associated with such email address to

4

McCart-Pollak." (*Id.* at 3.) Therefore, Pollak contends that InCorp's refusal to provide her more information about Spiral Toys without a subpoena violates the Second R&R, especially because she sent InCorp a copy of the Second R&R. (ECF No. 459 at 3.) This is also Pollak's basis for asking the Court to hold InCorp in contempt. (*Id.* at 3-4.) As further described below, InCorp disagrees with Pollak, contending that it is entitled to wait for a subpoena from Pollak before divulging any further information about Spiral Toys. (ECF No. 461.)

Separately, but culminating during the time period these various motions were being filed, the Court entered several orders that ultimately dismissed certain claims, and granted summary judgment on others, as to Third Party Defendant Kevin Harrington. (ECF Nos. 191, 275, 406, 436.) Pollak filed a notice of appeal stating she was appealing the order granting summary judgment to Harrington (ECF No. 406) and the order denying her motion for reconsideration of that order (ECF No. 436). (ECF No. 444 at 2.) However, Pollak's notice of appeal also states she is appealing the order dismissing several third party defendants and some of her claims against Harrington (ECF No. 191), and related orders. (ECF No. 444 at 2.)

### III. DISCUSSION

The Court first addresses its jurisdiction over the pending motions, and then moves on to resolve each of the pending motions, grouped together where the Court finds it more efficient to do so.

#### a. Jurisdiction

Because Pollak's most recent appeal (*see* ECF No. 444) remains pending in this case, the Court must first address its jurisdiction to rule on the pending motions generally relating to Pollak's efforts to prove up her damages against On Demand. "The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982), *amended sub nom. McClatchy Newspapers v. Local 46* (9th Cir. Sept. 22, 1982). This Court retains jurisdiction over

matters outside the scope of the appeal. *See Beltz Travel Serv., Inc. v. Int'l Air Transp. Ass'n*, 620 F.2d 1360, 1367 (9th Cir. 1980) (finding the district Court had continuing jurisdiction to allow amendment of the complaint as to defendants who were not the subject of a pending appeal granting summary judgment to some other defendants).

Here, the Court construes Pollak's notice of appeal as only appealing the Court's rulings on her claims against Harrington. (ECF No. 444.) While she does mention other claims and parties, she expressly states at the beginning of her notice of appeal that she is only attempting to appeal orders regarding her claims against Harrington. (*Id.* at 2.) Because all of the pending motions relate to Pollak's efforts to prove up the damages she believes she is entitled to under the default judgment she won against On Demand, and not her claims against Harrington, the Court retains jurisdiction to rule on the pending motions. *See Beltz*, 620 F.2d at 1367; *see also Bd. of Trustees v. Rd. & Highway Builders, LLC*, Case No. 2:11-cv-1579-JCM-VCF, 2013 WL 1293127, at *2 (D. Nev. Mar. 29, 2013) (determining that the district court had jurisdiction to consider a default judgment motion as to one third party defendant even while there was a pending appeal of an order granting summary judgment against the defendant and third party plaintiff); *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (stating that "an appeal from a judgment of criminal contempt based on noncompliance with a discovery order" does not transfer "jurisdiction over the entire case to the court of appeals."). The Court will therefore address the pending motions despite Pollak's appeal.

### b. Reports and Recommendations

As further explained below, the Court will accept and adopt both the First R&R and the Second R&R in full with the exception of Judge Foley's recommendation in the First R&R that the Court issue an order to show cause as to why Meyers should not be held in contempt of Court because the Court finds Meyers made reasonable, good-faith efforts to comply with Pollak's subpoena requests.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

As noted above, Meyers objects to the First R&R, but no objections were filed to the Second R&R. Regardless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Judge Foley's R&Rs. The Court starts with the Second R&R—to which no objections were filed. The Court agrees with Magistrate Judge Foley that On Demand and Mr. Miller have defied the Court's orders by failing to respond to discovery requests as instructed by the Court. (ECF No. 456 at 3.) Accordingly, the Court finds good cause to adopt the Second R&R in full. On Demand and Miller are ordered to pay Pollak her costs incurred in bringing her contempt motion against them.

But the Court will sustain Meyers' objection to the First R&R. "A court may wield its civil contempt powers for two separate and independent purposes: (1) 'to coerce the defendant into compliance with the court's order;' and (2) 'to compensate the

complainant for losses sustained.'" *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (quoting *U.S. v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)). Ordering Meyers to show cause why he should not be held in contempt of Court would not serve either of these purposes. Thus, the Court declines to do so. Meyers argues in his objection to the First R&R that he has given Pollak "everything I have in my records." (ECF No. 440 at 2; *see also id.* at 3.) It would therefore be futile for the Court to attempt to coerce Meyers to turn over information to Pollak that he simply does not have. Further, as explained below, the Court will adopt Judge Foley's recommendation for Spiral Toys to pay Pollak's costs associated with her attempts to get information from Spiral Toys. That compensation will serve the other purpose of civil contempt, so continuing contempt proceedings against Meyers are unnecessary.

Further, as Judge Foley stated in the First R&R, Pollak's subpoena directed at Meyers was overbroad, and Meyers has consistently represented that he attempted to comply with Pollak's subpoena in good faith. (ECF No. 434 at 4.) Meyers also states he no longer works for Spiral Toys, is not a lawyer, and cannot represent Spiral Toys. (ECF No. 440 at 2.) And again, Meyers states he has already given Pollak everything he has that may have helped her prove up her damages. (*Id.* at 1-3.) Under these unusual circumstances, the Court will decline to exercise its power to hold Meyers in contempt of Court.[2]

However, the Court agrees with, and will adopt, Judge Foley's recommendation in the First R&R to enter an order finding Spiral Toys in contempt of Court, and order Spiral Toys to reimburse Pollak for her reasonable expenses of $18.81 in bringing her motion

---

[2]Pollak's arguments made in response to Meyers' objection fail to persuade. (ECF No. 441.) First, the Court sees no contradiction in the record regarding Meyers' consistent representation that he was unable to produce certain emails because backup files were corrupted. The Court does not view the fact that he was unable to produce certain emails, as Pollak seems to, as evidence that Meyers destroyed documents. The rest of the arguments Pollak presents in her response to his objection are irrelevant to Meyers' response to Pollak's subpoena and to the question of whether the Court should adopt the First R&R.

8

1  to compel. (ECF No. 434 at 5.) There is no dispute that Spiral Toys never responded to
2  Pollak's subpoena, served any objections to it, or responded to Pollak's motion to
3  compel. (*Id.* at 3.) There has also been no objection to this portion of the First R&R. The
4  Court will therefore find Spiral Toys in civil contempt for failing without adequate excuse
5  to comply with the subpoena served upon it by Pollak on October 24, 2018 and order
6  Spiral Toys to pay her reasonable costs for bringing her motion to compel—$18.81. (*Id.*)

In sum, the Court will adopt the First R&R in part, as explained above, and adopt the Second R&R in full.

### c. Motion Regarding InCorp

Pollak's attempts to subpoena Spiral Toys led to a dispute with InCorp because InCorp refused to give Pollak the name and contact information of an individual person associated with the email address support@spiraltoys.com without a subpoena.[3] (ECF No. 459 at 1-3.) Pollak moves the Court to require InCorp to turn over this information and to initiate contempt proceedings against InCorp because the Second R&R directed InCorp to provide such information if they had it, and InCorp has not turned over any information. (*Id.* at 4.) InCorp counters that, as a non-party to this case, due process requires that it be served a subpoena so that it has the opportunity to object or move to quash that subpoena before it can be ordered to produce any information. (ECF No. 461 at 1-3.) InCorp further argues it cannot be held in contempt under these circumstances, primarily because Pollak never subpoenaed InCorp. (*Id.* at 3-5.) The Court agrees with InCorp.

"The Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). Nonparties may only be compelled to provide documents to a party through the mechanism of a subpoena. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45 [regarding subpoenas], a nonparty may be compelled to

---

[3]Based on the structure of this email address, the Court is skeptical there is an individual person associated with it.

produce documents and tangible things or to permit an inspection."); *see also Thompson v. Gonzales*, Case No. 1:15-CV-301-LJO-EPG, 2016 WL 5404436, at *4 (E.D. Cal. Sept. 27, 2016) ("And because Rule 45 is the only discovery-related Rule that pertains to non-parties, numerous courts have held explicitly that a Rule 45 subpoena is required to obtain discovery from a non-party."). Further, as InCorp argues, the subpoena process provided in Fed. R. Civ. P. 45 offers nonparties the important due process consisting of the ability to object or move to quash before being ordered to produce information. (ECF No. 461 at 1-3.)

InCorp was therefore not obligated to provide Pollak with any additional information without Pollak first serving a subpoena on InCorp.[4] The Court will thus deny Pollak's motion to the extent it seeks an order compelling InCorp to turn over the information she was seeking. Because the Court will deny that portion of Pollak's motion, the Court will also deny Pollak's request that the Court initiate contempt proceedings against InCorp.[5]

### d. Amount of Default Judgment Against On Demand

The sole substantive issue remaining in this case is the amount in damages On Demand owes Pollak under the default judgment she already obtained against On Demand (ECF No. 363). As noted above, Pollak timely filed the Affidavit reflecting the

---

[4]Contrary to Pollak's argument (ECF No. 459 at 3-4), the fact that the Second R&R directed InCorp to produce this information if it had it (ECF No. 456 at 3) does not change the analysis. "It appears the Court's power to order non-party discovery, if any, is derived exclusively from Rule 45." *Thompson*, 2016 WL 5404436, at *8 (finding that a Magistrate Judge lacked legal authority to order a nonparty to serve initial disclosures). InCorp, a nonparty, may—but was not required to—comply with the suggestion in the Second R&R.

[5]Pollak's dispute with InCorp. stems from Pollak's attempt to obtain information to prove up her damages against On Demand. But the Court's decision to award Pollak damages against On Demand has obviated the need and basis for seeking such information, particularly through the subpoena process in this case. Moreover, the deadline for Pollak to prove up her damages has passed.

damages On Demand owes her under the default judgment.[6] (ECF No. 449.) Her deadline to prove up her damages has now passed. (ECF No. 443 (imposing deadline of June 21, 2019).) Thus, the Affidavit is Pollak's statement to the Court as to the damages she believes On Demand owes her under the default judgment.

The Court finds that, with one key exception, the Affidavit reflects a reasonable calculation of the damages Pollak is entitled to under her default judgment against On Demand. The dollar amounts in the Affidavit are calculated based on the royalties Jay Franco owed On Demand for sales of the CloudPets product. (ECF No. 449 at 8-31.) Those royalties total $537,097.92. (*Id.* at 4.) Pollak supports her contention with a "Licensee Royalty Report Summary" that appears to reflect royalties Jay Franco owed On Demand, which lists $537,097.92 as the total royalty. (*Id.* at 8.) Thus, the Court is persuaded $537,097.92 is a reasonable amount of damages under the default judgment against On Demand Pollak has already obtained. Therefore, the amount On Demand owes Pollak under the default judgment is $537,097.92.

But the Court advises Pollak that Jay Franco does not owe her anything—this is the exception to Pollak's otherwise reasonable Affidavit that the Court noted above. As Pollak's claims against Jay Franco were previously dismissed on their merits, the doctrine of res judicata precludes the Court from entering an award of damages against Jay Franco and in Pollak's favor. "The doctrine of res judicata provides that 'a final

---

[6]In Pollak's Affidavit reflecting the damages she believes she is entitled to under the previously-issued default judgment against On Demand, Pollak contends Jay Franco should be ordered to pay her money it still owes On Demand. (ECF No. 449 at 4.) Jay Franco moves to strike this portion of the Affidavit. (ECF No. 452.) Jay Franco more specifically argues that the Court should strike the portions of the Affidavit directed at Jay Franco because Jay Franco was already dismissed from this case, so Pollak's improper ex-parte attempt to obtain damages from Jay Franco violates both the Court's prior orders and the doctrine of res judicata, along with arguing that Pollak lacks standing to enforce the agreement she relies upon in contending Jay Franco owes her money. (*Id.*) However, Jay Franco's motion to strike is procedurally improper. *See Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc.*, Case No. 2:12-CV-00560-MMD, 2014 WL 1305144, at *6 (D. Nev. Mar. 31, 2014) (citation omitted) (denying motion to strike declarations submitted in support of summary judgment motions). Nonetheless, because the Court denies Pollak's request to order Jay Franco to pay her money that may be owed to On Demand, Jay Franco's motion is moot.

11

judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (citation omitted); *see also id.* at 1084 (finding that the plaintiffs' claims were barred by the doctrine of res judicata). Moreover, Pollak cannot enforce an obligation that Jay Franco may owe to On Demand.

In sum, Pollak can seek to collect $537,097.92 under her default judgment against On Demand. But the Court cannot, and will not, order Jay Franco to pay Pollak any money. To the extent Pollak's Affidavit requests money from Jay Franco, that request is denied.

### IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the matters before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge George Foley, Jr. (ECF No. 434) is accepted and adopted in part as follows. The Court finds Spiral Toys in civil contempt for failing without adequate excuse to respond to the subpoena served upon it by Pollak on October 24, 2018. Spiral Toys is ordered to pay to Pollak her reasonable costs for bringing her motion to compel in the amount of $18.81 within 15 days from service of this order.

It is further ordered that the other pending Report and Recommendation of Magistrate Judge George Foley, Jr. (ECF No. 456) is accepted and adopted in its entirety. Pollak's motion for further contempt proceedings (ECF No. 428) is granted as specified below. The Court finds On Demand and Miller in civil contempt for failing to respond to discovery requests and for failing to abide by the Court's orders. On Demand and Miller are ordered to pay Pollak's reasonable costs of $50 for bringing her motion for further contempt proceedings within 15 days from service of this order.

1 It is further ordered that Third Party Defendant Jay at Play International's motion to strike (ECF No. 452) is denied as moot.

It is further ordered that Pollak's motion to hold Incorp Services, Inc. in contempt and for sanctions (ECF No. 459) is denied.

It is further ordered the amount of Pollak's default judgment against On Demand (ECF No. 363) is $537,097.92. The Clerk of Court is directed to enter default judgment in Pollak's favor against On Demand Direct Response, LLC and On Demand Direct Response III, LLC in the amount of $537,097.92.

As this order resolves the remaining issues in this case, the Clerk of Court is further directed to enter judgment in accordance with this order, and the Court's prior orders resolving other claims against various parties (ECF Nos. 171, 191, 215, 273, 275, 362, 406), and close this case.

DATED THIS 29th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE